UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

In the Matter of the Arbitration between )
)
TEMBEC INC., TEMBEC INVESTMENTS )
INC., TEMBEC INDUSTRIES INC. )
)
800 René Lévesque Boulevard Ouest )
Suite 1050 )
Montréal, Québec H3B 1X9 )
)
                      Petitioners, )
) Case No. 05-2345 (RMC)
       and )
)
THE UNITED STATES OF AMERICA, )
)
                      Respondent. )
_____

## **AMENDED PETITION TO VACATE ARBITRATION AWARD**

      1.      Petitioners, Tembec Inc., Tembec Investments Inc., and Tembec Industries, Inc. ("Tembec"), located at 800 René Lévesque Boulevard Ouest, Suite 1050, Montréal, Québec H3B 1X9, bring this Amended Petition to Vacate Arbitration Award against Respondent the United States of America ("United States").

      2.      Contemporaneous with the filing of its original Petition, Tembec provided Notice to the United States under 9 U.S.C. § 12 that Tembec will file a "Motion to Vacate the Arbitration Award" ("Motion to Vacate"), pursuant to 9 U.S.C. §§ 10 and 12 of the Federal Arbitration Act ("FAA"). In the Motion to Vacate, Petitioner will move for an order vacating the final decision and order of the North American Free Trade Agreement ("NAFTA") Article 1126 tribunal on September 7, 2005 in *Canfor Corporation v. United States of America, Tembec Inc. et al v. United States of America,* in favor of

the Government of the United States of America, which unlawfully terminated Tembec's arbitration proceedings under NAFTA Article 1120 ("Award").

3. The original Petition and its accompanying Notice were filed and served on December 7, 2005, within three months of the NAFTA Article 1126 tribunal's Award, and therefore were timely submitted pursuant to 9 U.S.C. § 12.

4. Tembec submitted to a NAFTA Article 1120 tribunal claims for arbitration against the United States for violating its obligations to Tembec and its U.S. investments under Chapter 11 of NAFTA.

5. Tembec alleges in its NAFTA Chapter 11 claims that the United States applied its antidumping and countervailing duty laws to Tembec and its investments in an arbitrary, unfair, and discriminatory manner in violation of Article 1102, 1103, 1105 and 1110 of NAFTA.

6. Since May 2002, the United States has imposed duties on softwood lumber from Canada that the World Trade Organization and NAFTA appeal tribunals have held to be unlawful under both U.S. and international law. Tembec brought the arbitration proceedings to recover more than $200 million in damages from these unlawful duties.

7. The NAFTA Article 1120 tribunal was formed on August 4, 2004, to adjudicate Tembec's NAFTA Chapter 11 claims in the matter of *Tembec Inc. et al. v. United States*. Tembec appointed Professor James Crawford of Australia, the United States appointed Professor Kenneth Dam of the United States of America, and ICSID appointed Judge Florentino Feliciano of the Philippines with the consent of both the

United States and Tembec.  Neither Tembec nor the United States had objections as to any of the Article 1120 tribunal members or the formation of the tribunal.

        8.     On the eve of the jurisdictional hearing, the United States sought to terminate the Article 1120 tribunal by submitting a request to ICSID to consolidate Tembec's NAFTA Chapter 11 claims with claims by Canfor Corporation ("Canfor") and Terminal Forest Products Limited ("Terminal"), two other Canadian softwood lumber producers.

        9.     ICSID complied with the request despite Tembec's objections that the United States' request had been made too late.  The Article 1126 tribunal stayed Tembec's Article 1120 arbitration proceedings even though the appointment of two of the tribunal members still was subject to challenge under the governing UNCITRAL Rules of Arbitration.

        10.     Tembec objected to the appointment of Mr. Davis Robinson to the Article 1126 tribunal on the bases that (a) his wife is cousin to the President of the United States; the President has been personally and directly involved in the softwood lumber dispute with Canada; (b) Mr. Robinson previously served as head of the legal office now representing the United States in the current arbitration; and (c) his selection by ICSID was made from a small list of arbitrators officially appointed by the United States; all of which raised "justifiable doubts" under Article 10 of the UNCITRAL Rules as to his ability to remain impartial and independent.  Mr. Robinson refused to withdraw from the tribunal even though all parties except the United States joined in Tembec's objection.

11. Thus, one of the three Article 1126 members was selected from a small, pre-screened list of candidates chosen by the United States, even though none of the members of the Article 1126 tribunal had been selected by Tembec. The Article 1126 tribunal unfairly represented the United States' preferences for arbitrators to determine whether Tembec's Article 1120 arbitration proceedings should be terminated, and to adjudicate Tembec's NAFTA Chapter 11 claims against the United States.

12. The tribunal refused to stay its own proceedings or lift its stay of Tembec's Article 1120 proceedings while the challenge to Mr. Robinson remained pending.

13. The Article 1126 tribunal required a hearing and the submission of briefs, then decided on September 7, 2005 to consolidate the claims of Tembec, Canfor and Terminal, to assume jurisdiction over all of the claims, and to terminate Tembec's Article 1120 tribunal. The Article 1126 tribunal's Award was final and conclusive as to the questions of consolidation and termination of Article 1120 proceedings, even though the Article 1126 tribunal is continuing arbitration proceedings as to the substance of NAFTA Chapter 11 claims as to Canfor and Terminal. Tembec has ceased from further participation in the Article 1126 proceedings.

14. Tembec petitions this Court to vacate and set aside the Award of the Article 1126 tribunal.

## CLAIMS FOR RELIEF

**I.   PETITION TO VACATE AWARD**

15. The Article 1126 tribunal's Award constitutes a final award under 9 U.S.C. § 10 that is appropriate for judicial review. The September 7, 2005 decision and order finally and definitively disposes of the United States' request for consolidation by

4

terminating Tembec's right to proceed with arbitration of its NAFTA Chapter 11 claims before a consensually-appointed Article 1120 tribunal.  The Award is a separate and independent claim that is unrelated to the underlying merits of the case.  Failure to provide immediate relief for this Award would render any future relief meaningless if judicial review were delayed until the issuance of a final award on the merits by the challenged tribunal.

16. The Article 1126 tribunal's Award should be vacated for the reasons to be provided in Tembec's Motion to Vacate.  The grounds to be alleged in Tembec's Motion include evidence of partiality among the arbitrators (9 U.S.C. § 10(2)); arbitrator misconduct or misbehavior prejudicing the rights of a party (9 U.S.C. § 10(3)); that the arbitrators exceeded their powers (9 U.S.C. § 10(4)); and the arbitral award is contrary to public policy, an additional ground upon which courts have vacated arbitral awards.

## **CONCLUSION**

In accordance with 9 U.S.C. § 12, Petitioner has provided "notice of a motion to vacate the arbitration award."  In the Motion to Vacate, Petitioner will move for an order vacating and setting aside the Award of the NAFTA Article 1126 tribunal for the reasons set forth in that motion, in addition to the reasons provided above.

Respectfully submitted,

_____/s/_____
Elliot J. Feldman (D.C. Bar No. 418501)
Mark A. Cymrot (D.C. Bar No. 164673)
Michael S. Snarr (D.C. Bar No. 474719)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W.
Suite 1100
Washington D.C.  20036-5304

5

|  |  |
|---|---|
|  | Tel: (202) 861-1679 |
|  | Fax: (202) 861-1783 |
| Dated:  December 13, 2005 | Counsel for Petitioners Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc. |

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing Amended Petition to Vacate Arbitration Award have been served by mail upon:

Alberto R. Gonzales
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Mark A. Clodfelter
Andrea J. Menaker
U.S. Department of State
Office of the Legal Adviser
2201 C Street, N.W.
Suite 5519
Washington, D.C. 20520

Kenneth L. Wainstein
U.S. Attorney-District of Columbia
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C.  20530

on this 13th day of December, 2005.

_____/s/_____
Michael S. Snarr