UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

In the Matter of the Arbitration between )
)
TEMBEC INC., TEMBEC INVESTMENTS )
INC., TEMBEC INDUSTRIES INC. )
)
                    Petitioners, )
) Case No. 05-2345 (RMC)
        and )
)
THE UNITED STATES OF AMERICA )
)
                    Respondent )

---

## **DECLARATION OF RONALD A. CASS**

I, Ronald A. Cass, declare as follows:

1.     I am over 18 years of age, am competent to make this Declaration, and have personal knowledge of the matters stated herein.

2.     I am currently President of Cass & Associates, PC, a legal consultancy firm specializing in international trade, intellectual property, antitrust, and administrative law. I have served in this position since 2004.

3.     I was Dean of Boston University School of Law from 1990 to 2004 and also was the Melville Madison Bigelow Professor of Law. Prior to joining the law school as Dean, I served as a Commissioner, and then Vice Chairman, of the United States International Trade Commission from 1988 to 1990. I also have been a law professor at the University of Virginia and Boston University, and a visiting professor at the Université Jean Moulin (Lyon III, France), the

Université Aix-en-Provence (France), and Universidad Francisco Marroquin (Guatemala), and an adviser to the United Nations Conference on Trade and Development.

4.  I have experience as an international arbitrator, having served on a variety of international arbitral panels appointed under the Rules of the United Nations Commission on International Trade Law ("UNCITRAL Rules"), the International Centre for Settlement of Investment Disputes (ICSID), and the American Arbitration Association's international arbitration rules. Among other matters, I presently serve on the NAFTA Chapter 11 tribunal in *United Parcel Service v. Canada.*

5.  I have a thorough knowledge of the UNCITRAL Rules and have interpreted and applied the UNCITRAL Rules as an arbitrator.

6.  I am familiar with the NAFTA Chapter 11 arbitration at issue in this proceeding. I have several observations relevant to Tembec's challenge to the September 7, 2005 Order rendered by the arbitration consolidation tribunal constituted under NAFTA Article 1126 *In the Matter of Canfor Corp. v. United States, Tembec et al. v. United States, and Terminal Forest Products Inc. v. United States.*

7.  When parties challenge arbitrators for lack of impartiality, or for conflicts of interest that raise questions respecting impartiality, even the most experienced arbitrators whose reputations for fairness are strong routinely withdraw. Arbitrators do not withdraw solely in circumstances where partiality has been shown. Far more commonly, arbitrators withdraw in situations

2

where a challenge is at most colorable. Withdrawal in these circumstances shows sensitivity to the possible appearance of partiality and to the special nature of decision-maker selection in arbitrations. Arbitrators occasionally refuse to withdraw when a challenge appears frivolous or completely unfounded.

8.  A challenge to an arbitrator's impartiality is at least colorable in circumstances where the arbitrator is related to an officer of one of the parties, and where the same arbitrator was the former head of the legal office responsible for defending that party in international arbitrations. I would expect that the challenged arbitrator in such a situation would withdraw from the arbitral tribunal. Certainly, the grounds for challenge of that arbitrator are just as strong as the grounds for challenge of the Canadian arbitrator who withdrew after challenge by the United States in the consolidation proceeding at issue in this case.

9.  Arbitration derives its value from the consent of the parties. An arbitrator should respect the consensual nature of arbitration by deferring to a colorable objection by one of the parties that calls into question his or her impartiality. For that reason, the threshold for withdrawal in arbitration is lower than that for judicial recusal in a court of law.

10.  I am familiar with the UNCITRAL Rules governing challenges to arbitrators. *See* UNCITRAL Rules, Articles 9-12 (Attachment A). Pursuant to Article 10, parties are allowed fifteen days to challenge an arbitrator's impartiality. Based on my experience as an arbitrator, as well as my

understanding of the UNCITRAL Rules, it is simple common sense that arbitrators should allow the parties the fifteen-day period for challenge and should not take actions affecting the case during that time. The selection of the arbitral tribunal is the base upon which the arbitration proceeding rests. Arbitrators should not act until the time for challenge has run without a demand for withdrawal being lodged.

11.     The same understanding of the basis for withholding action applies to the situation where a challenge is lodged. When a challenge to the impartiality of a nominee to arbitrate has been asserted, the arbitrators should not act while the challenge is pending. They should stay their hand unless and until the challenge is resolved. The basis for requiring timely challenges to arbitrators within a short time period is to resolve and remove any potential cloud on the conduct of the tribunal. The basis for staying action pending the time for initial challenge – and equally or more so, for staying action pending the resolution of a challenge – is to prevent a situation in which decisions of the tribunal are under a cloud and potentially would need to be decided again by a successor panel. Absent compelling reasons for an urgent need to dispose of issues, arbitrators operating under the UNCITRAL Rules should refrain from acting while a challenge to one of them is pending.

12.     In the arbitral proceeding at issue here, Tembec challenged the appointment of Mr. Davis Robinson under Article 10 of the UNCITRAL Rules. The nominated arbitrators took action affecting the overall, long-term disposition of the proceeding during the fifteen-day time within which

4

challenges to the composition of the arbitral tribunal are permitted. The arbitrators took action affecting the overall, long-term disposition of the proceeding during the pendency of Tembec's challenge. Based on my knowledge and experience, any action that is taken by arbitrators, despite a pending challenge to the impartiality of one of them, contravenes the evident intent of the UNCITRAL Rules.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 14, 2006

Ronald A. Cass

# ATTACHMENT A

3. If within thirty days after the appointment of the second arbitrator the two arbitrators have not agreed on the choice of the presiding arbitrator, the presiding arbitrator shall be appointed by an appointing authority in the same way as a sole arbitrator would be appointed under article 6.

## Article 8

1. When an appointing authority is requested to appoint an arbitrator pursuant to article 6 or article 7, the party which makes the request shall send to the appointing authority a copy of the notice of arbitration, a copy of the contract out of or in relation to which the dispute has arisen and a copy of the arbitration agreement if it is not contained in the contract. The appointing authority may require from either party such information as it deems necessary to fulfil its function.

2. Where the names of one or more persons are proposed for appointment as arbitrators, their full names, addresses and nationalities shall be indicated, together with a description of their qualifications.

*CHALLENGE OF ARBITRATORS (Articles 9 to 12)*

## Article 9

A prospective arbitrator shall disclose to those who approach him in connexion with his possible appointment any circumstances likely to give rise to justifiable doubts as to his impartiality or independence. An arbitrator, once appointed or chosen, shall disclose such circumstances to the parties unless they have already been informed by him of these circumstances.

## Article 10

1. Any arbitrator may be challenged if circumstances exist that give rise to justifiable doubts as to the arbitrators impartiality or independence.

2. A party may challenge the arbitrator appointed by him only for reasons of which he becomes aware after the appointment has been made.

# Article 11

1. A party who intends to challenge an arbitrator shall send notice of his challenge within fifteen days after the appointment of the challenged arbitrator has been notified to the challenging party or within fifteen days after the circumstances mentioned in articles 9 and 10 became known to that party.

2. The challenge shall be notified to the other party, to the arbitrator who is challenged and to the other members of the arbitral tribunal. The notification shall be in writing and shall state the reasons for the challenge.

3. When an arbitrator has been challenged by one party, the other party may agree to the challenge. The arbitrator may also, after the challenge, withdraw from his office. In neither case does this imply acceptance of the validity of the grounds for the challenge. In both cases the procedure provided in article 6 or 7 shall be used in full for the appointment of the substitute arbitrator, even if during the process of appointing the challenged arbitrator a party had failed to exercise his right to appoint or to participate in the appointment.

# Article 12

1. If the other party does not agree to the challenge and the challenged arbitrator does not withdraw, the decision on the challenge will be made:

   *(a)* When the initial appointment was made by an appointing authority, by that authority;

   *(b)* When the initial appointment was not made by an appointing authority, but an appointing authority has been previously designated, by that authority;

   *(c)* In all other cases, by the appointing authority to be designated in accordance with the procedure for designating an appointing authority as provided for in article 6.

2. If the appointing authority sustains the challenge, a substitute arbitrator shall be appointed or chosen pursuant to the procedure applicable to the appointment or choice of an arbitrator as provided in articles 6 to 9 except that, when this procedure would call for

the designation of an appointing authority, the appointment of the arbitrator shall be made by the appointing authority which decided on the challenge.

*REPLACEMENT OF AN ARBITRATOR*

**Article 13**

1. In the event of the death or resignation of an arbitrator during the course of the arbitral proceedings, a substitute arbitrator shall be appointed or chosen pursuant to the procedure provided for in articles 6 to 9 that was applicable to the appointment or choice of the arbitrator being replaced.

2. In the event that an arbitrator fails to act or in the event of the *de jure* or *de facto* impossibility of his performing his functions, the procedure in respect of the challenge and replacement of an arbitrator as provided in the preceding articles shall apply.

*REPETITION OF HEARINGS IN THE EVENT OF THE REPLACEMENT OF AN ARBITRATOR*

**Article 14**

If under articles 11 to 13 the sole or presiding arbitrator is replaced, any hearings held previously shall be repeated; if any other arbitrator is replaced, such prior hearings may be repeated at the discretion of the arbitral tribunal.

**Section III. Arbitral proceedings**

*GENERAL PROVISIONS*

**Article 15**

1. Subject to these Rules, the arbitral tribunal may conduct the arbitration in such manner