**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| In the Matter of the Arbitration between ) | |
| ) | |
| TEMBEC INC., TEMBEC INVESTMENTS ) | |
| INC., TEMBEC INDUSTRIES INC. ) | |
| ) | |
| Petitioners, ) | Case No. 05-CV-2345 (RMC) |
| ) | |
| and ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

_____

**PETITIONERS' OPPOSITION TO RESPONDENT'S**
**MOTION FOR AN EXTENSION OF TIME**

Petitioners, Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc., (collectively "Tembec"), reluctantly submit this opposition to the United States' Motion for an Extension of Time because of a United States' pattern of conduct, in reference to Tembec's claims, that has accelerated and decelerated proceedings at the convenience of the United States. Tembec filed its Petition and Notice of Motion to Vacate with this Court on December 7, 2005, served the notice on the United States, and subsequently filed its Motion to Vacate Arbitration Award on February 17, 2006. Upon receipt of the motion, the United States immediately asked for a very significant enlargement of time, and reported a distorted history of its arbitration proceedings with Tembec. An accurate history may explain why Tembec opposes the United States' enlargement request.

The United States contends it is entitled to an extension because Tembec supposedly had over five months to file its motion to vacate. Tembec anticipated

moving promptly in this Court following its December 7 notice, which included notice to the Consolidation Tribunal with a request for termination, but the United States opposed Tembec's termination request with a series of letters to the NAFTA Article 1126 Consolidation Tribunal, delaying resolution of Tembec's request until the Consolidation Tribunal would convene an oral hearing by teleconference, at the request of the United States, on January 9, 2006.

During the teleconference, the United States vigorously contended that it would be unfair to release Tembec from the proceedings because the United States had a right to "an early resolution of the issues" in the NAFTA Chapter 11 claims. The United States insisted that the speed of adjudication was a paramount objective. The Consolidation Tribunal issued an order on January 10, 2006 terminating the arbitration proceedings with respect to Tembec, without prejudice, after the United States' month-long battle to force Tembec into an immediate adjudication before the Consolidation Tribunal.

The prelude to Tembec's notice in this Court was characterized by a demand from the United States for uncompromising briefing and hearing dates with complete disregard for Tembec's own scheduling concerns. Asserting an entitlement to swift resolution, the United States opposed all Tembec objections about timing before the Consolidation Tribunal, but only after eighteen months of stalling to keep Tembec's claims from being heard by a consensually formed arbitral tribunal. Hence, the United States stalled when it wanted to avoid proceeding, and has objected to any delay when it has seen itself ready to move toward resolution. Having been placed on notice two months before Tembec filed its motion in this Court, and having insisted upon swift

2

resolution, the United States should have been prepared to move forward and should not now be given more time to do so.

Should the Court nonetheless conclude that the United States' scheduling conflicts warrant an extension of time for response, Tembec would ask that the Court provide a similar extension of time for Tembec's reply, as counsel for Tembec has two trials scheduled at the U.S. Court of International Trade in New York during the weeks of March 28 and April 3, which would make a 5-day reply under the rules not possible. Thus, should the Court grant the United States' request for a four-week extension from February 28 until March 28, Tembec would request a two-week extension from April 4 until April 18.

Respectfully submitted,

_____/s/_____
Elliot J. Feldman (D.C. Bar No. 418501)
Mark A. Cymrot (D.C. Bar No. 164673)
Michael S. Snarr (D.C. Bar No. 474719)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W.
Suite 1100
Washington, D.C. 20036-5304
Tel: (202) 861-1679
Fax: (202) 861-1783
Counsel for Petitioners Tembec Inc., Tembec
Investments Inc., and Tembec Industries Inc.
