UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEMBEC INC., TEMBEC INVESTMENTS INC., TEMBEC INDUSTRIES INC., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 05-CV-2345 (RMC) |

**REPLY IN SUPPORT OF RESPONDENT'S OPPOSED
MOTION FOR AN EXTENSION OF TIME**

Respondent, the United States of America, submits this reply in support of its Motion to Extend Its Time to Oppose Petitioners' Motion to Vacate dated February 22, 2006. Petitioners Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc. (collectively "Tembec" or "Petitioners") opposed the Motion for an Extension of Time, in effect arguing that this Court should deny Respondent's Motion due to the course of the arbitration proceedings.

As the United States noted in its Motion, its request for an enlargement of time to respond to Tembec's motion to vacate the NAFTA Tribunal's procedural order is based on the conflicting obligations on the attorneys responsible for this case. The United States would in any event ordinarily require more than six business days to respond to a 42-page motion, declaration, and over 500 pages of exhibits, that Tembec had months to prepare. While Tembec argues that Respondent was on notice of the grounds for its Motion to Vacate due to the petition filed in December, that petition provided only the barest outlines of Tembec's argument as compared to its Motion to Vacate and supporting exhibits.

Tembec does not contest that the United States' conflicting obligations may constitute good cause for an extension. Indeed, they request an extension on the same basis, in the event that the Court grants the Respondent's extension.[1] Nor has Tembec alleged any prejudice that would be incurred by the extension. Nor is it Respondent's purpose to impermissibly delay this proceeding. This case will be fully briefed and ready for a final decision when briefing on the Motion to Vacate is concluded, and will therefore be resolved on the merits in an expeditious fashion.

Instead, Tembec opposes the extension request on the basis of alleged procedural prejudice it suffered in the underlying arbitration. While Tembec's allegations do not demonstrate prejudice or any lack of good cause for the requested extension, it is incumbent on the United States to set the record straight. First, the United States did not delay Tembec's arbitral claims for eighteen months. The United States objected to the Tribunal's jurisdiction on the basis that the NAFTA expressly bars Tembec's claims. Second, the United States did not later seek to accelerate the arbitral proceedings. To the contrary, as the record demonstrates, Tembec refused to respond to the Tribunal's several requests concerning procedural matters, while concealing its intent to file its motion to vacate the Tribunal's consolidation order. Third, the Tribunal did not dismiss Tembec's claims "without prejudice," as Tembec asserts. Rather, the Tribunal expressly noted that it "does not declare the termination . . . either with or without prejudice to reinstatement of Tembec's NAFTA claim."[2]

---

[1] As previously stated, Respondent does not oppose such an extension of time so that the parties can brief these issues in a reasonable fashion, which will ultimately aid the Court in resolving this dispute.

[2] Order for the Termination of the Arbitral Proceedings with Respect to Tembec et al., ¶ 1.3 (Jan. 12, 2006).

In sum, given that good cause has been show for the Motion, and given that Tembec has not contested the United States' reasons for seeking the extension, or demonstrated any prejudice it would suffer, the United States' Motion should be granted.

## CONCLUSION

For the foregoing reasons and the reasons stated in its opening brief, the United States respectfully requests the Respondent's time to oppose Petitioners' Motion to Vacate be extended up to and including March 28, 2006.

Dated: February 27, 2006                                    Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              KENNETH WAINSTEIN
Of Counsel:                                  United States Attorney

Mark A. Clodfelter                      VINCENT M. GARVEY
*Assistant Legal Adviser*                Deputy Branch Director

Andrea J. Menaker                      /s/ Alexander K. Haas
*Chief, NAFTA Arbitration Division*     ALEXANDER K. HAAS (CA 220932)
Mark S. McNeill                          Trial Attorney
*Attorney-Adviser*                       U.S. Department of Justice, Civil Division
*Office of International Claims and*     Federal Programs Branch
  *Investment Disputes*                 Post Office Box 883, Room 1030
                                              Washington, D.C. 20044
United States Department of State      Tel: (202) 307-3937  Fax: (202) 616-8460
Washington, D.C. 20520              *Attorneys for the United States*
Office of the Legal Adviser
2201 C. Street, N.W.
Suite 5519