Exhibit B



# UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW (UNCITRAL)

## *UNCITRAL Arbitration Rules*

GENERAL ASSEMBLY RESOLUTION 31/98

## Section I. Introductory rules

Scope of application (article 1) and model arbitration clause
Notice, calculation of periods of time (article 2)
Notice of arbitration (article 3)
Representation and assistance (article 4)

## Section II. Composition of the arbitral tribunal

Number of arbitrators (article 5)
Appointment of arbitrators (articles 6 to 8)
Challenge of arbitrators (articles 9 to 12)
Replacement of an arbitrator (article 13)
Repetition of hearings in the event of the replacement of an arbitrator (article 14)

## Section III. Arbitral proceedings

General provisions (article 15)

Place of arbitration (article 16)

Language (article 17)

Statement of claim (article 18)

Statement of defence (article 19)

Amendments to the claim or defence (article 20)

Pleas as to the jurisdiction of the arbitral tribunal (article 21)

Further written statements (article 22)

Periods of time (article 23)

Evidence and hearings (articles 24 and 25)

Interim measures of protection (article 26)

Experts (article 27)

Default (article 28)

Closure of hearings (article 29)

Waiver of rules (article 30)

**Section IV The award**

Decisions (article 31)

Form and effect of the award (article 32)

Applicable law, amiable compositeur (article 33)

Settlement or other grounds for termination (article 34)

Interpretation of the award (article 35)

Correction of the award (article 36)

Additional award (article 37)

Costs (articles 38 to 40)

Deposit of costs (article 41)

# RESOLUTION 31/98 ADOPTED BY THE GENERAL ASSEMBLY ON 15 DECEMBER 1976

31/98. Arbitration Rules of the United Nations Commission on International Trade Law

***The General Assembly*,**

*Recognizing* the value of arbitration as a method of settling disputes arising in the context of international commercial relations,

*Being convinced* that the establishment of rules for ad hoc arbitration that are acceptable in countries with different legal, social and economic systems would significantly contribute to the development of harmonious international economic relations,

*Bearing in mind* that the Arbitration Rules of the United Nations Commission on International Trade Law have been prepared after extensive consultation with arbitral institutions and centres of international commercial arbitration,

*Noting* that the Arbitration Rules were adopted by the United Nations Commission on International Trade Law at its ninth session 1/ after due deliberation,

1. *Recommends* the use of the Arbitration Rules of the United Nations Commission on International Trade Law in the settlement of disputes arising in the context of international commercial relations, particularly by reference to the Arbitration Rules in commercial contracts;

2. *Requests* the Secretary-General to arrange for the widest possible distribution of the Arbitration Rules.

————

1/ *Official Records of the General Assembly, Thirty-first Session, Supplement No. 17* (A/31/17), chap. V, sect. C.

# UNCITRAL ARBITRATION RULES

## Section I. Introductory rules

*SCOPE OF APPLICATION*

# Article 1

1. Where the parties to a contract have agreed in writing* that disputes in relation to that contract shall be referred to arbitration under the UNCITRAL Arbitration Rules, then such disputes shall be settled in accordance with these Rules subject to such modification as the parties may agree in writing.

2. These Rules shall govern the arbitration except that where any of these Rules is in conflict with a provision of the law applicable to the arbitration from which the parties cannot derogate, that provision shall prevail.

_____

*MODEL ARBITRATION CLAUSE*

Any dispute, controversy or claim arising out of or relating to this contract, or the breach, termination or invalidity thereof, shall be settled by arbitration in accordance with the UNCITRAL Arbitration Rules as at present in force.

*Note - Parties may wish to consider adding:*

(a) The appointing authority shall be ... (name of institution or person);
(b) The number of arbitrators shall be ... (one or three);
(c) The place of arbitration shall be ... (town or country);
(d) The language(s) to be used in the arbitral proceedings shall be ...

_____

*NOTICE, CALCULATION OF PERIODS OF TIME*

# Article 2

1. For the purposes of these Rules, any notice, including a notification, communication or proposal, is deemed to have been received if it is physically delivered to the addressee or

if it is delivered at his habitual residence, place of business or mailing address, or, if none of these can be found after making reasonable inquiry, then at the addressee=s last-known residence or place of business. Notice shall be deemed to have been received on the day it is so delivered.

2. For the purposes of calculating a period of time under these Rules, such period shall begin to run on the day following the day when a notice, notification, communication or proposal is received. If the last day of such period is an official holiday or a non-business day at the residence or place of business of the addressee, the period is extended until the first business day which follows. Official holidays or non-business days occurring during the running of the period of time are included in calculating the period.

*NOTICE OF ARBITRATION*

## Article 3

1. The party initiating recourse to arbitration (hereinafter called the "claimant") shall give to the other party (hereinafter called the "respondent") a notice of arbitration.

2. Arbitral proceedings shall be deemed to commence on the date on which the notice of arbitration is received by the respondent.

3. The notice of arbitration shall include the following:

*(a)* A demand that the dispute be referred to arbitration;

*(b)* The names and addresses of the parties;

*(c)* A reference to the arbitration clause or the separate arbitration agreement that is invoked;

*(d)* A reference to the contract out of or in relation to which the dispute arises;

*(e)* The general nature of the claim and an indication of the amount involved, if any;

*(f)* The relief or remedy sought;

*(g)* A proposal as to the number of arbitrators (i.e. one or three), if the parties have not previously agreed thereon.

4. The notice of arbitration may also include:

*(a)* The proposals for the appointments of a sole arbitrator and an appointing authority referred to in article 6, paragraph 1;

*(b)* The notification of the appointment of an arbitrator referred to in article 7;

*(c)* The statement of claim referred to in article 18.


*REPRESENTATION AND ASSISTANCE*

## Article 4

The parties may be represented or assisted by persons of their choice. The names and addresses of such persons must be communicated in writing to the other party; such communication must specify whether the appointment is being made for purposes of representation or assistance.


## Section II. Composition of the arbitral tribunal


*NUMBER OF ARBITRATORS*

## Article 5

If the parties have not previously agreed on the number of arbitrators (i.e. one or three), and if within fifteen days after the receipt by the respondent of the notice of arbitration the

parties have not agreed that there shall be only one arbitrator, three arbitrators shall be appointed.

*APPOINTMENT OF ARBITRATORS (Articles 6 to 8)*

## Article 6

1. If a sole arbitrator is to be appointed, either party may propose to the other:

> (a) The names of one or more persons, one of whom would serve as the sole arbitrator; and

> (b) If no appointing authority has been agreed upon by the parties, the name or names of one or more institutions or persons, one of whom would serve as appointing authority.

2. If within thirty days after receipt by a party of a proposal made in accordance with paragraph 1 the parties have not reached agreement on the choice of a sole arbitrator, the sole arbitrator shall be appointed by the appointing authority agreed upon by the parties. If no appointing authority has been agreed upon by the parties, or if the appointing authority agreed upon refuses to act or fails to appoint the arbitrator within sixty days of the receipt of a party's request therefor, either party may request the Secretary-General of the Permanent Court of Arbitration at The Hague to designate an appointing authority.

3. The appointing authority shall, at the request of one of the parties, appoint the sole arbitrator as promptly as possible. In making the appointment the appointing authority shall use the following list-procedure, unless both parties agree that the list-procedure should not be used or unless the appointing authority determines in its discretion that the use of the list-procedure is not appropriate for the case:

> *(a)* At the request of one of the parties the appointing authority shall communicate to both parties an identical list containing at least three names;

> *(b)* Within fifteen days after the receipt of this list, each party may return the list to the appointing authority after having deleted the name or names to which he objects and numbered the remaining names on the list in the order of

his preference;

*(c)* After the expiration of the above period of time the appointing authority shall appoint the sole arbitrator from among the names approved on the lists returned to it and in accordance with the order of preference indicated by the parties;

*(d)* If for any reason the appointment cannot be made according to this procedure, the appointing authority may exercise its discretion in appointing the sole arbitrator.

4. In making the appointment, the appointing authority shall have regard to such considerations as are likely to secure the appointment of an independent and impartial arbitrator and shall take into account as well the advisability of appointing an arbitrator of a nationality other than the nationalities of the parties.

## Article 7

1. If three arbitrators are to be appointed, each party shall appoint one arbitrator. The two arbitrators thus appointed shall choose the third arbitrator who will act as the presiding arbitrator of the tribunal.

2. If within thirty days after the receipt of a party's notification of the appointment of an arbitrator the other party has not notified the first party of the arbitrator he has appointed:

*(a)* The first party may request the appointing authority previously designated by the parties to appoint the second arbitrator; or

*(b)* If no such authority has been previously designated by the parties, or if the appointing authority previously designated refuses to act or fails to appoint the arbitrator within thirty days after receipt of a party's request therefor, the first party may request the Secretary-General of the Permanent Court of Arbitration at The Hague to designate the appointing authority. The first party may then request the appointing authority so designated to appoint the second arbitrator. In either case, the appointing authority may exercise its discretion in appointing the arbitrator.

3. If within thirty days after the appointment of the second arbitrator the two arbitrators have not agreed on the choice of the presiding arbitrator, the presiding arbitrator shall be appointed by an appointing authority in the same way as a sole arbitrator would be appointed under article 6.

## Article 8

1. When an appointing authority is requested to appoint an arbitrator pursuant to article 6 or article 7, the party which makes the request shall send to the appointing authority a copy of the notice of arbitration, a copy of the contract out of or in relation to which the dispute has arisen and a copy of the arbitration agreement if it is not contained in the contract. The appointing authority may require from either party such information as it deems necessary to fulfil its function.

2. Where the names of one or more persons are proposed for appointment as arbitrators, their full names, addresses and nationalities shall be indicated, together with a description of their qualifications.

*CHALLENGE OF ARBITRATORS (Articles 9 to 12)*

## Article 9

A prospective arbitrator shall disclose to those who approach him in connexion with his possible appointment any circumstances likely to give rise to justifiable doubts as to his impartiality or independence. An arbitrator, once appointed or chosen, shall disclose such circumstances to the parties unless they have already been informed by him of these circumstances.

## Article 10

1. Any arbitrator may be challenged if circumstances exist that give rise to justifiable doubts as to the arbitrators impartiality or independence.

2. A party may challenge the arbitrator appointed by him only for reasons of which he becomes aware after the appointment has been made.

## Article 11

1. A party who intends to challenge an arbitrator shall send notice of his challenge within fifteen days after the appointment of the challenged arbitrator has been notified to the challenging party or within fifteen days after the circumstances mentioned in articles 9 and 10 became known to that party.

2. The challenge shall be notified to the other party, to the arbitrator who is challenged and to the other members of the arbitral tribunal. The notification shall be in writing and shall state the reasons for the challenge.

3. When an arbitrator has been challenged by one party, the other party may agree to the challenge. The arbitrator may also, after the challenge, withdraw from his office. In neither case does this imply acceptance of the validity of the grounds for the challenge. In both cases the procedure provided in article 6 or 7 shall be used in full for the appointment of the substitute arbitrator, even if during the process of appointing the challenged arbitrator a party had failed to exercise his right to appoint or to participate in the appointment.

## Article 12

1. If the other party does not agree to the challenge and the challenged arbitrator does not withdraw, the decision on the challenge will be made:

> *(a)* When the initial appointment was made by an appointing authority, by that authority;

> *(b)* When the initial appointment was not made by an appointing authority, but an appointing authority has been previously designated, by that authority;

> *(c)* In all other cases, by the appointing authority to be designated in accordance with the procedure for designating an appointing authority as provided for in article 6.

2. If the appointing authority sustains the challenge, a substitute arbitrator shall be appointed or chosen pursuant to the procedure applicable to the appointment or choice of an arbitrator as provided in articles 6 to 9 except that, when this procedure would call for

the designation of an appointing authority, the appointment of the arbitrator shall be made by the appointing authority which decided on the challenge.

## *REPLACEMENT OF AN ARBITRATOR*

## Article 13

1. In the event of the death or resignation of an arbitrator during the course of the arbitral proceedings, a substitute arbitrator shall be appointed or chosen pursuant to the procedure provided for in articles 6 to 9 that was applicable to the appointment or choice of the arbitrator being replaced.

2. In the event that an arbitrator fails to act or in the event of the *de jure* or *de facto* impossibility of his performing his functions, the procedure in respect of the challenge and replacement of an arbitrator as provided in the preceding articles shall apply.

## *REPETITION OF HEARINGS IN THE EVENT OF THE REPLACEMENT OF AN ARBITRATOR*

## Article 14

If under articles 11 to 13 the sole or presiding arbitrator is replaced, any hearings held previously shall be repeated; if any other arbitrator is replaced, such prior hearings may be repeated at the discretion of the arbitral tribunal.

## Section III. Arbitral proceedings

## *GENERAL PROVISIONS*

## Article 15

1. Subject to these Rules, the arbitral tribunal may conduct the arbitration in such manner

as it considers appropriate, provided that the parties are treated with equality and that at any stage of the proceedings each party is given a full opportunity of presenting his case.

2. If either party so requests at any stage of the proceedings, the arbitral tribunal shall hold hearings for the presentation of evidence by witnesses, including expert witnesses, or for oral argument. In the absence of such a request, the arbitral tribunal shall decide whether to hold such hearings or whether the proceedings shall be conducted on the basis of documents and other materials.

3. All documents or information supplied to the arbitral tribunal by one party shall at the same time be communicated by that party to the other party.

*PLACE OF ARBITRATION*

**Article 16**

1. Unless the parties have agreed upon the place where the arbitration is to be held, such place shall be determined by the arbitral tribunal, having regard to the circumstances of the arbitration.

2. The arbitral tribunal may determine the locale of the arbitration within the country agreed upon by the parties. It may hear witnesses and hold meetings for consultation among its members at any place it deems appropriate, having regard to the circumstances of the arbitration.

3. The arbitral tribunal may meet at any place it deems appropriate for the inspection of goods, other property or documents. The parties shall be given sufficient notice to enable them to be present at such inspection.

4. The award shall be made at the place of arbitration.

*LANGUAGE*

**Article 17**

1. Subject to an agreement by the parties, the arbitral tribunal shall, promptly after its appointment, determine the language or languages to be used in the proceedings. This determination shall apply to the statement of claim, the statement of defence, and any further written statements and, if oral hearings take place, to the language or languages to be used in such hearings.

2. The arbitral tribunal may order that any documents annexed to the statement of claim or statement of defence, and any supplementary documents or exhibits submitted in the course of the proceedings, delivered in their original language, shall be accompanied by a translation into the language or languages agreed upon by the parties or determined by the arbitral tribunal.

*STATEMENT OF CLAIM*

**Article 18**

1. Unless the statement of claim was contained in the notice of arbitration, within a period of time to be determined by the arbitral tribunal, the claimant shall communicate his statement of claim in writing to the respondent and to each of the arbitrators. A copy of the contract, and of the arbitration agreement if not contained in the contract, shall be annexed thereto.

2. The statement of claim shall include the following particulars:

> *(a)* The names and addresses of the parties;
> *(b)* A statement of the facts supporting the claim;
> *(c)* The points at issue;
> *(d)* The relief or remedy sought.

The claimant may annex to his statement of claim all documents he deems relevant or may add a reference to the documents or other evidence he will submit.

*STATEMENT OF DEFENCE*

## Article 19

1. Within a period of time to be determined by the arbitral tribunal, the respondent shall communicate his statement of defence in writing to the claimant and to each of the arbitrators.

2. The statement of defence shall reply to the particulars *(b)*, *(c)* and *(d)* of the statement of claim (article 18, para. 2). The respondent may annex to his statement the documents on which he relies for his defence or may add a reference to the documents or other evidence he will submit.

3. In his statement of defence, or at a later stage in the arbitral proceedings if the arbitral tribunal decides that the delay was justified under the circumstances, the respondent may make a counter-claim arising out of the same contract or rely on a claim arising out of the same contract for the purpose of a set-off.

4. The provisions of article 18, paragraph 2, shall apply to a counter-claim and a claim relied on for the purpose of a set-off.


*AMENDMENTS TO THE CLAIM OR DEFENCE*

## Article 20

During the course of the arbitral proceedings either party may amend or supplement his claim or defence unless the arbitral tribunal considers it inappropriate to allow such amendment having regard to the delay in making it or prejudice to the other party or any other circumstances. However, a claim may not be amended in such a manner that the amended claim falls outside the scope of the arbitration clause or separate arbitration agreement.


*PLEAS AS TO THE JURISDICTION OF THE ARBITRAL TRIBUNAL*

**Article 21**

1. The arbitral tribunal shall have the power to rule on objections that it has no jurisdiction, including any objections with respect to the existence or validity of the arbitration clause or of the separate arbitration agreement.

2. The arbitral tribunal shall have the power to determine the existence or the validity of the contract of which an arbitration clause forms a part. For the purposes of article 21, an arbitration clause which forms part of a contract and which provides for arbitration under these Rules shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitral tribunal that the contract is null and void shall not entail *ipso jure* the invalidity of the arbitration clause.

3. A plea that the arbitral tribunal does not have jurisdiction shall be raised not later than in the statement of defence or, with respect to a counter-claim, in the reply to the counter-claim.

4. In general, the arbitral tribunal should rule on a plea concerning its jurisdiction as a preliminary question. However, the arbitral tribunal may proceed with the arbitration and rule on such a plea in their final award.


*FURTHER WRITTEN STATEMENTS*

**Article 22**

The arbitral tribunal shall decide which further written statements, in addition to the statement of claim and the statement of defence, shall be required from the parties or may be presented by them and shall fix the periods of time for communicating such statements.


*PERIODS OF TIME*

**Article 23**

The periods of time fixed by the arbitral tribunal for the communication of written statements (including the statement of claim and statement of defence) should not exceed forty-five days. However, the arbitral tribunal may extend the time-limits if it concludes that an extension is justified.


*EVIDENCE AND HEARINGS (ARTICLES 24 AND 25)*

## Article 24

1. Each party shall have the burden of proving the facts relied on to support his claim or defence.

2. The arbitral tribunal may, if it considers it appropriate, require a party to deliver to the tribunal and to the other party, within such a period of time as the arbitral tribunal shall decide, a summary of the documents and other evidence which that party intends to present in support of the facts in issue set out in his statement of claim or statement of defence.

3. At any time during the arbitral proceedings the arbitral tribunal may require the parties to produce documents, exhibits or other evidence within such a period of time as the tribunal shall determine.

## Article 25

1. In the event of an oral hearing, the arbitral tribunal shall give the parties adequate advance notice of the date, time and place thereof.

2. If witnesses are to be heard, at least fifteen days before the hearing each party shall communicate to the arbitral tribunal and to the other party the names and addresses of the witnesses he intends to present, the subject upon and the languages in which such witnesses will give their testimony.

3. The arbitral tribunal shall make arrangements for the translation of oral statements made at a hearing and for a record of the hearing if either is deemed necessary by the tribunal under the circumstances of the case, or if the parties have agreed thereto and have communicated such agreement to the tribunal at least fifteen days before the hearing.

4. Hearings shall be held *in camera* unless the parties agree otherwise. The arbitral tribunal may require the retirement of any witness or witnesses during the testimony of other witnesses. The arbitral tribunal is free to determine the manner in which witnesses are examined.

5. Evidence of witnesses may also be presented in the form of written statements signed by them.

6. The arbitral tribunal shall determine the admissibility, relevance, materiality and weight of the evidence offered.

## *INTERIM MEASURES OF PROTECTION*

## Article 26

1. At the request of either party, the arbitral tribunal may take any interim measures it deems necessary in respect of the subject-matter of the dispute, including measures for the conservation of the goods forming the subject-matter in dispute, such as ordering their deposit with a third person or the sale of perishable goods.

2. Such interim measures may be established in the form of an interim award. The arbitral tribunal shall be entitled to require security for the costs of such measures.

3. A request for interim measures addressed by any party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate, or as a waiver of that agreement.

## *EXPERTS*

## Article 27

1. The arbitral tribunal may appoint one or more experts to report to it, in writing, on specific issues to be determined by the tribunal. A copy of the expert's terms of reference,

established by the arbitral tribunal, shall be communicated to the parties.

2. The parties shall give the expert any relevant information or produce for his inspection any relevant documents or goods that he may require of them. Any dispute between a party and such expert as to the relevance of the required information or production shall be referred to the arbitral tribunal for decision.

3. Upon receipt of the expert's report, the arbitral tribunal shall communicate a copy of the report to the parties who shall be given the opportunity to express, in writing, their opinion on the report. A party shall be entitled to examine any document on which the expert has relied in his report.

4. At the request of either party the expert, after delivery of the report, may be heard at a hearing where the parties shall have the opportunity to be present and to interrogate the expert. At this hearing either party may present expert witnesses in order to testify on the points at issue. The provisions of article 25 shall be applicable to such proceedings.


*DEFAULT*

## Article 28

1. If, within the period of time fixed by the arbitral tribunal, the claimant has failed to communicate his claim without showing sufficient cause for such failure, the arbitral tribunal shall issue an order for the termination of the arbitral proceedings. If, within the period of time fixed by the arbitral tribunal, the respondent has failed to communicate his statement of defence without showing sufficient cause for such failure, the arbitral tribunal shall order that the proceedings continue.

2. If one of the parties, duly notified under these Rules, fails to appear at a hearing, without showing sufficient cause for such failure, the arbitral tribunal may proceed with the arbitration.

3. If one of the parties, duly invited to produce documentary evidence, fails to do so within the established period of time, without showing sufficient cause for such failure, the arbitral tribunal may make the award on the evidence before it.

*CLOSURE OF HEARINGS*

## Article 29

1. The arbitral tribunal may inquire of the parties if they have any further proof to offer or witnesses to be heard or submissions to make and, if there are none, it may declare the hearings closed.

2. The arbitral tribunal may, if it considers it necessary owing to exceptional circumstances, decide, on its own motion or upon application of a party, to reopen the hearings at any time before the award is made.

*WAIVER OF RULES*

## Article 30

A party who knows that any provision of, or requirement under, these Rules has not been complied with and yet proceeds with the arbitration without promptly stating his objection to such non-compliance, shall be deemed to have waived his right to object.

## Section IV. The award

*DECISIONS*

## Article 31

1. When there are three arbitrators, any award or other decision of the arbitral tribunal shall be made by a majority of the arbitrators.

2. In the case of questions of procedure, when there is no majority or when the arbitral tribunal so authorizes, the presiding arbitrator may decide on his own, subject to revision,

if any, by the arbitral tribunal.


*FORM AND EFFECT OF THE AWARD*

**Article 32**

1. In addition to making a final award, the arbitral tribunal shall be entitled to make interim, interlocutory, or partial awards.

2. The award shall be made in writing and shall be final and binding on the parties. The parties undertake to carry out the award without delay.

3. The arbitral tribunal shall state the reasons upon which the award is based, unless the parties have agreed that no reasons are to be given.

4. An award shall be signed by the arbitrators and it shall contain the date on which and the place where the award was made. Where there are three arbitrators and one of them fails to sign, the award shall state the reason for the absence of the signature.

5. The award may be made public only with the consent of both parties.

6. Copies of the award signed by the arbitrators shall be communicated to the parties by the arbitral tribunal.

7. If the arbitration law of the country where the award is made requires that the award be filed or registered by the arbitral tribunal, the tribunal shall comply with this requirement within the period of time required by law.


*APPLICABLE LAW, AMIABLE COMPOSITEUR*

**Article 33**

1. The arbitral tribunal shall apply the law designated by the parties as applicable to the substance of the dispute. Failing such designation by the parties, the arbitral tribunal shall

apply the law determined by the conflict of laws rules which it considers applicable.

2. The arbitral tribunal shall decide as *amiable compositeur* or *ex aequo et bono* only if the parties have expressly authorized the arbitral tribunal to do so and if the law applicable to the arbitral procedure permits such arbitration.

3. In all cases, the arbitral tribunal shall decide in accordance with the terms of the contract and shall take into account the usages of the trade applicable to the transaction.

## *SETTLEMENT OR OTHER GROUNDS FOR TERMINATION*

## Article 34

1. If, before the award is made, the parties agree on a settlement of the dispute, the arbitral tribunal shall either issue an order for the termination of the arbitral proceedings or, if requested by both parties and accepted by the tribunal, record the settlement in the form of an arbitral award on agreed terms. The arbitral tribunal is not obliged to give reasons for such an award.

2. If, before the award is made, the continuation of the arbitral proceedings becomes unnecessary or impossible for any reason not mentioned in paragraph 1, the arbitral tribunal shall inform the parties of its intention to issue an order for the termination of the proceedings. The arbitral tribunal shall have the power to issue such an order unless a party raises justifiable grounds for objection.

3. Copies of the order for termination of the arbitral proceedings or of the arbitral award on agreed terms, signed by the arbitrators, shall be communicated by the arbitral tribunal to the parties. Where an arbitral award on agreed terms is made, the provisions of article 32, paragraphs 2 and 4 to 7, shall apply.

## *INTERPRETATION OF THE AWARD*

## Article 35

1. Within thirty days after the receipt of the award, either party, with notice to the other party, may request that the arbitral tribunal give an interpretation of the award.

2. The interpretation shall be given in writing within forty-five days after the receipt of the request. The interpretation shall form part of the award and the provisions of article 32, paragraphs 2 to 7, shall apply.

*CORRECTION OF THE AWARD*

## Article 36

1. Within thirty days after the receipt of the award, either party, with notice to the other party, may request the arbitral tribunal to correct in the award any errors in computation, any clerical or typographical errors, or any errors of similar nature. The arbitral tribunal may within thirty days after the communication of the award make such corrections on its own initiative.

2. Such corrections shall be in writing, and the provisions of article 32, paragraphs 2 to 7, shall apply.

*ADDITIONAL AWARD*

## Article 37

1. Within thirty days after the receipt of the award, either party, with notice to the other party, may request the arbitral tribunal to make an additional award as to claims presented in the arbitral proceedings but omitted from the award.

2. If the arbitral tribunal considers the request for an additional award to be justified and considers that the omission can be rectified without any further hearings or evidence, it shall complete its award within sixty days after the receipt of the request.

3. When an additional award is made, the provisions of article 32, paragraphs 2 to 7, shall

apply.

*COSTS (Articles 38 to 40)*

## Article 38

The arbitral tribunal shall fix the costs of arbitration in its award. The term "costs" includes only:

*(a)* The fees of the arbitral tribunal to be stated separately as to each arbitrator and to be fixed by the tribunal itself in accordance with article 39;

*(b)* The travel and other expenses incurred by the arbitrators;

*(c)* The costs of expert advice and of other assistance required by the arbitral tribunal;

*(d)* The travel and other expenses of witnesses to the extent such expenses are approved by the arbitral tribunal;

*(e)* The costs for legal representation and assistance of the successful party if such costs were claimed during the arbitral proceedings, and only to the extent that the arbitral tribunal determines that the amount of such costs is reasonable;

*(f)* Any fees and expenses of the appointing authority as well as the expenses of the Secretary-General of the Permanent Court of Arbitration at The Hague.

## Article 39

1. The fees of the arbitral tribunal shall be reasonable in amount, taking into account the amount in dispute, the complexity of the subject-matter, the time spent by the arbitrators and any other relevant circumstances of the case.

2. If an appointing authority has been agreed upon by the parties or designated by the Secretary-General of the Permanent Court of Arbitration at The Hague, and if that

authority has issued a schedule of fees for arbitrators in international cases which it administers, the arbitral tribunal in fixing its fees shall take that schedule of fees into account to the extent that it considers appropriate in the circumstances of the case.

3. If such appointing authority has not issued a schedule of fees for arbitrators in international cases, any party may at any time request the appointing authority to furnish a statement setting forth the basis for establishing fees which is customarily followed in international cases in which the authority appoints arbitrators. If the appointing authority consents to provide such a statement, the arbitral tribunal in fixing its fees shall take such information into account to the extent that it considers appropriate in the circumstances of the case.

4. In cases referred to in paragraphs 2 and 3, when a party so requests and the appointing authority consents to perform the function, the arbitral tribunal shall fix its fees only after consultation with the appointing authority which may make any comment it deems appropriate to the arbitral tribunal concerning the fees.

## Article 40

1. Except as provided in paragraph 2, the costs of arbitration shall in principle be borne by the unsuccessful party. However, the arbitral tribunal may apportion each of such costs between the parties if it determines that apportionment is reasonable, taking into account the circumstances of the case.

2. With respect to the costs of legal representation and assistance referred to in article 38, paragraph *(e)*, the arbitral tribunal, taking into account the circumstances of the case, shall be free to determine which party shall bear such costs or may apportion such costs between the parties if it determines that apportionment is reasonable.

3. When the arbitral tribunal issues an order for the termination of the arbitral proceedings or makes an award on agreed terms, it shall fix the costs of arbitration referred to in article 38 and article 39, paragraph 1, in the text of that order or award.

4. No additional fees may be charged by an arbitral tribunal for interpretation or correction or completion of its award under articles 35 to 37.

*DEPOSIT OF COSTS*

## Article 41

1. The arbitral tribunal, on its establishment, may request each party to deposit an equal amount as an advance for the costs referred to in article 38, paragraphs *(a), (b)* and *(c).*

2. During the course of the arbitral proceedings the arbitral tribunal may request supplementary deposits from the parties.

3. If an appointing authority has been agreed upon by the parties or designated by the Secretary-General of the Permanent Court of Arbitration at The Hague, and when a party so requests and the appointing authority consents to perform the function, the arbitral tribunal shall fix the amounts of any deposits or supplementary deposits only after consultation with the appointing authority which may make any comments to the arbitral tribunal which it deems appropriate concerning the amount of such deposits and supplementary deposits.

4. If the required deposits are not paid in full within thirty days after the receipt of the request, the arbitral tribunal shall so inform the parties in order that one or another of them may make the required payment. If such payment is not made, the arbitral tribunal may order the suspension or termination of the arbitral proceedings.

5. After the award has been made, the arbitral tribunal shall render an accounting to the parties of the deposits received and return any unexpended balance to the parties.

_____

*Further information may be obtained from:*

UNCITRAL Secretariat
Vienna International Centre
P.O. Box 500
A-1400 Vienna, Austria
Telephone: (+43 1) 26060-4060
Telefax: (+43 1) 26060-5813
Internet: http://www.uncitral.org
E-mail: uncitral@uncitral.org