# Exhibit D

United States Department of State

Washington, D.C. 20520

February 28, 2005

*By E-Mail and Facsimile*

Professor Emmanuel Gaillard
Shearman & Sterling LLP
114, avenue des Champs-Elysées
75008 Paris
France

Conrad Harper, Esq.
350 East 57th Street
New York, New York 10022

Professor Joseph H.H. Weiler
New York University
  School of Law
40 Washington Square
New York, New York 10012

Re: *Canfor Corporation v. United States of America*

Dear Members of the Tribunal:

On behalf of respondent United States of America and in accordance with the Tribunal's e-mail of February 21, the United States respectfully responds to Canfor's letter of February 18 in which it requests that Mr. Harper withdraw from these proceedings. No justifiable doubts exist as to Mr. Harper's impartiality and independence. Mr. Harper, therefore, should decline Canfor's request.

Pursuant to the UNCITRAL Arbitration Rules, an arbitrator may be challenged only if "circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality or independence."[1] No such circumstances exist here. Mr. Harper's disclosure of a lawsuit pending against the Harvard Corporation, of which he is a director, appears to have been made out of an abundance of caution. Mr. Harper's attenuated role in that litigation does not call into doubt his impartiality or independence as an arbitrator in this proceeding. While broad disclosure is commendable and encouraged, no presumption regarding disqualification arises merely from a disclosure having been made.[2]

---

[1] UNCITRAL Arbitration Rules, Article 10(1).

[2] *See, e.g.,* International Bar Association Guidelines on Conflicts of Interest in International Arbitration, Part II, ¶ 4 (22 May 2004).

-2-

Moreover, in the litigation in question, Harvard is adverse to the United States, not to Canfor. The litigation therefore cannot give rise to any appearance of bias against *Canfor* in this arbitration. And, to the extent it gives rise to any conflict with respect to the United States, the United States waives any such supposed conflict.

If tangential relationships such as those present here were misconstrued as a conflict of interest, challenges to arbitrators would proliferate, making it increasingly difficult to appoint arbitrators. This is especially true with respect to arbitrations involving State parties, which are comprised of multiple branches, numerous agencies and countless officials.

No valid grounds exist for challenging Mr. Harper as an arbitrator in this case. Mr. Harper thus is under no obligation to resign. In fact, his resignation at this late stage of the proceedings would be exceedingly inefficient and costly to the parties. Canfor's baseless objection should not provide a ground for delay, and the United States urges the Tribunal to proceed with its deliberations. In the event that Mr. Harper declines Canfor's request to resign and Canfor challenges Mr. Harper, the United States reserves its right to make further submissions opposing any such challenge to the Secretary-General of the International Centre for the Settlement of Investment Disputes.

Respectfully submitted,

*Andrea J. Mehaker*
Andrea J. Mehaker
Chief, NAFTA Arbitration Division
Office of International Claims and
  Investment Disputes

Copies:
Yas Banifatemi, Esq.
P. John Landry and
  Keith E.W. Mitchell, Esqs.