# Exhibit E



United States Department of State

Washington, D.C. 20520

March 7, 2005

*By Facsimile*

Mr. Roberto Dañino
Secretary-General
International Centre for Settlement
 Of Investment Disputes
1818 H Street, N.W.
Washington, D.C. 20433

    Re:    *Canfor Corp. v. United States of America;*
              *Terminal Forest Products Ltd. v. United States of America;* and
              *Tembec Inc., et al. v. United States of America*

Dear Mr. Dañino:

       Pursuant to Article 1126(3) of the NAFTA, the United States respectfully requests that the Secretary-General establish a tribunal in accordance with Article 1126(5) to decide issues of fact and law common to three arbitrations pending under NAFTA Chapter Eleven, *Canfor Corp. v. United States of America, Terminal Forest Products Ltd. v. United States of America* and *Tembec Inc., et al. v. United States of America*.

       On March 2, 2005, a member of the *Canfor* tribunal withdrew from that proceeding while the United States' objection to jurisdiction was pending. The United States has filed a similar objection to jurisdiction in the *Tembec* arbitration, which is in the process of being briefed. In light of the *Canfor* arbitrator's resignation and the resulting delays to that proceeding, and in the interest of fair and effective dispute resolution, the United States seeks consolidation of the three NAFTA arbitrations.

       Article 1126(5) of the NAFTA provides that "the Secretary-General shall establish a tribunal comprising three arbitrators" within sixty-days of receiving a request by a disputing party. The tribunal may, "in the interests of fair and efficient resolution of the claims," consolidate any claims "that have a question of fact or law in common."[1]

       The relevant issues of fact and law in the three arbitrations are nearly identical. In addition, the United States intends to object to the jurisdiction of a tribunal established under Article 1126(5) on the same basis with respect to the three claimants' claims. Accordingly, in the interest of a fair and efficient resolution of the claims, the United requests the establishment of a tribunal under Article 1126(5) to decide the United States' objection to jurisdiction and, if necessary, resolve the claims on the merits.

---

[1] NAFTA art. 1126(2).

The United States sets forth below the procedural background of the three arbitrations. We then provide a brief overview of the issues of fact and law common to the three arbitrations.

*Procedural Background*

*Canfor*: Canfor Corporation, a Canadian forest products company, filed a notice of arbitration under NAFTA Chapter Eleven and the UNCITRAL Arbitration Rules on July 11, 2002.[2] Canfor alleges breaches of Articles 1102, 1103, 1105 and 1110 of the NAFTA with respect to certain U.S. antidumping and countervailing duty determinations.[3] The United States objected to the jurisdiction of the tribunal, and a hearing on jurisdiction was held in December 2004.[4] On March 2, 2005, before the tribunal rendered its decision on jurisdiction, one of the tribunal members withdrew from the proceedings. A replacement arbitrator has not yet been appointed. In the absence of consolidation, a rehearing of the United States' objection would likely be necessary.[5]

*Terminal Forest Products*: Terminal Forest Products, also a Canadian forest products company, filed its notice of arbitration under NAFTA Chapter Eleven and the UNCITRAL Arbitration Rules on March 30, 2004.[6] Terminal Forest Products is represented by the same counsel as Canfor. Terminal Forest Product's notice of arbitration is virtually identical in all relevant respects to that of Canfor. No tribunal has yet been constituted in this case.

*Tembec*: Tembec Inc., Tembec Investments Inc. and Tembec Industries Inc. (collectively "Tembec"), also Canadian forest product companies, submitted a claim to arbitration under NAFTA Chapter Eleven and the UNCITRAL Arbitration Rules on April 5, 2004.[7] Tembec alleges breaches of the same NAFTA provisions as Canfor and Terminal Forest Products with respect to the same antidumping and countervailing duty determinations. A tribunal has been constituted and the United States filed an objection to jurisdiction on February 4, 2005.[8] That objection is in the process of being briefed, and a hearing on jurisdiction is scheduled for June 2005. The United States has sought a stay of those proceedings pending a decision on consolidation.

---

[2] Canfor's Notice of Arbitration and Statement of Claim ("Canfor Statement") is appended hereto as Exhibit A.

[3] *See id.* ¶¶ 96-106.

[4] The parties' submissions on jurisdiction and the hearing transcript are available at http://www.state.gov/s/l/c7424.htm.

[5] *See* UNCITRAL Arbitration Rules art. 14.

[6] Terminal Forest Products' Notice of Arbitration ("Terminal Forest Products Notice") is appended hereto as Exhibit B.

[7] Tembec's Notice of Arbitration and Statement of Claim ("Tembec Statement") is appended hereto as Exhibit C.

[8] The U.S. objection to jurisdiction is available at http://www.state.gov/documents/organization/42165.pdf.

*Issues of Fact and Law Common To the Three Arbitrations*

The relevant issues of fact and law in the three notices of arbitration are nearly identical. Canfor, Terminal Forest Products and Tembec each allege breaches with respect to the same U.S. government measures, including: (i) the U.S. International Trade Commission's ("ITC") May 2001 preliminary material injury determination concerning softwood lumber imports from Canada;[9] (ii) the U.S. Department of Commerce's ("Commerce") August 2001 preliminary antidumping and countervailing duty determinations (as well as its preliminary critical circumstances finding);[10] (iii) Commerce's March 2002 final antidumping and countervailing duty determinations;[11] (iv) the ITC's May 2002 final material injury determination;[12] and (v) the *Continued Dumping and Subsidy Offset Act of 2000* (the "Byrd Amendment").[13] Likewise, Canfor, Terminal Forest Products and Tembec allege breaches of the same NAFTA provisions, including Article 1102 (national treatment), Article 1103 (most-favored-nation treatment), Article 1105 (minimum standard of treatment) and Article 1110 (expropriation).[14]

In addition, for purposes of the United State's objection to jurisdiction, the legal issues with respect to the three arbitrations are nearly identical. In a consolidated proceeding, the United States would object to the jurisdiction of the tribunal over the claims of all three claimants on the basis of Articles 1901(3) and 1101(1), and over the claims of Canfor and Tembec on the basis of Article 1121(1).

Accordingly, in light of the similarity of the issues of fact and law in the three arbitrations, in the interest of a fair and efficient resolution of those claims, and to avoid the possibility of conflicting determinations, the United States requests that the Secretary-General establish a tribunal under Article 1126(5) of the NAFTA.

Respectfully submitted,

*[signature]*

Mark A. Clodfelter
Assistant Legal Adviser for International
Claims and Investment Disputes

---

[9] *See* Canfor Statement ¶ 108; Tembec Statement ¶¶ 28-31, 101(b).

[10] *See* Canfor Statement ¶¶ 110-22; Terminal Forest Products Notice ¶¶ 21-24; Tembec Statement ¶¶ 32-47, 101(c).

[11] *See* Canfor Statement ¶¶ 123-30; Terminal Forest Products Notice ¶¶ 22, 26; Tembec Statement ¶¶ 51-61, 101(d).

[12] *See* Canfor Statement ¶ 149; Terminal Forest Products Notice ¶¶ 22, 27; Tembec Statement ¶¶ 68-72, 101(f).

[13] *See* Canfor Statement ¶¶ 141-47; Terminal Forest Products Notice ¶¶ 41-49; Tembec Statement ¶¶ 26-27, 101(a), (g).

[14] *See* Canfor Statement ¶¶ 96-106; Terminal Forest Products Notice ¶¶ 19-40; Tembec Statement ¶ 100-10.