# Exhibit I



United States Department of State

*Washington, D.C.   20520*

April 7, 2005

*By Facsimile*

Mr. Gonzalo Flores
International Centre for
   Settlement of Investment Disputes
1818 H Street, N.W.
Washington, D.C.  20433

Re:   *Canfor Corp. v. United States of America;*
      *Terminal Forest Products Ltd. v. United States of America;* and
      *Tembec Inc. et al. v. United States of America*

Dear Mr. Flores:

On behalf of respondent United States of America, we briefly respond to Tembec's April 6 letter objecting to the appointment of Mr. Greenwood as an arbitrator in this matter. Tembec's objections are groundless.

*First*, Tembec's complaint that the United States' April 1 letter did not disclose Mr. Greenwood's participation in the *Loewen* arbitration lacks merit, as that fact was fully disclosed to all parties with ICSID's letter of March 18.[1]

*Second*, in an attempt to bolster its claim that a conflict exists, Tembec cites examples from the IBA Guidelines on Conflicts that do not apply here.  Mr. Greenwood has never "given legal advice or provided an expert opinion on *th[is] dispute*."[2]  He does not "currently represent[] or advise[] one of the parties."[3]  He was never a "former employee or partner" of a party.[4]  And the August 16, 2001 legal opinion on which Tembec relies, as well as the two other legal opinions given by Mr. Greenwood in the *Loewen* arbitration, all were made more than three years ago.

*Finally*, Tembec's contention that Mr. Greenwood's interpretation of NAFTA Article 1105(1) gives rise to a substantive conflict is baseless.  Mr. Greenwood merely opined that "Article 1105 . . . was not intended to embody a standard going beyond the requirements of

---

[1] *See curriculum vitae* of Christopher John Greenwood, CMG, QC ("Expert witness called by the United States of America in *Loewen v. United States of America*.").

[2] *Id.* art. 2.1.1 (emphasis added).

[3] *Id.* art. 2.3.1.

[4] *Id.* art. 3.4.2.

-2-

customary international law."[5] That interpretation has been confirmed by the NAFTA Free Trade Commission and is binding on all Chapter Eleven Tribunals.[6] Tembec's attempt to generate a substantive disagreement with Mr. Greenwood should therefore be rejected.

While the United States agrees with claimants' objections to the appointment of Mssrs. Johnson and Rowley, it cannot agree with their objections to Mr. Greenwood. The United States respectfully requests that ICSID reject claimants' attempt to delay the constitution of a tribunal in this matter and appoint Mr. Greenwood as an arbitrator.

Respectfully submitted,

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
Investment Disputes

Copies:
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.
Elliot J. Feldman, Esq.
Mark A. Cymrot, Esq.

---

[5] See Loewen Group Inc. & Raymond Loewen v. United States of America, Second Opinion of Christopher Greenwood (Aug. 16, 2001) at 33.

[6] See NAFTA Free Trade Commission, Notes of Interpretation of Certain Chapter 11 Provisions (July 31, 2001) ("[Article 1105(1)] do[es] not require treatment in addition to or beyond that which is required by customary international law minimum standard of treatment of aliens.").