# Exhibit M

# BAKER & HOSTETLER LLP

### COUNSELLORS AT LAW

WASHINGTON SQUARE, SUITE 1100 • 1050 CONNECTICUT AVENUE, N.W. • WASHINGTON, D.C. 20036-5304 • (202) 861-1500
FAX (202) 861-1783

ELLIOT J. FELDMAN
WRITER'S DIRECT DIAL NUMBER (202) 861-1679
E-MAIL: JFELDMAN@BAKERLAW.CO

May 2, 2005

**VIA FACSIMILE**

Mr. Jose Antonio Rivas
Secretary of the Tribunal
International Centre for Settlement
 of Investment Disputes
1818 H Street, N.W.
Washington, D.C. 20433

Re: *Tembec Inc. v. United States of America*

Dear Mr. Rivas:

On behalf of Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc. (collectively, "Tembec"), we are writing in regard to the appointment of Mr. Davis R. Robinson to the proposed Article 1126 Consolidation Tribunal as noted in ICSID's letter of April 19, 2005.

We understand that Mr. Robinson may have a familial relationship to the President of the United States, George W. Bush. The existence of such a relationship is a circumstance that could "give rise to justifiable doubts as to the arbitrator's impartiality and independence" in proceedings before the proposed Article 1126 tribunal.[1] Tembec's concerns about the appearance of such a relationship are heightened by Mr Robinson's prior service as a political appointee in two Republican Administrations. Mr. Robinson was Assistant Legal Counsel and Legal Adviser in the U.S. State Department, "the senior attorney in the U.S. Government on international law matters," as noted in Mr. Robinson's resumé. The office that Mr. Robinson once directed now represents the United States in Tembec's case. Absent some clarification about the nature of Mr. Robinson's relationships that would alleviate doubts, Tembec would be obliged to object to Mr. Robinson's appointment.

---

[1] UNCITRAL Rules Article 10(1); *see also* Standard 2(b), (*Conflicts of Interest*), *IBA Guidelines on Conflicts* (suggesting disqualification where "facts or circumstances exist ... that, from a reasonable third person's point of view having knowledge of the relevant facts, give rise to justifiable doubts as to the arbitrator's impartiality or independence....").

Mr. Jose Antonio Rivas
May 2, 2005
Page 2

Justifiable doubts about an arbitrator's impartiality arise when "[t]he arbitrator has a close family relationship with one of the parties or with a manager, director or member of the supervisory board or any person having a similar controlling influence in one of the parties or with a counsel representing the parties."[2] Publicly available information regarding President Bush's family relations suggests that Mr. Robinson may be related, either by blood or by law, to the President. The President has a controlling influence over the United States. President Bush is the Chief Executive of the U.S. Government and the final decision-maker in the Executive Branch for U.S. policy on international trade matters. He controls the U.S. Department of Commerce and nominates the six members of the U.S. International Trade Commission. President Bush also controls the U.S. State Department that has appeared on behalf of the United States in Tembec's case. President Bush has dealt personally with the softwood lumber dispute, the subject matter of Tembec's arbitration, in meetings with the Canadian Prime Minister and perhaps on other occasions. He has also discussed publicly, and privately with the Canadian Prime Minister and the President of México, problems with NAFTA's trade dispute institutions.

The unavoidable policy implications of Tembec's dispute with the United States increase apprehension about any tribunal member who could be seen as having strong ties to the current U.S. Administration or to the agencies engaged in the case. Tembec's claims concern measures undertaken by the Department of Commerce and the International Trade Commission during President Bush's Administration and allege improper political interference from different parts of the U.S. Government. The outcome of Tembec's dispute could have implications adverse to the President and his policy aims.

Were Mr. Robinson to serve as an arbitrator, his ability to be impartial and independent, in fact or in appearance, could be compromised by a close familial relationship to the President of the United States. Furthermore, Mr. Robinson would be asked to judge impartially between arguments made by the claimants and arguments made by the Office of the Legal Adviser of the U.S. State Department, which he once directed. Mr. Robinson's political appointment to that office under a Republican Administration amplifies Tembec's concerns.

Tembec does not question Mr. Robinson's integrity, nor does it seek to impugn the highly distinguished government service he has rendered for many years on behalf of the United States. Mr. Robinson already may have disclosed to ICSID the nature of any personal or familial relationship he may have to the President and any concerns about ties to the Office of the Legal Adviser. However, Tembec is not yet aware of any disclosures and is concerned about the appearance of impartiality and independence among the members of the proposed tribunal. Therefore, unless Mr.

---

[2] IBA Guidelines on Conflicts, example 2.3.8.

Mr. Jose Antonio Rivas
May 2, 2005
Page 3

Robinson's relationships can be clarified to allay these concerns, Tembec would request that ICSID appoint an alternative candidate.

                         Respectfully,

                         Elliot J. Feldman
                         BAKER & HOSTETLER LLP
                         1050 Connecticut Avenue, N.W.
                         Suite 1100
                         Washington, DC 20036

                         Counsel to Tembec Inc., Tembec Investments
                         Inc., and Tembec Industries Inc.

cc:    Gonzalo Flores, Esq.
       Mark A. Clodfelter, Esq.
       Andrea Menaker, Esq.
       Mark McNeill, Esq.
       P. John Landry, Esq.
       Keith Mitchell, Esq.