# Exhibit N

FROM WB-ICSID                                    (FRI) 5. 6'05 18:12/ST. 18:06/NO. 4864117028 P 4

**Davis R. Robinson**
**3729 Fordham Road, N.W.**
**Washington, D.C. 20016**
**Office Telephone: (202) 986-8049**
**Office Facsimile: (202) 986-8102**
**Office E-Mail: drrobins@llgm.com**

May 6, 2005

*VIA FACSIMILE AND MAIL*

Gonzalo Flores, Esq.
Senior Counsel
International Centre for Settlement of Investment
    Disputes (ICSID)
The World Bank Group
1818 H Street, N.W.
Washington, D.C. 20433

> Re: Canfor Corporation v. United States of America; Terminal Forest Products Ltd. v. United States of America; Tembec et al. v. United States of America; Request for the Establishment of a Consolidation Tribunal Pursuant to NAFTA Article 1126

Dear Mr. Flores:

Thank you for today's e-mail message requesting my acceptance to appointment as an arbitrator to serve on a Consolidation Tribunal to be established pursuant to a request submitted under Article 1126 of the North American Free Trade Agreement (NAFTA). I hereby formally accept this appointment, and it is a privilege to do so.

As we have discussed by telephone, I have had no prior involvement or association with Canfor Corporation, Terminal Forest Products Ltd. or the Tembec affiliates to which you made reference in earlier telephone conversations. Furthermore, I am not aware (a) of any conflict of interest that would result from my acceptance of this appointment or (b) of any fact or circumstance that could give rise to any justifiable doubts as to my impartiality and independence. I have, of course, until today's e-mail message from you requesting my acceptance of this appointment, had no occasion or responsibility to make any statement or disclosure to the parties or their counsel.

I wish to comment in this regard upon the contents of one attachment to your May 6, 2005 e-mail message, to wit, a letter dated May 2, 2005 from Elliot J. Feldman of Baker & Hostetler L.L.P., counsel to Tembec et al. (the "May 2 Letter"). In the May 2 Letter to Mr. Jose Antonio Rivas of ICSID, Mr. Feldman wrote in pertinent part: "We

Gonzalo Flores, Esq.
May 6, 2005
Page 2 of 2

understand that Mr. Robinson may have a familial relationship to the President of the United States ... Tembec's concerns about the appearance of such a relationship are heightened by Mr. Robinson's prior service as a political appointee in two Republic Administrations." For the information of ICSID, the parties and their counsel, my wife, Suzanne, is a first cousin, once removed, of the President.[1] As such, I have no personal family blood relationship with the President whatsoever. Since the President assumed office in 2001, I have had the privilege of shaking hands with him on two occasions, once at a reception attended by approximately 500 people and on another occasion at a luncheon attended by approximately 250 people. I have had no further personal, direct contact with the President, and have held no substantive conversations with him on any subject, during this period.

With regard to the reference in the May 2 Letter regarding "prior service as a political appointee in two Republican Administrations," this reference is incorrect. My sole non-career appointment that required confirmation by the United States Senate was by President Ronald Reagan (a Republican) in 1981 to serve as the Legal Adviser to the United States Department of State. My prior Federal Government service during the 1960's followed my appointment by President John F. Kennedy (a Democrat) in 1961 as a junior career Foreign Service Officer, for which career position I was among the few selected following a nationwide and score-based examination process in which neither politics nor politicians played any role.

In further response to the May 2 Letter, I might add that, a number of years after the end in 1985 of my tenure as the Legal Adviser to the United States Department of State, I was chosen in 1992 to serve on a binational panel established to decide certain questions arising from a dispute between the United States and Canada pursuant to Chapter 18 of the Canada-United States Free Trade Agreement. The Final Report of the Panel dated February 8, 1993 in the matter styled "The Interpretation of, and Canada's Compliance with, Article 701.3 with Respect to Durum Wheat Sales" was adopted unanimously, and generally in favor of the position argued by Canada.

Please let me know if you, the parties or their counsel have any further questions or require any further information.

Very truly yours,

Davis R. Robinson

---

[1] As you may know, the President's larger family is sizeable, and she is one of twenty or more who fit this designation.