# Exhibit Q

# BAKER & HOSTETLER LLP

### COUNSELLORS AT LAW

WASHINGTON SQUARE, SUITE 1100 • 1050 CONNECTICUT AVENUE, N.W. • WASHINGTON, D.C. 20036-5304 • (202) 861-1500
FAX (202) 861-1783

ELLIOT J. FELDMAN
WRITER'S DIRECT DIAL NUMBER (202) 861-1679
E-MAIL: EFELDMAN@BAKERLAW.COM

May 9, 2005

**VIA E-MAIL AND FACSIMILE**

Mr. Gonzalo Flores
Mr. Jose Antonio Rivas
International Centre for Settlement
 of Investment Disputes
1818 H Street, N.W.
Washington, D.C. 20433

Re:  *Tembec Inc. v. United States of America; Canfor Corp. v. United States of America; Terminal Forest Products Ltd. v. United States of America*

Dear Messrs. Flores and Rivas:

On behalf of Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc. (collectively, "Tembec"), we are writing in regard to Mr. Flores' letter dated May 6, 2005, which states that "[t]he Consolidation Tribunal is accordingly deemed to be established on this date." As you are aware, we had raised questions about the appropriateness of Mr. Robinson's appointment to the proposed Article 1126 Consolidation Tribunal. Contemporaneously with your letter we received for the first time concrete information about Mr. Robinson's relation by marriage to the President of the United States. This information apparently had not been previously disclosed. It would be premature at this stage to assume that the Article 1126 tribunal is fully operative, or that it should be making substantive decisions affecting Tembec's rights to arbitration under Articles 1116, 1117 and 1120, before Tembec has been given the time provided in the UNCITRAL rules to determine whether to proceed with a formal arbitrator challenge.

The UNCITRAL Arbitration Rules governing the Article 1126 proceedings provide Tembec 15 days from learning of "circumstances that give rise to justifiable doubts about an arbitrator's impartiality or independence" in which to respond. See Articles 10 and 11 of the UNCITRAL Rules. Consistent with these rules, Tembec must be allowed time to evaluate the previously undisclosed information regarding Mr.

Mr. Jose Antonio Rivas
May 9, 2005
Page 2

Robinson's relation to the President of the United States, especially in light of known information regarding Mr. Robinson's prior representation of the United States.

The United States has asked the Article 1126 Tribunal to stay proceedings in *Tembec Inc. et al v. United States*, even before Tembec has been allowed to determine whether to make a formal arbitrator challenge based on the information received after close of business just one business day ago. *See* United States' May 9, 2005 letter to the proposed Article 1126 tribunal. The United States attributes the urgency of its request to the immediacy of a hearing on jurisdictional issues in that case and the need to expend resources in preparation for the hearing. Tembec, however, has asked its Tribunal to resolve the jurisdictional issues based on the briefs provided, without need for resort to a hearing, and the United States has not objected to Tembec's request. Were the Tribunal to make its decision on the arguments presented in the briefs, no hearing preparation expenses would be necessary, and there would be no urgency for the Article 1126 tribunal to take action before Tembec had exercised its rights within the reasonable time limitations provided in the UNCITRAL Rules.

Even were the United States to insist upon a hearing, its protest about preparation time and expense must be understood in the context of its rush to consolidate. The United States recently completed three days of hearings before a Chapter 11 tribunal on the very issues for which it would now need to prepare. Were the issues so identical as to justify consolidation, little or no new preparation would be required. Were the issues so different as to require such preparation, there would be no basis for consolidation. The United States is reporting to a tribunal it is rushing to declare empowered that it must act swiftly to spare the United States of an expense that, according to the reasoning behind the demand for consolidation, the United States should not need to incur.

ICSID and the members of the proposed Article 1126 Consolidation Tribunal should pause to consider the United States' urgency that the Article 1126 Tribunal rush to stay proceedings of Tembec's Article 1120 Tribunal in the face of "a decision [that] may be issued before this Tribunal has an opportunity to decide whether to consolidate [and] render moot this [Article 1120] Tribunal's function." Article 1126 has its purpose in the scheme of NAFTA Chapter 11, but that purpose does not include frustrating the decisions of duly constituted tribunals under Article 1120, nor does it include exposing Chapter 11 claimants to duplicative proceedings after having expended significant time and resources to obtain an adjudication of claims on the merits. Article 1126 may be a shield against duplicative proceedings, but it must not be a sword to eviscerate established tribunals and to avoid their judgments.

Neither the presumptive finality of the proposed Article 1126 tribunal, nor the United States' request for immediate action furthers the "efficiency goals of Article 1126" cited by the United States. Tembec respectfully requests that it be allowed to complete its evaluation of Mr. Robinson's role as a tribunal member in the time allotted

Mr. Jose Antonio Rivas
May 9, 2005
Page 3

by the UNCITRAL Rules, and that any question of whether to stay Tembec's proceedings be deferred for debate by the parties until the membership of the Article 1126 tribunal has been settled by all of the parties in accordance with the rules.

Respectfully,

Elliot J. Feldman
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Counsel to Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc.

cc: Mark A. Clodfelter, Esq.
    Andrea Menaker, Esq.
    Mark McNeill, Esq.
    P. John Landry, Esq.
    Keith Mitchell, Esq.