# Exhibit R



United States Department of State

*Washington, D.C. 20520*

May 10, 2005

*By Facsimile*

Prof. Albert Jan van den Berg
Davis R. Robinson, Esq.
Prof. Armand de Mestral
c/o Mr. Gonzalo Flores
Senior Counsel, ICSID
1818 H Street, N.W.
Washington, D.C. 20433

    Re:    *Tembec Inc. et al. v. United States of America;*
             *Canfor Corp. v. United States of America;* and
             *Terminal Forest Products Ltd. v. United States of America*

Dear Members of the Tribunal:

      On behalf of respondent United States of America, we write to correct certain misstatements in Tembec's letter to Messrs. Flores and Rivas of May 9, 2005.

      *First*, Tembec errs in suggesting that the United States' request for a stay is premature and that this Tribunal lacks authority to grant the relief requested by the United States. As stated unequivocally in ICSID's letter of May 6, 2005, this Tribunal was duly constituted as of that date. Accordingly, the Tribunal has the authority to act and to issue a stay pursuant to NAFTA Article 1126(9). Should Tembec choose to challenge Mr. Davis on the basis of the same publicly-available information that it discovered and complained about after ICSID notified the parties of Mr. Davis's appointment, any such challenge will be addressed at that time. There is, however, no basis in the UNCITRAL Arbitration Rules to support Tembec's suggestion that a duly constituted tribunal is not operative until the time for challenging an arbitrator under the rules has expired. Tembec's attempt to delay this Tribunal's constitution and interfere with its ability to take action to preserve its jurisdiction thus should be rejected.

      *Second*, the United States wishes to make clear that it has not accepted, and does not intend to accept, Tembec's offer to have the *Tembec* tribunal decide the United States' jurisdictional objections without the opportunity for a hearing.[1] The United States views a hearing as an important step in the arbitral process that allows the parties to answer any questions the tribunal members may have. As this Tribunal will no doubt appreciate, preparation for any oral hearing requires a substantial amount of time and requires that several individuals be absent from the office for extended periods of time. Such effort and expenditure of resources to prepare for and participate in the *Tembec* hearing would be wasted if this Tribunal were to assume jurisdiction over

---

[1] *See* UNCITRAL Arbitration Rules Article 15(2) ("If either party so requests at any stage of the proceedings, the arbitral tribunal shall hold hearings . . . for oral argument.").

-2-

the consolidated cases. Similarly, the parties' and the tribunals' resources would be wasted were the *Tembec* or *Canfor* tribunals to begin deliberations, only to have this Tribunal decide to assume jurisdiction over those cases.

For the reasons set forth in our letter dated May 9, 2005, and those set forth above, the United States respectfully urges this Tribunal to issue a stay of the *Tembec* and *Canfor* arbitrations forthwith.

Respectfully submitted,

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
  Investment Disputes

Copies:
Elliott J. Feldman, Esq.
Mark A. Cymrot, Esq.
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.
José Antonio Rivas