# Exhibit S

Case 1:05-cv-02345-RMC    Document 12-20    Filed 03/28/2006    Page 1 of 8

# BAKER & HOSTETLER LLP

### COUNSELLORS AT LAW

WASHINGTON SQUARE, SUITE 1100 • 1050 CONNECTICUT AVENUE, N.W. • WASHINGTON, D.C. 20036-5304 • (202) 861-1500
FAX (202) 861-1783

ELLIOT J. FELDMAN
WRITER'S DIRECT DIAL NUMBER (202) 861-1679
E-MAIL: EFELDMAN@BAKERLAW.COM

May 12, 2005

**VIA FACSIMILE**

Mr. Roberto Dañino
Secretary-General
ICSID
1818 H Street, N.W.
Washington D.C. 20433

    Re:   *Tembec Inc. et al. v. United States of America;*
           *Canfor Corp. v. United States of America;* and
           *Terminal Forest Products Ltd. v. United States of America*

Dear Secretary Dañino:

    On behalf of Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc. (collectively "Tembec"), we write in regard to ICSID's letter dated May 6, 2005, which stated that the Consolidation Tribunal requested by the United States under NAFTA Article 1126 for the cases referenced above "is accordingly deemed to be established on this date." ICSID's statement is premature and inconsistent with the UNCITRAL Rules that govern the formation of tribunals under NAFTA Article 1126. To the extent that the May 6, 2005 letter has any legal significance with respect to the formal establishment of the proposed Article 1126 tribunal, we request that ICSID withdraw its letter.

    The factual background of the United States' request for consolidation provides important context to the formation of the Article 1126 tribunal:

- On March 7, 2005, the United States requested that ICSID establish a tribunal under NAFTA Article 1126 for the *Tembec, Canfor,* and *Terminal* cases on the basis that an arbitrator in *Canfor* (specifically, the arbitrator appointed by the United States) had resigned from that tribunal while its decision on the United States' objection to jurisdiction in that case was pending.[1]

---

[1] *See* Letter form Mark A. Clodfelter to Mr. Roberto Dañino (Mar. 7, 2005) at 1. *See also* Letter from Keith E.W. Mitchell to Gonzalo Flores (Apr. 1, 2005) at 2 (referring to resignation of Mr. Harper).

CINCINNATI • CLEVELAND • COLUMBUS • COSTA MESA • DENVER • HOUSTON • LOS ANGELES • NEW YORK • ORLANDO • WASHINGTON, D.C.
*International Affiliates* — SÃO PAULO, BRAZIL • JUÁREZ, MEXICO
www.bakerlaw.com

Secretary General Robert Dañino
May 12, 2005
Page 2

- ICSID wrote to the parties to the proposed consolidation tribunal on March 18, 2005 stating that it was considering appointment of Prof. Christopher J. Greenwood as the tribunal chair, Mr. J. William Rowley QC as the representative from Canada, and Mr. O. Thomas Johnson Jr. as the representative from the United States to the proposed Article 1126 tribunal. ICSID requested that the parties provide any objections about the appointment of those candidates by April 1, 2005.

- On April 1, 2005, counsel for Tembec and counsel for Canfor both objected to the appointment of Messrs. Rowley and Johnson on the basis that they were employed by law firms involved in the U.S. trade proceedings entitled *Certain Softwood Lumber Products from Canada*.[2] The United States objected to Mr. Rowley's appointment on the basis of his law firm's involvement in the *Softwood Lumber* proceedings, but conspicuously not to Mr. Johnson's appointment, although he personally was representing a party in those proceedings.[3] Counsel to Tembec and Canfor also objected to the appointment of Professor Greenwood on the basis that he recently had been employed by the United States as an expert in another NAFTA Chapter 11 case.[4]

- The United States responded in opposition to the objections to Professor Greenwood on April 4, 2005, arguing that he should yet be appointed to the Article 1126 tribunal.[5] Tembec renewed its objection to Professor Greenwood on April 6, 2005 on the basis of his contractual relationship with the United States.[6] The United States renewed its defense of Professor Greenwood on April 7, 2005 and also stated for the first time that it agreed with the objection to Mr. Johnson.[7] Counsel to Canfor and Terminal reiterated their objections to Professor Greenwood on April 7, 2005.[8]

- ICSID next wrote to the parties on April 19, 2005 and stated "we are appointing to the Consolidation Tribunal Dr. Albert Jan van den Berg of the Netherlands, as presiding arbitrator, and Mr. Davis R. Robinson, a U.S. national and Mr. L. Yves Fortier, a national of Canada as co-arbitrators."[9]

---

[2] See Letter from Elliot J. Feldman to Jose Antonio Rivas (Apr. 1, 2005) at 2; Letter from Keith E.W. Mitchell to Gonzalo Flores (Apr. 1, 2005) at 2.
[3] See Letter from Andrea J. Menaker to Gonzalo Flores (Apr. 1, 2005) at 1.
[4] See Letter from Elliot J. Feldman to Jose Antonio Rivas (Apr. 1, 2005) at 1; Letter from Keith E.W. Mitchell to Gonzalo Flores (Apr. 1, 2005) at 2.
[5] See Letter from Andrea J. Menaker to Gonzalo Flores (Apr. 4, 2005) at 1.
[6] See Letter from Elliot J. Feldman to Jose Antonio Rivas (Apr. 6, 2005).
[7] See Letter from Andrea J. Menaker to Gonzalo Flores (Apr. 7, 2005) at 1.
[8] See Letter from Keith E.W. Mitchell to Gonzalo Flores (Apr. 7, 2005) at 1.
[9] See Letter from Gonzalo Flores to the parties (Apr. 19, 2005) at 1.

Secretary General Robert Dañino
May 12, 2005
Page 3

- The United States wrote to ICSID on April 22, 2005 stating that it had no objection to the appointment of Mr. van den Berg or Mr. Robinson, but objected to the appointment of Mr. Fortier on the basis that his law firm had been involved with the *Softwood Lumber* proceedings.[10]

- On May 2, 2005, Tembec wrote to ICSID raising questions about Mr. Robinson's suitability for the Article 1126 tribunal and asking for clarification of certain information to provide a basis for Tembec to determine whether to formally challenge Mr. Robinson's appointment.[11]

- ICSID wrote to the parties on May 4, 2005 to inform them that Mr. Fortier had withdrawn from consideration for the consolidation tribunal, and added, "we are appointing Professor Armand de Mestral, a national of Canada, as a co-arbitrator in this case."[12]

- ICSID wrote to the parties again on May 6, 2005 stating:

  > I am pleased to confirm that Dr. Albert Jan van den Berg, Professor Armand de Mestral and Mr. Davis R. Robinson have accepted their appointments as presiding arbitrator and co arbitrators, respectively, in the Consolidation Tribunal that will decide the United States' Request for Consolidatoin under NAFTA Article 1126 of March 7, 2005.
  >
  > Attached please find a copy of a statement that we have received today from Mr. Robinson with his acceptance.
  >
  > The Consolidation Tribunal is accordingly deemed to be established on this date.[13]

    Submitted contemporaneously with that letter was information provided by Mr. Robinson in response to questions raised by Tembec regarding the appearance of conflicts of interest. The letter from Mr. Robinson provided new information not previously available to Tembec regarding Mr. Robinson's potential conflicts of interest.

- On May 9, 2005, the United States requested that named members of the Article 1126 tribunal issue an order to stay proceedings in the *Tembec* and *Canfor* cases in light of the immediate need, in its view, to prevent the June 2-

---

[10] See Letter from Andrea J. Menaker to Gonzalo Flores (Apr. 22, 2005) at 1.
[11] See Letter from Elliot J. Feldman to Jose Antonio Rivas (May 2, 2005).
[12] See Letter from Gonzalo Flores to the parties (May 4, 2005).
[13] See Letter from Gonzalo Flores to the parties (May 6, 2005).

Secretary General Robert Dañino
May 12, 2005
Page 4

    3, 2005 hearing on jurisdictional issues in *Tembec* from going forward.[14] *Tembec* opposed the United States' request that same day, pointing out that the requested stay was premature because Tembec had not been allowed the 15 days allotted under the UNCITRAL Rules to evaluate the information provided by Mr. Robinson contemporaneously with ICSID's May 6 letter.[15]

- On May 10, 2005, counsel to Canfor provided a letter to the parties advising that Professor Armand de Mestral is of counsel to a law firm that is pursuing another NAFTA Chapter 11 claim against the United States, and that Professor Todd Weiler was acting as co-counsel with that firm in the other case while he continued as co-counsel to Canfor.

- The United States replied in opposition to Tembec on May 10, 2005. The United States relied on ICSID's May 6 letter to assert that the Article 1126 tribunal was duly constituted, and stated that any challenge that Tembec may raise with respect to Mr. Robinson "will be addressed at that time," meaning not before the formation of the tribunal. Meanwhile, it urged the named members of the Article 1126 tribunal again to stay the proceedings in *Tembec* and *Canfor*,[16] thus urging the named tribunal to take an important action even before a challenge to its formation could be heard. The United States did not comment upon the new information provided by Canfor's counsel about the potential conflict of interest concerning Professor de Mestral.

- On May 11, 2005, Canfor wrote to the Article 1126 tribunal requesting that any decision to stay proceedings be made after the time allowed to challenge arbitrators has expired under the UNCITRAL Arbitration Rules, and that the tribunal establish a schedule for briefing the question of the stay requested by the United States.[17]

    This factual background demonstrates the potential for conflicts of interest arising with candidates for the Article 1126 tribunal, particularly where one party (here, the United States) is intent on retaining arbitrators about whom questions of potential conflict are raised. An arbitration tribunal's legitimacy is at risk when the tribunal is empowered to take actions while questions remain unresolved as to the composition of the tribunal.

    The need for ICSID to declare a tribunal constituted cannot be justified by the UNCITRAL Rules, NAFTA, or by the United States' conduct. NAFTA Article 1126(1) specifies that consolidation tribunals appointed by ICSID must be established in

---

[14] See Letter from Andrea J. Menaker to Prof. Albert Jan van den Berg *et al* (May 9, 2005) at 1.
[15] See Letter from Elliot J. Feldman to Gonzalo Flores (May 9, 2005).
[16] See Letter from Andrea J. Menaker to Prof. Albert Jan van den Berg *et al* (May 10, 2005).
[17] See Letter from P. John Landry to Prof. Albert Jan van den Berg *et al* (May 11, 2005).

Secretary General Robert Dañino
May 12, 2005
Page 5

accordance with the UNCITRAL Arbitration Rules.[18] Where an appointing authority is charged with forming an arbitration tribunal, the UNCITRAL Rules require the appointing authority to take into account questions concerning potential conflicts of interest. Article 6(4) places an obligation on appointing authorities that, when making appointments, they "shall have regard to such considerations as are likely to secure the appointment of an independent and impartial arbitrator...." See also Article 7(3), Article 11(3) and Article 12(1) and (2) adopting appointment procedure under Article 6. Article 11(1) of the UNCITRAL Rules allows the parties 15 days to evaluate information that could give justifiable doubts about an arbitrator's impartiality or independence. See also Article 10(1). ICSID is not empowered to declare a tribunal constituted when the UNCITRAL Rules give the parties 15 days to review information about tribunal members, consistent with the obligation to secure the appointment of independent and impartial arbitrators. While NAFTA Article 1126 has a 60-day time frame for appointing a consolidation tribunal, that time frame cannot override the Rules that must be applied under Article 1126(1).

It is inconsistent with the obligations under the UNCITRAL Rules for ICSID to empower the Article 1126 tribunal to take actions binding on the parties before there has been adequate time provided, in accordance with the same Rules, for the parties to evaluate the independence and impartiality of the named arbitrators. The Rules allow a reasonable, limited period of time—15 days under Article 11(1)—for the parties to make such evaluations.[19] The limited time allowed by the Rules prevents any risk of unnecessary delays to the proceedings for unmeritorious challenges.

ICSID already has acted well within the 60-days required by Article 1126 but, unfortunately, the United States – as well as the other parties – found grounds to object to ICSID's initial appointments. Conspicuously, a nominee to whom the United States objected withdrew, but a nominee questioned by Tembec did not. Without further recourse, ICSID declared a tribunal thus approved by the United States, but not by Tembec, as duly constituted. There is a failure here of both process and justice.

The United States has interpreted ICSID's May 6, 2005 letter as empowering the Article 1126 tribunal to take action, even though the parties had only learned of the appointment of Professor de Mestral two days earlier, and the parties have not had 15 days to evaluate Mr. Robinson's statements in response to questions raising potential conflicts of interest. To consider a tribunal operative under such circumstances would create an entirely unnecessary risk that a party to the arbitration could be the victim of actions taken by an unqualified tribunal.

ICSID's premature declaration that the consolidation tribunal is constituted is abetting the United States' strategy, manifest for some eighteen months, of delay and

---

[18] See NAFTA Article 1126(1).
[19] The IBA Guidelines on Conflicts of Interest in International Arbitration allow twice as long (30 days) for parties to evaluate potential conflicts among named arbitrators. See Guideline 4(a).

Secretary General Robert Dañino
May 12, 2005
Page 6

disruption. The United States has not named a replacement for its arbitrator in *Canfor*, who resigned on March 2, 2005, nor has ICSID named a replacement. The United States' request for consolidation has been part of a strategy to delay these proceedings and avoid decisions, both on the jurisdictional objection raised by the United States, and on the merits.

Tembec first raised the issue of consolidation with the United States in January 2004. The United States then and on several occasions since has refused to commit itself. The United States raised frivolous objections about Tembec's waivers under NAFTA Articles 1116 and 1117, which ICSID overruled, but the issue took six months to resolve. The United States then asserted a frivolous jurisdictional defense, and on the eve of a jurisdictional hearing, requested consolidation to disrupt the hearing. It has taken eight months for the hearing to be scheduled, largely due to U.S. objections. Now the United States has moved to have the prematurely constituted consolidation tribunal stay the jurisdictional hearing it had required.

ICSID, until the last few days, has moved deliberately and carefully. Now it has rushed into denials of process and justice. Tembec respectfully requests that ICSID withdraw its May 6, 2005 statement deeming established the Article 1126 consolidation tribunal, and that ICSID reserve such declarations until the time for challenging the independence and impartiality of the proposed arbitrators has expired under the applicable UNCITRAL Rules. On that principle, the time allowed under Article 11 to challenge Mr. Robinson's appointment, based on the information provided in his letter received May 6, 2005, would run until the end of May 21, 2005. The time allowed under Article 11 to challenge Professor de Mestral's appointment should run from May 10, 2005, when the letter from Canfor disclosed a potential conflict of interest, until May 25, 2005. And whatever time may be required to achieve a tribunal free of conflicts thereafter must be respected in accordance with the UNCITRAL Rules.

Respectfully submitted,

Elliot J. Feldman
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington D.C. 20036

Counsel to Tembec Inc.
Tembec Investments Inc.
Tembec Industries Inc.

MAY 12 2005 21:38 FR BAKER HOSTETLER LLP           TO #04577684B1        P.08/08

Secretary General Robert Dañino
May 12, 2005
Page 7


cc:   Mark Clodfelter
      Andrea J. Menaker
      P. John Landry
      Keith E. W. Mitchell
      Gonzalo Flores
      Jose Antonio Rivas