# Exhibit W

United States Department of State

Washington, D.C. 20520

May 24, 2005

By Facsimile

Mr. Roberto Dañino
Secretary General
International Centre for
  Settlement of Investment Disputes
1818 H Street, N.W.
Washington, D.C. 20433

Re:  *Tembec Inc. et al. v. United States of America*;
     *Canfor Corp. v. United States of America*; and
     *Terminal Forest Products Ltd. v. United States of America*

Dear Mr. Dañino:

On behalf of respondent United States of America, we respond to Tembec's May 20 letter to Mr. Gonzalo Flores challenging Mr. Davis R. Robinson as an arbitrator in the above-captioned NAFTA Article 1126 proceeding. Tembec's challenge is untimely and, in any event, lacks merit.

The UNCITRAL Arbitration Rules governing this proceeding allow a party 15 days to challenge an arbitrator from the date of the arbitrator's appointment, or from the date the party learns of the circumstances giving rise to its challenge.[1] ICSID appointed Mr. Robinson on April 19. Mr. Robinson's *curriculum vitae*, attached to ICSID's April 19 letter, discloses Mr. Robinson's 1981 appointment to the position of Legal Adviser to the U.S. Department of State. Tembec thus had until May 4 to challenge Mr. Robinson on this basis. As Tembec did not do so by that date, its challenge to Mr. Robinson on the ground that he served previously as Legal Adviser is untimely and should be rejected by ICSID.[2]

Tembec's challenge on the basis of Mr. Robinson's relationship with the President of the United States is likewise untimely. On May 2, Tembec informed ICSID that it had "publicly available information" suggesting that Mr. Robinson has "a close familial relationship" with the President. Assuming Tembec learned that information only on May 2, Tembec had until May 17

---

[1] *See* UNCITRAL Arbitration Rules art. 11(1).

[2] Indeed, in its May 2 letter to ICSID, Tembec raised concerns regarding Mr. Robinson, including the fact that he had served as Legal Adviser. Thus, even assuming that Tembec overlooked the disclosure in Mr. Robinson's two-page *curriculum vitae*, Tembec knew no later than May 2 of Mr. Robinson's prior appointment as Legal Adviser. In that event, Tembec would have had until May 17 to challenge Mr. Robinson on that basis, and its May 20 challenge would therefore still be untimely.

to challenge Mr. Robinson. Accordingly, Tembec's May 20 challenge on the basis of that relationship is untimely and should be rejected.[3]

Tembec's challenge also fails on the merits. Mr. Robinson's appointment as Legal Adviser 25 years ago – long before the NAFTA came into force – does not call into question his ability to serve impartially as an arbitrator in this case. Notably, four other former State Department officials – including senior officials in the Office of the Legal Adviser – have been appointed to serve on NAFTA Chapter Eleven tribunals without being challenged on that basis.[4]

Moreover, Mr. Robinson's May 6 letter should allay any concerns Tembec professes to have about Mr. Robinson's supposedly "close familial relationship" with President Bush. That letter reveals that Mr. Robinson is not related by blood to the President, and is five degrees removed from him.[5] Moreover, as Mr. Robinson disclosed, he has had no personal relationship with President Bush since the President assumed office, and has never held any substantive conversations with President Bush during that time. Such an attenuated relationship does not give rise to justifiable doubts as to Mr. Robinson's ability to serve impartially and independently as an arbitrator in this matter.

Finally, Tembec's comparison of its challenge to the United States' objection to the appointments of Messrs. Rowley and Fortier is baseless. As ICSID is aware, Messrs. Rowley's and Fortier's law firms represent Canadian interests in the softwood lumber dispute. Those relationships presented a direct, financial conflict with Messrs. Rowley's and Fortier's roles as arbitrators in this proceeding. Indeed, all three claimants in this arbitration – including Tembec – objected to Mr. Rowley (as well as to Mr. Johnson) on precisely that basis.[6] Tembec's attempt in its May 20 letter to distance itself from that objection by claiming that it merely "sympathized" with the objection, but actually considered the relationship to be "tenuous," is disingenuous.

For the reasons set forth above, the United States disagrees with Tembec's challenge to the appointment of Mr. Robinson and respectfully requests that Mr. Robinson refuse Tembec's

---

[3] Tembec's suggestion that Mr. Robinson's May 6 letter revealed new information that confirmed its concerns is belied by the facts. As set forth below, Mr. Robinson's letter revealed that his familial and social connection to the President is highly attenuated, thus providing no new grounds for challenge beyond those already known by Tembec as of May 2.

[4] Warren Christopher, former Secretary of State, served as an arbitrator in *Methanex Corp. v. United States of America*; Conrad Harper, former Legal Adviser, served as an arbitrator in *Canfor Corp. v. United States of America*; Judge Stephen Schwebel, former Deputy Legal Adviser, served as an arbitrator in *Mondev International Ltd. v. United States of America*; and John R. Crook, former Assistant Legal Adviser, is serving as an arbitrator in *Grand River Enterprises et al. v. United States of America*.

[5] President Bush is Mr. Robinson's (i) wife's (ii) parent's (iii) sibling's (iv) offspring's (v) offspring.

[6] *See* letter dated April 1, 2005 from Tembec to ICSID ("Messrs. Rowley and Johnson are both partners at law firms that represent parties to the U.S. trade proceedings entitled *Certain Softwood Lumber Products from Canada*[,]" and thus "have conflicts of interest that disqualify them from serving on the Consolidation Tribunal."); *see also* letter dated April 1, 2005 from Canfor & Terminal Forest Products to ICSID ("[T]he Toronto office of Mr. Rowley's firm appears as counsel in connection with the ongoing Chapter 19 proceedings on behalf of a Canadian trade organization, and at least one other member of his firm is a registered lobbyist in connection with this dispute[,]" which is "obviously a relevant factor in considering … Mr. Rowley's appointment.").

request to withdraw as an arbitrator and that ICSID reject Tembec's challenge.

Respectfully submitted,

*Andrea J. Menaker*

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
  Investment Disputes

Copies:
Mr. Gonzalo Flores
Dr. Albert Jan van den Berg (through Mr. Flores)
Mr. Davis R. Robinson (through Mr. Flores)
Prof. Armand de Mestral (through Mr. Flores)
Elliot J. Feldman, Esq.
Mark A. Cymrot, Esq.
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.