# Exhibit Z

# BAKER & HOSTETLER LLP
### COUNSELLORS AT LAW

WASHINGTON SQUARE, SUITE 1100 • 1050 CONNECTICUT AVENUE. N.W. • WASHINGTON, D.C. 20036-5304 • (202) 861-1500
FAX (202) 861-1783

ELLIOT J. FELDMAN
WRITER'S DIRECT DIAL NUMBER (202) 861-1679
E-MAIL: EFELDMAN@BAKERLAW.COM

May 27, 2005

**VIA FACSIMILE**

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
c/o
Mr. Gonzalo Flores
ICSID
1818 H Street, N.W.
Washington D.C. 20433

Re:  Tembec Inc. v. United States; Canfor Corp. v. United States, Terminal Forest Products Ltd. v. United States

Dear Sirs:

We write on behalf of Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc. (collectively "Tembec"), in response to the United States' May 25 letter regarding the briefing and hearing schedule for the United States' request for consolidation. Tembec will not be able to submit a brief by June 2, and objects to the irregular assignment of simultaneous briefing, followed precipitously by a hearing without a reply brief, when there is a moving party.

The establishment of an Article 1126 tribunal under NAFTA and the procedures for addressing the question of consolidation are unprecedented. The United States' effort to replace decision-makers in arbitrations that have been in progress for a considerable time, in Tembec's case a year and half, and on the eve of decisions on a major issue, jurisdiction, should be viewed as extraordinary. The parties should be allowed time to prepare thorough arguments as to the new issue the United States has raised. There is no prejudice to the United States by allowing adequate additional time for responding parties to brief consolidation. The United States has already had proceedings stopped that had been organized far more deliberately and after consultation with the parties, after delaying them almost interminably, and any deferral of claims against the United States for damages favors only the United States.

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
May 27, 2005
Page 2

The Article 1126 tribunal should be aware that the underlying *Softwood Lumber* dispute now involves more than $4 billion collected in duty deposits by the United States, of which over $300 million belongs to Tembec. While the United States prolongs proceedings, it continues to collect money and disrupt trade. More than a half dozen NAFTA and WTO panels have ruled against the United States, each concluding that the United States has not respected its international obligations, nor its obligations under U.S. law. Just this past week a NAFTA panel concluded that Tembec should not be required to pay countervailing duties because its softwood lumber is not subsidized.

Instead of complying with these rulings, the United States has multiplied and delayed proceedings. There are now seventeen matters in which counsel is representing Tembec concerning these issues, and it is no secret that the United States has been relying on delay (while collecting duty deposits at over $10 million/day) to force Tembec and other Canadian companies to settle on disadvantageous terms. The imposition of a jurisdictional challenge, then stalled nearly a year already by U.S. delaying tactics, is mere prelude to the U.S. move here, interposing a consolidation process to make a decision on the merits of the claims even more remote. All these moves are part of the same piece, to prevent Tembec from presenting its case on the merits while collecting its money and demanding an unfair settlement. Thus, the Tribunal should recognize the significance of the Claimants' request in these circumstances for more time to address the issue of consolidation, where the extension of time works only in the favor of the United States.

We are surprised that the United States says it is able to get a full tribunal named, write a brief, and undertake a hearing on these unprecedented issues all in less than two months (brief and hearing in less than a month) when, in the *Canfor* case, the United States apparently has been unable to name its own replacement arbitrator after more than two months (despite the 30 days required under the UNCITRAL Rules) so that a decision on jurisdiction could be rendered; and in the *Tembec* case, the United States claimed to be unable to discuss objections to jurisdiction on Nov. 30, 2004; submit its brief on jurisdiction any sooner than February 4, 2005 (supposedly having already briefed the same issues in the *Canfor* case); schedule a hearing any sooner than June 2, 2005; write its rebuttal brief on jurisdiction when due on March 18, 2005 (an extension was needed); or prepare for a hearing on June 2, 2005, all, again, on subject matter the United States is claiming to the Article 1126 Tribunal is identical to subject matter previously briefed and argued. That the United States can now act so quickly when before it could not seem to act at all (it could not prepare a hearing only two weeks away on a subject about which it had written four briefs and had participated in three days of hearings) speaks to another agenda putting Tembec's case on the merits still further out of reach.

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
May 27, 2005
Page 3

Tembec does not believe that it will be able to submit a brief on consolidation by June 2, 2005, especially under circumstances where Tembec would have had no opportunity to even read the United States' arguments in favor of consolidation. Nor does Tembec think that a reasonable procedure should require it to do so. The United States says it is ready to file on June 2, and so it should, but a new date should be set for reply.

The United States argues unpersuasively that it "does not bear the burden of persuasion on the issue of consolidation" and that parties in opposition to the request for consolidation should be given no opportunity to read and respond to the United States' arguments. Neither the formation of this Tribunal; nor the stay of Article 1120 proceedings; nor the burden of briefs and hearings on consolidation arose *sua sponte*. Each arose at the request of the United States, as the United States acknowledges, and each imposes a burden on the Claimants who are entitled to submit claims to arbitration under NAFTA Article 1120. Having imposed the cost of hundreds of thousands of dollars on Tembec to defend for almost eight months against objections to jurisdiction, and then having obtained a stay of the hearing it requested on those objections, according to its own protracted timetable, and having asserted repeatedly that it did not intend to seek consolidation, the United States should be expected to go first and explain fully why it now believes consolidation to be "in the interests of fair and efficient resolution of the claims" under Article 1126(2).

Tembec proposes the following briefing schedule. The United States, having stated that it is prepared to do so, should submit its brief in favor of consolidation on June 2, 2005. The parties in opposition to consolidation should submit their rebuttal briefs on June 23, 2005, considerably less time than the United States said it had to have for replies in the jurisdictional proceedings, but enough time nonetheless. Should the tribunal allow the United States a short reply brief, that brief should be scheduled one week later, for June 30, 2005, in which case, the parties in opposition should be allowed a short rejoinder due July 8, 2005 (one additional day to account for the intervening U.S. holiday on July 4) (both the *Canfor* and *Tembec* tribunals ordered two rounds of briefing, led off by the moving party, concerning jurisdiction). A hearing on consolidation could be scheduled two to four weeks after the final brief (either the rebuttal or the rejoinder brief), and the decision could be scheduled two to four weeks after the hearing.[1]

This briefing schedule would allow the parties time to present their arguments on consolidation effectively while moving the proceedings along expeditiously. The schedule also may need to be modified to account for Tembec's

---
[1] By way of comparison, the schedule proposed by the United States in Tembec's case was . . . . The actual schedule largely followed the U.S. proposal.

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
May 27, 2005
Page 4

challenge of Mr. Robinson's appointment to the Tribunal (joined now by Canfor and Terminal) and the resolution of that challenge.

Tembec also suggests that the question of consolidation be bifurcated, separating the question of whether to consolidate jurisdictional issues and whether to consolidate claims on the merits. The United States sought and obtained bifurcation of jurisdiction from the merits in both *Tembec* and *Canfor*. Although the United States has injected arguments on the merits of *Tembec* and *Canfor* here, even before this Tribunal has assumed jurisdiction of such issues,[2] the merits of Claimants' claims have not been addressed in any of the cases proposed for consolidation, as per the United States' wishes. Oral and written arguments regarding consolidation of the merits of Claimants' claims would be considerably more time-consuming than arguments as to consolidation of the United States' single objection to jurisdiction in *Canfor* and three objections to jurisdiction in *Tembec*. Bifurcation of these issues here would make the Tribunal's proceedings on consolidation more efficient, especially in light of the different procedural posture of the cases.

The United States' jurisdictional objections have been completely briefed in *Canfor* and *Tembec*. A hearing on jurisdiction has been held in *Canfor* and only the decision remains to be issued, but there is no fully constituted tribunal. The hearing on jurisdiction had been scheduled in *Tembec*, which the United States wanted expressly to enable the Tribunal to present questions arising from the briefs. Tembec had asked its Tribunal to rule on the briefs absent any questions that would need to be addressed at a hearing. This Article 1126 Tribunal stayed Tembec's proceedings before an answer could be given to Tembec's request.

The issues on the merits also will be much more complex. They involve three different companies, and with respect to Canfor and Tembec, two substantially different sets of claims. Terminal has not even submitted a statement of claim and, therefore, Tembec is in no position to comment on the relationship of Terminal's putative claims with Tembec's.

Were the Tribunal to decide not to consolidate the jurisdictional segments of *Tembec* and *Canfor*, or alternatively, were the Tribunal's stay lifted so that Tembec and Canfor could obtain their tribunals' respective decisions on the U.S. objections to jurisdiction, this Tribunal might have no need to undertake extensive briefing and hearings as to consolidation on the merits of the claims. The two tribunals might sustain the United States' objections and dismiss the cases before the merits ever were reached, obviating the need for any decision on consolidation. Thus, in the interests of fairness, efficiency, and judicial economy, the Tribunal should bifurcate the questions of

---

[2] See United States' May 24, 2005 letter at 1.

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
May 27, 2005
Page 5

consolidating jurisdictional issues from consolidating claims on the merits, and withhold consideration of consolidation on the merits until such time as the U.S. objections to jurisdiction have been resolved.

The Tribunal should be aware that when it ordered a stay of proceedings, it affected Tembec adversely and otherwise affected no other party. There is no fully constituted tribunal in *Canfor*, so proceedings already were stayed *de facto*. There has never been a tribunal in *Terminal*. In *Tembec*, however, there is a fully constituted tribunal that may have been ready to render a decision. The stay prevented the tribunal from doing so, benefiting the United States' interest in delay and deferral on the merits, and benefiting otherwise no other interest and no one else.

Tembec suggests, in these circumstances, that the Tribunal alter its stay so that the *Tembec* Tribunal may render its decision on the U.S. objections to jurisdiction should it choose to do so absent the need to ask questions in a hearing. The urgency of the United States' request for a stay was concern about its need to prepare for that hearing. That concern has been satisfied by the Tribunal's stay, but also could have been satisfied by the *Tembec* Tribunal's conclusion that it could rule on the papers and would not require a hearing. Lifting or modifying the stay would permit the Tribunal to abandon plans for a hearing were it to think such an option appropriate, and to proceed to settle the question of jurisdiction. A decision favorable to the United States in that circumstance would then eliminate the need for any consolidation briefing or hearing. Alternatively, it would permit the Article 1126 tribunal to address directly whether to consolidate the merits. Either way would be very significantly more efficient and less costly than the path down which the United States has led the parties during the last four weeks.

Tembec's submission of this letter is without prejudice to its objections to the premature constitution of this Tribunal; the Tribunal's premature action in staying Tembec's case; and Tembec's objections to the appointment of Mr. Robinson as a member of an Article 1126 Tribunal. This Tribunal's precipitous actions have caused numerous difficulties, not least those of scheduling addressed in this letter. ICSID must still address, however, the very constitution of the Tribunal and the stay that has

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
May 27, 2005
Page 6


impacted and prejudiced Tembec, and Tembec alone, for Tembec alone had a fully constituted tribunal engaged and acting when the stay was imposed.

                                    Respectfully submitted,

                                    Elliot J. Feldman
                                    BAKER & HOSTETLER LLP
                                    1050 Connecticut Avenue, N.W.
                                    Suite 1100
                                    Washington D.C. 20036

                                    Counsel to Tembec Inc.
                                    Tembec Investments Inc. and
                                    Tembec Industries Inc.

cc:   Mark A. Clodfelter
      Andrea J. Menaker
      P. John Landry
      Keith E. W. Mitchell
      Jose Antonio Rivas
      Florentino P. Feliciano (c/o Mr. Rivas)
      James R. Crawford (c/o Mr. Rivas)
      Kenneth W. Dam (c/o Mr. Rivas)