Exhibit CC

## International Centre for Settlement of Investment Disputes
1818 H Street, N.W., Washington, D.C. 20433 U.S.A.
Telephone: (202) 458-1534    Faxes:  (202) 522-2615 / (202) 522-2027
Website: http://www.worldbank.org/icsd

**By email**                                                       September 21, 2005

**United States of America**                    **Canfor Corporation**
c/o Mr. Mark A. Clodfelter                       **Terminal Forests Products, Ltd.**
Assistant Legal Adviser                          c/o Mr. P. John Landry
Office of the Legal Adviser                      Davis & Company
 and                                             2800-666 Burrard Street
Ms. Andrea Menaker                               Vancouver, British Columbia
Chief, NAFTA Arbitration Division                V6C 2Z7
Office of International                            and
Claims and Investment Disputes                   c/o Mr. Keith E. W. Mitchell
Department of State                              Harris & Company
2430 E Street NW                                 14th Floor Bentall 5
Suite 203, South Building                        550 Burrard Street
Washington, DC 20037-2800                        Vancouver, B.C.
                                                 Canada V6C 2B5

                                                 **Tembec Inc., Tembec Investements
                                                 Inc., and Tembec Industries, Inc.**
                                                 c/o Mr. Elliot J. Feldman
                                                 Baker & Hostetler LLP
                                                 Washington Square, Suite 1100
                                                 1050 Connecticut Avenue, N.W.
                                                 Washington, D.C. 20036-5304

**Re:**    **Canfor Corporation v. United States of America; Terminal Forest Products Ltd. v.
           United States of America; Tembec *et al.* v. United States of America;**

Dear Sirs and Madam,

        I write to you, on instruction of the President of the Tribunal, in connection with the
Order of the Consolidation Tribunal of September 7, 2005 (the Order).  As stated in paragraph
224 of the Order, the Tribunal is to consult with the parties about the conduct and sequence of the
proceedings.  To that end, the Tribunal has attempted to convene a meeting with the Parties in
Washington, D.C., on September 26, 2005.  Since it appears to be difficult to find a mutually
convenient date for such a meeting within the near future and the proceedings should not be
delayed, the Tribunal believes that the consultation should take place by correspondence, and if
need be, by a subsequent telephone conference (or, possibly, a video conference).

        Subject to the views of the Parties, the Tribunal suggests the following conduct and
sequence of the proceedings:

        As it was the case in the *Canfor* and *Tembec* Article 1120 proceedings, the Tribunal
believes it appropriate to address in a first phase the jurisdictional objections raised by the United

2                                    September 21, 2005

States (within the limitations set in paragraph 103 of the Order). A question here is whether, as a practical matter, Terminal should first file a Statement of Claim (*see* Order at 79 n. 115). The Tribunal would appreciate receiving the Parties' view thereon.

*① Terminal file a soc*

The Tribunal contemplates one Memorial on Jurisdictional Issues by the United States, followed by Counter-Memorials on Jurisdictional Issues simultaneously filed by the Claimants. The memorials should be fully particularized, including all factual and legal allegations, documents in support thereof and statements of factual and expert witnesses (if any). Here again, the Tribunal solicits the views of the Parties, including their views on the periods of time for the filing of these memorials and on the desirability of having a further written exchange of reply and rejoinder.

*filing of memorials*

Upon conclusion of the exchange of written memorials, the Tribunal intends to hold a two day hearing in Washington, D.C. at a date to be determined in consultation with the Parties.

Subsequent to the hearing, the Tribunal intends to issue a ruling on the Jurisdictional Issues. Depending on the ruling, the Tribunal will determine the further conduct and sequence of the proceedings in consultation with the Parties after issuance of the ruling.

The Parties are also requested to advise the Tribunal as to whether they anticipate issues relating to confidentiality during the first phase concerning jurisdiction, and if so, which measure(s) they propose to be taken in that regard.

*confidentiality*

The Tribunal encourages the Parties to reach agreement amongst themselves on the suggested conduct and sequence of the proceedings as outlined above. The Tribunal expects the Parties to submit to it their agreement, or if and to the extent that no such agreement has been reached, their own views on the conduct and sequence of the proceedings, on or before Friday September 30, 2005.

Sincerely yours,

Gonzalo Flores
Secretary of the Tribunal

c.c.:

Dr. Albert Jan van den Berg
Prof. Armand de Mestral
Mr. Davis R. Robinson

# BAKER
&
# HOSTETLER LLP
COUNSELLORS AT LAW

WASHINGTON SQUARE, SUITE 1100 • 1050 CONNECTICUT AVENUE, N.W. • WASHINGTON, D.C. 20036-5304 • (202) 861-1500
FAX (202) 861-1783

ELLIOT J. FELDMAN
WRITER'S DIRECT DIAL NUMBER (202) 861-1679
E-MAIL: EFELDMAN@BAKERLAW.COM

September 23, 2005

**VIA FACSIMILE**

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
c/o Mr. Gonzalo Flores
ICSID
1818 H Street, N.W.
Washington D.C. 20433

Re:   Tembec Inc. v. United States; Canfor Corp. v. United States; Terminal Forest Products Ltd. v. United States

Dear Sirs:

Tembec Inc. ("Tembec") responds to the procedural instructions from the Tribunal as communicated to the parties by Mr. Gonzalo Flores in a letter dated September 21, 2005. The Tribunal asserts that the "proceedings should not be delayed" and has arbitrarily, and without adequate notice, set a deadline of September 30, 2005 for the parties to reach an agreement on the "conduct and sequence of the proceedings", or failing an agreement, to submit their own views on these issues.[1] This deadline is an entirely unacceptable imposition on Tembec's rights as a claimant.

The Claimants raised concerns that a consolidated proceeding would introduce substantial obstacles to the effective presentation and resolution of their claims. Those obstacles are not likely to be resolved by the Tribunal's September 30 deadline. For example, the Tribunal was confident that effective confidentiality provisions could be adopted to facilitate efficient resolution of the claims in a consolidated proceeding.[2] Tembec did not share that confidence, and acknowledged

---

[1] Tembec also was surprised to learn that the Tribunal attempted to convene a meeting with the parties in Washington, DC on September 26, 2005. Tembec was never aware of any such effort.
[2] See Order of the Consolidation Tribunal, Sept. 7, 2005, at paras. 143-46 ("[T]here are sufficient measures available to arbitral tribunals to ensure confidential treatment of information....").

CINCINNATI • CLEVELAND • COLUMBUS • COSTA MESA • DENVER • HOUSTON • LOS ANGELES • NEW YORK • ORLANDO • WASHINGTON, D.C.
International Affiliates — SÃO PAULO, BRAZIL • JUÁREZ, MEXICO
www.bakerlaw.com

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
September 23, 2005
Page 2

only that the Tribunal likely could devise something.[3] Now the Tribunal has left it to the disputing parties to propose confidentiality provisions that will still preserve the due process of claims, even though the Claimants never believed that such provisions could be crafted for this case.

Tembec will require more than a week to resolve this and other problems imposed by the consolidation order that it had opposed, but cannot predict how long it would take to formulate the appropriate protections for its business proprietary information. Procedures to protect confidential information must carefully take into account the claimants' due process rights, recourse for harmful disclosures, and protection against antitrust concerns regarding potential disclosures. Claimants need to address these concerns before any proceedings continue, regardless of whether the jurisdictional phase concerns no proprietary information. The September 30 deadline— a mere seven business days from receipt of your letter—is an unjustifiable restriction on Tembec's ability to develop workable procedures after consolidation, while at the same time safeguarding its rights to a fair and efficient proceeding. The United States, as the respondent, would suffer no prejudice from an extended deadline.

Should the fundamental obstacles with consolidation be resolved, there will be no need for new briefing during a jurisdictional phase. Jurisdiction was thoroughly briefed and argued before Tembec's and Canfor's Article 1120 Tribunals. Tembec alone went through four rounds of briefing.[4] Canfor, likewise, participated in four rounds of briefing, as well as three days of oral hearings on jurisdiction.[5] This Tribunal has before it the arguments that are required to decide the jurisdictional questions in this proceeding. The parties should not be made to incur additional costs merely to redo what they already have done. Even the United States has conceded that "the Tribunal may utilize the submissions already made by the parties in the respective Article 1120 proceedings."[6] Further briefing serves neither fairness nor efficiency.

The Tribunal has asked for Tembec's views on Terminal's Statement of Claim. Without first hearing and considering all of the parties' claims, Tembec is unable to present its case and fully protect it rights. The Tribunal should therefore request that Terminal submit its Statement of Claim before continuing with any aspect of this proceeding.

---

[3] See Consolidation Hearing Transcript, June 16, 2005, at pp. 285-86.
[4] See U.S. Objection to Jurisdiction, Feb. 4, 2005; Tembec's Counter-Memorial on Jurisdiction, Feb. 17, 2005; U.S. Reply on Jurisdiction, Mar. 28, 2005; Tembec Rejoinder on Jurisdiction, Apr. 28, 2005.
[5] See U.S. Statement of Defense Contesting Jurisdiction, Feb. 27, 2004; Canfor's Rejoinder on Jurisdiction, May 14, 2004; U.S. Rejoinder on Jurisdiction, Aug. 6, 2004; Canfor's Rejoinder on Jurisdiction, Sept. 24, 2004; Canfor v. United States, Hearing Transcript, Dec. 7-9, 2004.
[6] Post-Hearing Submission of Respondent United States of America, July 22, 2005, at 26-27.

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
September 23, 2005
Page 3


The Tribunal should refrain from establishing arbitrary dates by which the Claimants must proceed without consultation.  It would be premature to proceed with any briefing, on any subject, until the fundamental issues ensuring due process of Claimants' claims are first resolved.


Respectfully submitted,

Elliot J. Feldman
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington D.C.  20036

Counsel to Tembec Inc.
Tembec Investments Inc. and
Tembec Industries Inc.


cc:   Mark A. Clodfelter
      Andrea J. Menaker
      P. John Landry
      Keith E. W. Mitchell
      Jose Antonio Rivas



United States Department of State

*Washington, D.C.   20520*

September 30, 2005

*By E-Mail and Facsimile*

Prof. Albert Jan van den Berg
Davis R. Robinson, Esq.
Prof. Armand de Mestral
c/o Mr. Gonzalo Flores
Senior Counsel, ICSID
1818 H Street, N.W.
Washington, D.C. 20433

Re:   *Canfor Corp. v. United States of America;*
      *Terminal Forest Products Ltd. v. United States of America;* and
      *Tembec Inc. et al. v. United States of America*

Dear Members of the Tribunal:

On behalf of respondent United States of America, we write in response to ICSID's letter of September 21, 2005, setting forth the Tribunal's proposals regarding the conduct and sequence of the proceedings and requesting the parties' views. Regrettably, we have not been able to confer with claimants' counsel regarding these matters, as the Tribunal requested.[1] Tembec, however, submitted a letter dated September 23, 2005, which addresses some of the issues raised by the Tribunal. The United States therefore submits its views on the Tribunal's proposals and responds to issues raised in Tembec's letter.

### Terminal Forest Products Ltd.

*First*, the Tribunal has decided to address the United States' jurisdictional objections in a preliminary phase and has inquired whether Terminal should file a Statement of Claim. As the Tribunal noted in its Consolidation Order of September 7, a Statement of Claim is not a condition precedent to raising a jurisdictional plea.[2] And, as noted at the June 16 hearing, the United States believes that Terminal's Notice of Arbitration is sufficiently detailed for it to make its plea that the Tribunal lacks jurisdiction over Terminal's claims.[3] Thus, there is no reason for Terminal to submit a Statement of Claim at this time. Doing so would serve no purpose other

---

[1] The United States left voicemail messages with Mssrs. Landry, Mitchell and Feldman on Monday, September 26, indicting its willingness to confer regarding the conduct and sequence of the proceedings. Only Mr. Landry responded, with a voicemail stating that Canfor and Terminal would likely seek an extension.

[2] *See* Order of the Consolidation Tribunal (Sept. 7, 2005) n.115.

[3] *See* Transcript of June 16, 2005, Hearing ("Hrg. Tr.") at 187:22 -188:5.

than to delay the proceedings. Tembec's assertion that it cannot present its case without seeing Terminals' Statement of Claim is unexplained and should be rejected.[4]

### Confidentiality

Second, the Tribunal has inquired whether the parties anticipate confidentiality issues arising during the jurisdictional phase of the proceedings and, if so, has asked them to propose measures to be taken to safeguard such information. The United States foresees no confidential information arising during the jurisdictional phase. As previously mentioned, the United States' jurisdictional objections were fully briefed in the *Canfor* and *Tembec* Article 1120 proceedings, and were argued in *Canfor* without reference to any confidential information. Tembec concedes that the jurisdictional phase of these proceedings will not raise any issues of confidentiality.[5] Accordingly, there is no need to establish any procedures to protect confidential information at this time. Tembec's assertion that doing so is necessary "regardless of whether the jurisdictional phase concerns no proprietary information" is perplexing, and should be rejected.

### Memorials

Finally, the Tribunal has asked the parties to comment on its proposal that the United States file a Memorial on Jurisdiction, to be followed by Counter-Memorials filed simultaneously by the claimants and a two-day jurisdictional hearing. The United States sets forth its views on the proposed schedule with respect to each claimant below.

Tembec: The United States and Tembec have fully briefed the United States' objections to Tembec's claims based on Articles 1901(3), 1101(1) and 1121(1) of the NAFTA. In its September 23 letter, Tembec states that it sees no need for further briefing on these issues.[6] The United States is also willing to have this Tribunal rely on the jurisdictional submissions that the parties made in the *Tembec* Article 1120 proceeding (consisting of a Memorial, Counter-Memorial, Reply and Rejoinder), rather than re-brief those issues. The United States therefore respectfully proposes to have those submissions relayed to the Tribunal and to address its objections with respect to Tembec's claims at the hearing on jurisdiction.

Canfor: The United States and Canfor have also fully briefed the United States' jurisdictional objection based on Article 1901(3). The United States similarly requests that those submissions be provided to the Tribunal and that the parties address the United States' Article 1901(3) objection at the hearing. With respect to the United States' objections based on Articles 1101(1) and 1121(1), the United States proposes to rest on the submissions it made in the *Tembec* arbitration with respect to those objections, which apply *mutatis mutandis* to Canfor's claims.[7] We further propose that, if Canfor so requests, the Tribunal set a date by which Canfor

---

[4] *See* Letter from Elliot J. Feldman to the Tribunal (Sept. 23, 2005) ("Tembec Letter") at 2.

[5] *See* Tembec's Post-Hearing Brief in Opposition to Consolidation (July 22, 2005) at 2; Tembec Letter at 2.

[6] *See* Tembec Letter at 2.

[7] Although Canfor maintains that the United States has waived these objections, as noted at the June 16 hearing, the United States expressly raised its objection based on Article 1101(1), and incorporated by reference its objection based on Article 1121(1), in its Statement of Defense. *See* Hrg. Tr. at 181:12-186:16 (explaining why the United States did not waive its objections). This Tribunal has the authority to hear jurisdictional objections preliminarily

may reply in writing to those two objections. The United States could address any new issues raised in Canfor's response at the oral hearing.

*Terminal*: The United States proposes to rest on the submissions it made in the *Tembec* and *Canfor* arbitrations with respect to NAFTA Articles 1901(3) and 1101(1), which apply equally to Terminal's claims. As is the case with Canfor, we further propose that, if Terminal so requests, the Tribunal set a date by which it may reply in writing to the United States' Article 1101(1) objection, to which the United States could respond at the hearing. With respect to the Article 1901(3) objection, we respectfully propose that Terminal respond to that argument at the oral hearing. Terminal is represented by the same counsel as Canfor, which has already briefed that issue fully. Furthermore, Terminal has represented that it "would not proceed" with its claim had Canfor's claim been dismissed by the Article 1120 tribunal in a jurisdictional phase, even though it was not a party to that arbitration.[8] Accordingly, Terminal would not be prejudiced were it to rely on Canfor's written submissions on the United States' Article 1901(3) objection. In the event Terminal requests an opportunity to provide a written response to the United States' Article 1901(3) objection, and the Tribunal grants that request, the United States would be prepared to respond to Terminal's arguments at the oral hearing.

In short, the United States is prepared to provide to the Tribunal the written submissions it made on its jurisdictional objections in the *Canfor* and *Tembec* Article 1120 arbitrations and to rest on those written submissions. In the event that Canfor or Terminal requests, and is granted, an opportunity to make a written submission on the United States' Article 1101(1) and/or 1121(1) objections, the United States would be prepared to respond to those arguments at the oral hearing.

Respectfully submitted,

*Andrea J Menaker*

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
    Investment Disputes

Copies:
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.
Elliot J. Feldman, Esq.
Mark A. Cymrot, Esq.

---

despite the fact that the Article 1120 tribunal did not grant preliminary treatment to those objections. *See* Post Hearing Submission of Respondent United States of America (July 22, 2005) at 26-27.

[8] *See* Post-Hearing Submission of Canfor Corporation and Terminal Forest Products Limited (July 22, 2005) n.42.

# International Centre for Settlement of Investment Disputes

1818 H Street, N.W., Washington, D.C. 20433 U.S.A.
Telephone: (202) 458-1534    Faxes: (202) 522-2615 / (202) 522-2027
Website: http://www.worldbank.org/icsd

By email                                                      October 14, 2005

**United States of America**
c/o Mr. Mark A. Clodfelter
Assistant Legal Adviser
Office of the Legal Adviser
 and
Ms. Andrea Menaker
Chief, NAFTA Arbitration Division
Office of International
Claims and Investment Disputes
Department of State
2430 E Street NW
Suite 203, South Building
Washington, DC 20037-2800

**Canfor Corporation**
**Terminal Forests Products, Ltd.**
c/o Mr. P. John Landry
Davis & Company
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7
 and
c/o Mr. Keith E. W. Mitchell
Harris & Company
14th Floor Bentall 5
550 Burrard Street
Vancouver, B.C.
Canada V6C 2B5

**Tembec Inc., Tembec Investements**
**Inc., and Tembec Industries, Inc.**
c/o Mr. Elliot J. Feldman
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304

Re:    **Canfor Corporation v. United States of America; Terminal Forest Products Ltd. v.**
**United States of America; Tembec *et al*. v. United States of America;**

Dear Sirs and Madam,

I write on instruction of the President of the Tribunal in the above proceedings, in connection with the Claimants' submissions of October 11, 2005.

In this connection, the President of the Tribunal has asked me to invite the Respondent to file any observations it may have on the Claimants' submissions by Friday, October 21, 2005.

The President of the Tribunal has also asked me to inform you that the Tribunal intends to hold a procedural hearing, at the seat of the Centre in Washington, D.C., on Monday November 7 or Monday, November 14, 2005.

Sincerely yours,

Gonzalo Flores
Secretary of the Tribunal

c.c.:

Dr. Albert Jan van den Berg
Prof. Armand de Mestral
Mr. Davis R. Robinson

WORLD BANK                                      NO. 0952   P. 2

# International Centre for Settlement of Investment Disputes

1818 H Street, N.W., Washington, D.C. 20433 U.S.A.
Telephone: (202) 458-1534   Faxes: (202) 522-2615 / (202) 522-2027
Website: http://www.worldbank.org/icsd

**By fax**

November 9, 2005

**United States of America**
c/o Mr. Mark A. Clodfelter
Assistant Legal Adviser
Office of the Legal Adviser
   and
Ms. Andrea Menaker
Chief, NAFTA Arbitration Division
Office of International
Claims and Investment Disputes
Department of State
2430 E Street NW
Suite 203, South Building
Washington, DC 20037-2800

**Canfor Corporation**
**Terminal Forests Products, Ltd.**
c/o Mr. P. John Landry
Davis & Company
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7
   and
c/o Mr. Keith E. W. Mitchell
Harris & Company
14th Floor Bentall 5
550 Burrard Street
Vancouver, B.C.
Canada V6C 2B5

**Tembec Inc., Tembec Investements**
**Inc., and Tembec Industries, Inc.**
c/o Mr. Elliot J. Feldman
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304

Re:   Canfor Corporation v. United States of America; Terminal Forest Products Ltd. v.
United States of America; Tembec *et al.* v. United States of America;

Dear Sirs and Madam,

Further to my email of this afternoon, please find attached an additional copy of the
Tribunal's draft Procedural Order No. 1 in the above proceedings.

As indicated, the parties are invited to submit any observations they may have on the attached
draft Procedural Order No. 1 by Wednesday, November 16, 2005.

Sincerely yours,

Gonzalo Flores
Secretary of the Tribunal

Attachment

c.c. (without attachment):

Dr. Albert Jan van den Berg
Prof. Armand de Mestral
Mr. Davis R. Robinson

**D R A F T** (8 November 2005)

In the matter of consolidated proceedings pursuant to Article 1126 of the NAFTA in:

(1) **Canfor Corporation v. United States of America,**

(2) **Tembec** *et al.* **v. United States of America, and**

(3) **Terminal Forest Products Ltd. v. United States of America**

PROCEDURAL ORDER No. 1

—— November 2005

CONSIDERING :

(A)   The Order of the Consolidation Tribunal of 7 September 2005;

(B)   The letter of the Arbitral Tribunal of 21 September 2005, making proposals regarding the conduct and sequence of the proceedings, and inviting the Parties to reach agreement on these matters or, if no agreement can be reached, to submit their own views on or before Friday, 30 September 2005;

(C)   Tembec's letter of 23 September 2005, objecting to the date of 30 September 2005;

(D)   Canfor's and Terminal's letter of 28 September 2005, also objecting to the date of 30 September 2005;

(E)   The United States' letter of 30 September 2005, submitting its view on the Tribunal's proposals and responding to the issues raised in Tembec's letter of 23 September 2005;

(F)   The letter of the Tribunal of 4 October 2005, inviting the Claimants to file any observation they may have on the letter of the United States of 30 September 2005, by 11 October 2005;

(G)   The letters of Canfor and Terminal as well as Tembec of 11 October 2005, responding to the United States' letter of 30 September 2005;

(H)    The letter of the Tribunal of 14 October 2005, inviting the United States to file any observation it may have on the submissions made in the letters of Claimants referred to in Recital (G) above by Friday, 21 October 2005;

(I)    The letter of the United States of 21 October 2005, giving observations on Claimants' submissions of 11 October 2005;

(J)    The fact that the United States has raised an objection on the basis of Article 1901(3) of the NAFTA with respect to the claims of Canfor and Tembec, and has stated to raise the same objection with respect to Terminal's claims;

(K)    The fact that the United States has raised an objection on the basis of Article 1101(1) of the NAFTA with respect to the claims of Canfor and Tembec and has stated to raise the same objection with respect to Terminal's claims;

(L)    The fact that the United States' objection on the basis of Article 1101(1) of the NAFTA was addressed as a preliminary question in the *Tembec* arbitration but, according to the United States, was to be treated with the merits in the *Canfor* arbitration;

(M)    The fact that the United States has raised an additional objection on the basis of Article 1121 of the NAFTA in the *Tembec* arbitration;

(N)    The assertion by Tembec that the United States has not timely raised its objections to jurisdiction pursuant to Article 21(3) of the UNCITRAL Arbitration Rules;

(O)    The assertion by Canfor that the United States has waived its objections on the basis of Article 1101(1) and 1121 of the NAFTA;

(P)    The statement by Terminal in its letter of 11 October 2005 that Terminal does not insist upon the filing of a Statement of Claim prior to the United States advancing its objection to jurisdiction should the United States wish to proceed in this manner;

(Q)    The statement by the United States in its letter of 21 October 2005 that the "United States is prepared to rest on the submissions it made in the *Tembec* arbitration with respect to Article 1101(1) and 1121 objections, which arguments apply *mutatis mutandis* to Canfor and Terminal, as the case may be," while it does not intend to raise an objection based on Article 1121 with respect to Terminal's claim (*id.* n. 2);

(R)    The impossibility, notwithstanding proposals of the Tribunal, to determine a date for a procedural hearing within a reasonable period of time, and the appropriate

alternative to adopt the conduct and sequence of the proceedings by correspondence;

(S)   The requirement that arbitration proceedings take place with due dispatch;

(T)   The draft of this Order that has been submitted to the Parties on __ November 2005 for their comment by __ November 2005;

## THE ARBITRAL TRIBUNAL HEREBY DECIDES AS FOLLOWS:

### 1.   Scope of the Preliminary Phase of the Consolidation Proceedings

1.1   All objections as to jurisdiction and admissibility by the United States with respect to the claims filed by the three Claimants, referred to in the Recitals, shall be addressed and decided upon in a preliminary and separate phase of the consolidation proceedings in accordance with the terms of this Order.

1.2   The question whether the United States has timely raised a plea as to jurisdiction (*see* Consolidation Order at ¶ 103) will be considered and decided upon at the same time as the objections referred to in Sub-section 1.1 above.

1.3   Similarly, the question whether the United States has waived its objections under Articles 1101(1) and 1121 of the NAFTA will be considered and decided upon at the same time as the objections referred to in Sub-section 1.1 above.

1.4   The objections referred to in Sub-section 1.1 above and the questions referred to in Sub-sections 1.2 and 1.3 above are hereinafter referred to as the "Preliminary Questions."

1.5   If and to the extent that the Arbitral Tribunal retains jurisdiction over the Claimants' claims, or part thereof, the Tribunal will consult the Parties about the further conduct of the proceedings. The provisions of this Order shall apply also to such a merits phase, unless the contrary is expressly stated in this Order and subject to the afore-mentioned consultations about the further conduct of the proceedings.

**2.**    **Sequence of the Preliminary Phase**

2.1    The United States shall file a Memorial on the Preliminary Questions ("US-MPQ"), summarizing all the objections with respect to the claims of Canfor and Tembec as well as its position with respect to the questions referred to in Sub-sections 1.2 and 1.3 above, and setting forth its objections with respect to the claims of Terminal, by __ December 2005.

2.2    The US-MPQ shall be accompanied by hard and soft copies of all written submissions made by the United States, together with all Exhibits, filed in the Article 1120 Arbitrations in *Canfor*, *Tembec* and *Terminal*, as well as the transcript of the hearing in *Canfor* held on 7-9 December 2004.

2.3    Canfor and Tembec shall file each a Counter-Memorial on the Preliminary Questions, summarizing their responses to the objections of the United States as well as their responses to the questions referred to in Sub-sections 1.2 and 1.3 above, by __ January 2006 ("CA-CMP" and "TC-CMP," respectively). Terminal shall file a Counter-Memorial on the Preliminary Questions, setting forth its response to the objections of the United States, and if and to the extent applicable, to the questions referred to in Sub-sections 1.2 and 1.3 above, by __ [same day] January 2006 ("TL-CMP") **[filing date to be at least 14 days prior to the hearing date mentioned in Sub-section 2.5 below]**.

2.4    The CA-CMP, TC-CMP, and TL-CMP shall be accompanied by hard and soft copies of all written submissions made by each of the Claimants, together with all Exhibits, filed in the Article 1120 Arbitrations in *Canfor*, *Tembec* and *Terminal*, respectively.

2.5    A hearing on the Preliminary Questions shall be held in Washington, D.C., on Tuesday, 7 February and Wednesday, 8 February 2006, Thursday, 9 February 2006 being a day of reserve.

**3.**    **Extensions of Time**

3.1    Extensions of time shall, upon application of a Party or on its own motion and before or after expiry of a time limit, be granted by the Arbitral Tribunal in exceptional cases only, as determined by the Tribunal at its discretion or as agreed between the Parties.

NOV. 9. 2005   5:05PM    WORLD BANK                                    NO. 0952   P. 7

4.    <u>Arrangements concerning Written Submissions and Notifications</u>

4.1   All notifications, communications and written submissions from the Parties to the Arbitral Tribunal and *vice versa* as well as filings of submissions by the Parties in the arbitration shall be routed via ICSID by delivery against receipt, internationally known courier services, facsimile transmission, email or any other means of telecommunication that provides a record of the sending thereof:

> International Centre for Settlement of Investment Disputes
> 1818 H Street, N.W.
> Washington, D.C. 20433
> United States of America
>
> c/o Gonzalo Flores
> Tel: +1 (202) 458-1505
> Fax: +1 (202) 522-2615 /2027
> Email: gflores@worldbank.org

4.2   All notifications, communications and written submissions shall be routed by ICSID to the Parties:

> Canfor Corporation
> and
> Terminal Forests Products, Ltd.:
> Mr. P. John Landry
> DAVIS & COMPANY LLP
> 2800-666 Burrard Street
> Vancouver, British Columbia
> Canada V6C 2Z7
>
> Tel: +1 (604) 643 2953
> Fax: +1 (604) 605 3588
> Email: john_landry@davis.ca
>
> and
> Mr. Keith E. W. Mitchell
> HARRIS & COMPANY
> 1400 – 550 Burrard Street
> Vancouver, British Columbia
> Canada V6C 2B5
>
> Tel: +1 (604) 643 2958
> Fax: +1 (604) 605 3702
> Email: kmitchell@harrisco.com
>
> Tembec Inc.,
> Tembec Investements Inc.,

**and**
**Tembec Industries, Inc.:**
Mr. Elliot J. Feldman
Mr. Mark A. Cymrot
Mr. Michael S. Snarr
Mr. Ronald J. Baumgarten
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
United States of America

Tel: +1 (202) 861 1679
Fax: +1 (202) 861 1783
Email: EFeldman@bakerlaw.com; Cymrot@bakerlaw.com;
rbaumgarten@bakerlaw.com; MSnarr@bakerlaw.com

**United States of America:**
Mr. Mark A. Clodfelter
 *Assistant Legal Adviser*
 *Office of the Legal Adviser*
Ms. Andrea J. Menaker
 *Chief, NAFTA Arbitration Division*
Mr. Mark S. McNeill
 *Office of International Claims*
 *and Investment Disputes*
UNITED STATES DEPARTMENT OF STATE
Washington, DC 20520
United States of America

Tel: +1 (202) 776 -8451
Fax: +1 (202) 776 -8388
Email: clodfelterma@state.gov; MenakerAJ@state.gov; McNeillMS@state.gov

4.3   All notifications, communications and written submissions shall also be routed by
ICSID to the respective addresses of the Arbitrators:

**Professor Armand L.C. de Mestral**, Arbitrator
Faculty of Law, McGill University
3674 Peel Str
Montréal, Quebec
Canada   H3A 1W9

Tel: + 1 (514) 398 6643
Fax: + 1 514 (398) 3233
Email: armand.de.mestral@mcgill.ca

Davis R. Robinson, Arbitrator
3729 Fordham Road, NW
Washington, D.C. 20016
United States of America

Tel: +1 (202) 986 8048
Fax: +1 (202) 986 8102
Email: drrobins@llgm.com


Professor Albert Jan van den Berg, President
c/o Hanotiau & van den Berg
IT Tower
480 Avenue Louise, B.9
1050 Brussels
Belgium

Tel: +32 (2) 290 3913
Fax: +32 (2) 290 3942
Email: ajvandenberg@hvdb.com

4.4    Any change of name, description, address, telephone or facsimile number, or email
address shall immediately be notified by the Party or Arbitrator concerned to every
other addressee referred to in this Section. Failing such notification, notifications,
communications and written submissions sent in accordance with the present
Section shall be valid.

4.5    The date of receipt by ICSID shall, for all purposes, be deemed to be the date of
receipt of a communication, notification or written submission.

4.6    The number of written submissions by the Parties shall be as follows:

-    one copy for each Arbitrator;
-    two [check] copies for each Party; and
-    one copy for ICSID.

4.7    The abbreviations for written submissions indicated in Section 2 above may be used
in these arbitral proceedings for reasons of convenience.

4.8 Any binder containing a submission within the meaning of Section 2 above, documents within the meaning of Section 6 below and witness statements within the meaning of Section 7 below shall be numbered consecutively in Roman numerals. The number of each binder submitted by Claimants shall be preceded by the identifier "CA" for Canfor, "TC" for Tembec, and "TL" for Terminal; the number of each binder submitted by the United States shall be preceded by the identifier "US."

## 5. IBA Rules on Evidence

5.1 Without prejudice to the discretionary power of the Arbitral Tribunal with respect to matters of evidence, and, in particular, Articles 24 and 25 of the UNCITRAL Arbitration Rules, the IBA Rules on the Taking of Evidence in International Commercial Arbitration of 1999 will apply as a guideline.

## 6. Documentary Evidence

6.1 A Party shall not be permitted to submit additional documents after submission of the Memorials mentioned in Section 2 above, save under exceptional circumstances as determined by the Arbitral Tribunal. Any Party wishing to submit documents after the filing date of the relevant Memorial must make an application to the Tribunal setting forth the reasons for their request. If the Tribunal grants an application for submission of an additional document after the aforementioned dates, the Tribunal shall ensure that the other Parties be afforded sufficient opportunity to make their observations concerning such a document.

6.2 The documents shall be submitted in the following form:

(a) Exhibits shall be contained in a separate binder, each Exhibit having a divider bearing on the tab the Exhibit's identification number;

(b) The Exhibits shall be numbered by each Party consecutively throughout these proceedings beginning with "0001";

(c) The number for each Exhibit containing a document produced by Canfor shall be preceded by the identifier "CA" for Canfor, by Tembec "TC", by Terminal "TL"; and by the United States "US;"

(d) Exhibits shall also be submitted in PDF format;

NOV. 9. 2005  5:05PM    WORLD BANK                                NO. 0952    P. 11

(e)  A Party shall be permitted to produce within one Exhibit several documents relating to the same subject matter, provided that each page within such Exhibit is numbered separately and consecutively; additionally, a Bates Numbering per page is appropriate;

(f)  Each submission of documents shall be accompanied by an index to the documents; after submission of the last documents, the Parties shall jointly prepare a chronological index of the documents;

(g)  Voluminous or technical documentary evidence may be submitted in the form of a summary of documents, containing lists and/or categories of documents, without prejudice to the right of a Party or the Arbitral Tribunal to request the production of any document so listed or categorised; the underlying documentary evidence is part of the record;

(h)  Voluminous or technical documentary evidence may be analysed in, and be presented in the form of, reports by qualified persons without prejudice to the right of a Party or the Arbitral Tribunal to request the production of any document on which any such report is based; the underlying documentary evidence is part of the record.

6.3  The use of demonstrative exhibits (such as charts, tabulations, etc.) is allowed at the hearing, provided that no new evidence is contained therein and that the Parties based such demonstrative evidence on evidence in the record. Each Party shall number its demonstrative exhibits consecutively ("CA-Demo," "TC-Demo," "TL-Demo," and "US-Demo"). The Parties shall file their demonstrative exhibits seven business days prior to the hearing. The Parties shall identify the evidence in the record upon which each demonstrative exhibit is based.

6.4  With respect to requests for the production of documents, the IBA Rules on the Taking of Evidence in International Commercial Arbitration of 1999 will apply as a guideline, without prejudice to the discretionary power of the Arbitral Tribunal with respect to matters of evidence, and, in particular, Articles 24 and 25 of the UNCITRAL Arbitration Rules.

6.5  Documents include e-mails and other information stored electronically, which shall be provided to the other Party in hard copy format or CD Rom. Documents also include audio and video tapes, copies of which shall be provided to the other Party in the same format.

7.    **Evidence of Witnesses**

7.1    Evidence by witnesses shall be admissible only if a witness statement has been submitted, subject to the provisions of this Section.

7.2    Each witness statement shall:

    (a)    reflect whether the witness is a witness of fact or an expert witness;

    (b)    contain the name and address of the witness, his or her relationship to any of the Parties (if any), and a description of his or her qualifications;

    (c)    contain a full description of the facts, and the source of the witness' information as to those facts, sufficient to serve as that witness' evidence in the matter of the dispute, or, in the case of an expert report, contain a statement of the facts on which he or she is basing his or her expert conclusions as well as his or her expert opinions and conclusions, including a description of the method, evidence and information used in arriving at the conclusions;

    (d)    be signed by the witness and give the date and place of signature.

7.3    The witness statements shall serve as the witness's direct examination at the hearing, subject to the provisions of Sub-section 9.6 below.

7.4    If a Party is unable to obtain a witness statement because a witness is unwilling to give a statement and/or to appear at the hearing, or if a witness cannot be made available for examination at the hearing, the Arbitral Tribunal is free to draw any inferences it deems appropriate under the circumstances.

7.5    Witnesses who are affiliated with a Party shall be treated in the same manner as witnesses not affiliated with a Party, without prejudice to the relevance, weight and materiality of the evidence offered by a witness affiliated with a Party.

7.6    Each Party shall advance the costs connected with the evidence by its witnesses, including the cost of preparing the witness statements and attendance at the hearing, without prejudice to the decision of the Arbitral Tribunal as to which Party shall ultimately bear those costs.

7.7    Unless the contrary is expressed, the provisions of this Section 7 also apply to expert witnesses.

8.    **Preservation of Evidence**

8.1    The undertaking by the United States in footnote 6 of its letter of 21 October 2005 is noted, according to which the United States will act as if the agreement reached in the *Tembec* proceeding regarding the preservation of certain evidence were in force.

8.2    Without prejudice to the question whether the agreement referred to in Sub-section 8.1 above is still in force, the Arbitral Tribunal orders the United States to adhere to its undertaking until the present arbitration is completed by a final award or is terminated otherwise.

9.    **Hearing**

9.1    A hearing on the Preliminary Questions shall take place in Washington, D.C., on the dates mentioned in Sub-section 2.5 above.

9.2    A pre-hearing telephone conference shall be held between the President of the Arbitral Tribunal and the Parties in order to resolve procedural and administrative matters in preparation for the hearing, at a date and time to be determined in consultation with the Parties.

9.3    The hearing on the Preliminary Questions shall proceed as follows:

(a)    Opening Statement by Claimants;

(b)    Opening Statement by Respondent;

(c)    Examination of Respondent' witnesses, if any;

(d)    Examination of Claimants' witnesses, if any;

(e)    Closing Statement by Respondent;

(f)    Closing Statement by Claimants.

9.4    Claimants and Respondent shall be afforded a sufficient amount of time at the hearing in which to present their case, which will be determined at the pre-hearing conference referred to in Sub-section 9.2 above.  The Secretary of the Arbitral Tribunal will maintain a record of the time utilized by each Party and will advise the Parties thereof at the end of each day.

9.5   The maximum length of the Opening Statements shall be determined at the pre-hearing telephone conference referred to in Sub-section 9.2.

9.6   The procedure for examining witnesses at the hearing shall be the following:

(a)   each witness shall make a statement to tell the truth;

(b)   each witness shall confirm his or her Witness Statement;

(c)   each witness giving oral evidence shall be directly examined by the Party producing the witness for a maximum of 10 minutes ("direct examination"), except in the case of expert witnesses, who shall be permitted to give a summary of their conclusions for an amount of time to be determined at the per-hearing conference. The witnesses shall then be examined by the Party opposing the witness ("cross-examination"), followed by re-examination by the Party producing the witness ("redirect examination");

(d)   the cross-examination shall be limited to matters addressed in the witness statements, documents that have been submitted in the arbitration, oral evidence of the other Party's witnesses, and/or any other matter relevant to the outcome of the case;

(e)   the redirect examination shall be limited to matters that have arisen in the cross-examination;

(f)   questions to a witness during direct and redirect examination may not be unreasonably leading;

(g)   the Arbitral Tribunal shall have the right to interject questions during direct examination, cross-examination and redirect examination, or to submit questions after redirect examination.

(h)   the Arbitral Tribunal shall also at all times have complete control over the procedure in relation to a witness giving oral evidence, including the right to recall a witness at the request of a Party or on its own motion, provided that reasonable notice is given to the witness. The Tribunal may limit or deny, on its own motion or at the request of a Party, the right of a Party to examine a witness in direct examination, cross-examination or redirect examination if it appears to the Tribunal that such examination or evidence is unlikely to serve any further relevant purpose.

9.7   There will be no sequestration of witnesses at the hearing.

9.8   The hearing will be recorded by means of floor audio recording.

9.9   Each Party shall be responsible for ensuring the attendance of the witnesses in respect of whom it has submitted a witness statement as referred to in Sub-section 7.1 above, subject to the provisions of Sub-section 7.4 above.

9.10  The maximum length of the Closing Statements shall be determined by the Arbitral Tribunal after consultation with the Parties.

9.11  The Hearing shall be transcribed by court reporters (live note and overnight transcript), which will be arranged by ICSID.

## 10.   Post-Hearing Briefs

10.1  In consultation with the Parties, the Arbitral Tribunal shall determine whether Post-Hearing Briefs will be submitted.

## 11.   Article 1128 Submissions

11.1  The Governments of Canada and Mexico may make submissions to the Arbitral Tribunal on a question of interpretation of the NAFTA in a manner and at a time to be determined in consultation with the Tribunal, those Governments and the Parties to the present proceedings.

## 12.   Language, Translation and Interpretation

12.1  The language of the proceedings shall be English.

12.2  All documents in a language other than the English language shall be translated into the English language insofar as their relevant parts are concerned only, provided always that they are simultaneously submitted with the original text to the Arbitral Tribunal and to the opposite Party or Parties. All translations shall identify the name and capacity of the translator. In the event that a translation is contested by any of the other Parties, the Party producing the document shall submit a certified translation thereof.

12.3  Any oral evidence by a witness at the hearing in a language other than the English language shall be simultaneously interpreted in the English language and *vice versa* by one or more sworn interpreters unless "handholding" interpretation is possible. Specific arrangements for interpretation at the hearing will be determined at the pre-hearing conference referred to in Sub-section 9.2 above.

## 13.  Tribunal-Appointed Expert

13.1  In principle, the Arbitral Tribunal will not appoint an expert, unless it appears to it that such an expert is necessary to resolve one or more of the issues that are identified in the course of the proceedings. In any event, the Tribunal will consult the Parties beforehand as to whether such an expert is indeed required and if so, on his or her terms of reference.

## 14.  Decisions by the Arbitral Tribunal

14.1  In accordance with the provisions of Article 31 of the UNCITRAL Arbitration Rules, any award or decision of the Arbitral Tribunal shall be made by a majority of the Arbitrators.

14.2  Procedural measures, including the signing of Procedural Orders, shall be taken by the President on behalf of the Arbitral Tribunal after consultation with the Co-Arbitrators. Before making such decisions, the Tribunal shall afford the Parties an adequate opportunity to present their case in relation thereto, unless the circumstances render such presentations inappropriate. In case of urgency, the President may order procedural measures alone, subject to revision, if any, by the entire Tribunal.

14.3  The Arbitral Tribunal shall be free to decide on any issue by way of a partial or interim award, or by a final award, as it may deem appropriate. All awards, whether interim or final, shall be in writing and shall state the reasons on which the award is based.

## 15.  Place of Arbitration

15.1  The place of the arbitration is Washington, D.C., United States of America.

15.2  Irrespective of the place of signing, the award(s) shall be deemed to have been made at the place of the arbitration mentioned in the preceding paragraph.

**16.    Confidentiality and Privacy**

16.1  Each Party is at liberty to apply for measures regarding information that it considers confidential.

16.2  The Arbitral Tribunal notes that none of the Parties anticipates a question regarding confidentiality with respect to the Preliminary Questions.

16.3  All information relating to the arbitration shall be posted on a website under the auspices of ICSID, unless a Party makes a timely and reasoned application that certain information should not be so posted or be made public otherwise.

16.4  In deviation of Article 25(4) of the UNCITRAL Arbitration Rules, hearings shall be open to the public under conditions to be stipulated by the Arbitral Tribunal, unless a Party makes a timely and reasoned application that a hearing, or part thereof, should not be open to the public.

**17.    Fees and Expenses**

17.1  The members of the Arbitral Tribunal shall be remunerated on the basis of the ICSID Schedule for Fees and Expenses as from time to time in force.

17.2  The costs of the arbitration include the expenses incurred by the members of the Arbitral Tribunal.

17.3  With reference to Article 41 of the UNCITRAL Arbitration Rules, the deposit as an advance of the costs referred to in the preceding paragraph shall be arranged by ICSID.

**18.    Administrative Services by ICSID and Secretary of the Arbitral Tribunal**

18.1  The arbitration shall be administered by ICSID, at the cost to be borne by the Parties.

18.2  The Arbitral Tribunal may appoint a Secretary at any time during the arbitration, whose expenses will be borne by the Parties as part of the costs of the arbitration.

**19.    Status of Orders**

19.1  Any Order of the Arbitral Tribunal may, at the request of a Party or on the Tribunal's own initiative, be varied if the circumstances so require.

Article 1126 NAFTA Arbitration – Canfor et al. v. United States
Draft Order No. 1 – page 16

On behalf of the Arbitral Tribunal,


Albert Jan van den Berg,
President