

United States Department of State

*Washington, D.C.   20520*

November 16, 2005

*By Facsimile and E-Mail*

Dr. Albert Jan van den Berg
Mr. Davis R. Robinson
Prof. Armand de Mestral
c/o Mr. Gonzalo Flores
Senior Counsel, ICSID
1818 H Street, N.W.
Washington, D.C. 20433

Re:   *Canfor Corp. v. United States of America*;
      *Terminal Forest Products Ltd. v. United States of America*; and
      *Tembec Inc. et al. v. United States of America*

Dear Members of the Tribunal:

On behalf of respondent United States of America, and in response to Mr. Flores' e-mail of November 9, 2005, we provide the following observations on the Tribunal's draft Procedural Order No. 1. We also comment briefly on Terminal's letter of November 15, 2005, requesting leave to file a Statement of Claim and on recent communications with counsel for Tembec.

### *Observations on the Draft Procedural Order No. 1*

Paragraphs 2.1 & 2.3:  The United States proposes that it file its Memorial on the Preliminary Questions (US-MPQ) by Friday, December 9, 2005, and that claimants file their respective Counter-Memorials by Friday, January 13, 2005. The United States would thus be accorded one month from the date of receipt of the proposed Order to file its consolidated submission, and claimants would be accorded five weeks to respond, leaving the parties approximately three weeks to prepare for the hearing (or four weeks, if the Tribunal adopts the hearing date proposed by the United States below).

Paragraphs 2.2 & 2.4:  The United States makes three proposals with respect to these paragraphs. *First*, the United States suggests that the parties be required to submit their memorials in this arbitration in hard copy and electronic format, but submit Exhibits (including appendices of legal authorities), which are likely to be voluminous, in hard copy only. *Second*, the United States requests that the Tribunal confirm that it is unnecessary for the parties to provide the submissions they made in the Article 1120 arbitrations to any party that was a party to those proceedings. *Third*, because the exhibit volumes filed in the Article 1120 arbitrations were voluminous and are likely to contain materials that are duplicative of the materials that we will be submitting with our US-MPQ, the United States proposes that it not be required to submit to the other parties, ICSID or the Tribunal the Exhibits that were filed in the NAFTA Article 1120 arbitrations. The United

-2-

States, however, will commit to providing all of the materials filed in the Article 1120 proceedings in the volumes accompanying its US-MPQ. Accordingly, the United States proposes the following revisions:

    2.2    The US-MPQ shall be submitted in hard and soft copy, and the accompanying Exhibits shall be submitted in hard copy. The United States shall also submit hard and soft copies of all written submissions it filed in the Article 1120 Arbitrations in *Canfor*, *Tembec* and *Terminal*, as well as the transcript of the hearing in *Canfor* held on 7-9 December 2004. However, written submissions and the hearing transcript need not be provided to any party that has already received such materials. The United States shall ensure that all Exhibits that accompanied its jurisdictional submissions in the Article 1120 Arbitrations are included in its Exhibits to the US-MPQ.

    2.4    The CA-CMP, TC-CMP, and TL-CMP shall be submitted in hard and soft copy, and the accompanying Exhibits shall be submitted in hard copy. Canfor, Tembec and Terminal shall also submit hard and soft copies of all written submissions they made in the Article 1120 Arbitrations in *Canfor*, *Tembec* and *Terminal*, respectively. However, written submissions need not be provided to any party that has already received such materials. Canfor and Tembec shall ensure that all Exhibits that accompanied their jurisdictional submissions in their respective Article 1120 Arbitrations are included in the Exhibits to their respective Counter-Memorials.

    <u>Paragraph 2.5:</u> Due to a scheduling conflict, the United States would prefer to hold the hearing sometime during the week of 14 February 2006, rather than 7-9 February. If the Tribunal is not available the week of February 14, or shortly thereafter, however, the United States will make arrangements to make itself available on 7-9 February.

    <u>Paragraph 4.2:</u> The United States requests that the Tribunal make the following corrections to the United States' contact information:

               **United States of America:**
               Mr. Mark A. Clodfelter
                 *Assistant Legal Adviser*
               Ms. Andrea J. Menaker
                 *Chief, NAFTA Arbitration Division*
               Mr. Mark S. McNeill
                 *Attorney-Adviser*
               Office of International Claims and
                 Investment Disputes
               UNITED STATES DEPARTMENT OF STATE
               2430 E Street, N.W.
               South Building, Suite 203
               Washington, D.C. 20037-2800

-3-

Tel: +1 (202) 776-8451
Fax: +1 (202) 776-8481

Email: clodfelterma@state.gov; menakeraj@state.gov;
mcneillms@state.gov

**Paragraph 4.6:** The United States concurs with the Tribunal's proposal regarding the number of written submissions to be served by the parties, but requests confirmation that it may serve one copy of each submission on each of Messrs. Landry and Mitchell.

**Paragraph 4.8:** The United States seeks clarification of this paragraph. Specifically, does the Tribunal envision that the parties will label the submissions made in the Article 1120 proceedings, and submitted to this Tribunal in accordance with Procedural Order No. 1, in the manner stipulated in this paragraph? Or, do the instructions regarding labeling of submissions apply, in the case of the United States, solely to the US-MPQ and its accompanying appendices? Furthermore, does the term "binder" refer to a three-ring, loose-leaf binder, or to a submission that is spiral-bound or velo-bound?

**Paragraph 5.1:** The United States concurs with the Tribunal's proposal that it apply the IBA Rules on the Taking of Evidence as a guideline, with one exception. The United States requests that the Tribunal not adopt Article 3.12 of the Rules, which is inconsistent with the NAFTA Parties' undertaking to make documents submitted to, or issued by, a Chapter Eleven tribunal available to the public, subject to certain limitations.

**Paragraph 6.3:** The United States requests confirmation that the requirement that the parties submit demonstrative exhibits based on the evidentiary record seven business days prior to the hearing on the Preliminary Questions does not apply to PowerPoint slides that merely refer to legal arguments or legal text. The United States would oppose the application of the proposed requirement to the latter.

**Paragraph 9.3:** The United States believes that it is customary for the party making an objection to the jurisdiction of a tribunal to commence first with its opening statement. The United States therefore proposes that the order of sub-paragraphs (a) and (b) be reversed.

***Observations on Terminal's Letter of November 15, 2005***

The United States objects to Terminal's request in its letter of yesterday's date that it be granted leave to file a Statement of Claim prior to briefing the Preliminary Questions. Terminal's representation in its letter of October 11, 2005 that it would not insist on filing a Statement of Claim at this stage of the proceedings was not made contingent on the Tribunal's decision regarding which of the United States' jurisdictional objections would be decided in a preliminary phase. Terminal has thus waived its right to file a Statement of Claim prior to briefing the Preliminary Questions.

In any event, Terminal's belated request provides no justification for not proceeding apace with the United States' objections. As the Tribunal noted in its Consolidation Order, "a filing of a

-4-

statement of claim is not a condition precedent to raising a plea that an arbitral tribunal does not have jurisdiction."[1]  And, as we have noted, no useful purpose would be served by Terminal's filing a Statement of Claim at this stage of the proceedings. The United States strenuously objects to any delay in these proceedings as a result of Tembec's belated change of mind. Should the Tribunal nevertheless grant Terminal's request, there is no reason why the time for such a filing could not run concurrently with the timetable proposed by the Tribunal for deciding the United States' jurisdictional objections.

The UNCITRAL Arbitration Rules provide that a Statement of Claim shall be filed by a claimant "within a period of time to be determined by the arbitral tribunal," which period in any event "should not exceed forty-five days."[2]  Terminal filed a Notice of Intent in June 2003 and a detailed Notice of Arbitration in March 2004. Terminal has thus had ample time to formulate its claim. Accordingly, in the event the Tribunal grants Terminal's request, the United States respectfully proposes that Terminal should be granted no more than thirty days, or until December 15, 2005, to file its Statement of Claim.

### Observations on Tembec's Communication of November 15, 2005

The United States received a telephone call from counsel for Tembec last night in which counsel stated that Tembec would not be providing observations on the draft Procedural Order by today, as ordered by the Tribunal. Tembec stated that it wished to discuss the Order with the United States, but was not prepared to do so at that time. The United States, of course, has always been willing to discuss any matter in this arbitration with opposing counsel. With respect, however, we do not view Tembec's last-minute request as a justification for refusing to meet yet another deadline set by the Tribunal. The United States therefore opposes any extension of time for Tembec to file its observations on the Procedural Order. Accordingly, the United States respectfully requests that the Tribunal issue its Procedural Order No. 1 based on any timely-submitted observations and the record as set forth in the draft Order.

Respectfully submitted,

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
  Investment Disputes

Copies:
Elliott J. Feldman, Esq.
Mark A. Cymrot, Esq.
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.

---

[1] Order of the Consolidation Tribunal ¶ 115 (Sept. 7, 2005).

[2] UNCITRAL Arbitration Rules arts. 18(1) & 23.

# BAKER
## &
# HOSTETLER LLP
### COUNSELLORS AT LAW

WASHINGTON SQUARE, SUITE 1100  •  1050 CONNECTICUT AVENUE, N.W.  •  WASHINGTON, D.C. 20036-5304  •  (202) 861-1500
FAX (202) 861-1783

ELLIOT J. FELDMAN
WRITER'S DIRECT DIAL NUMBER (202) 861-1679
E-MAIL: EFELDMAN@BAKERLAW.COM

November 16, 2005

**VIA FACSIMILE**

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
c/o
Mr. Gonzalo Flores
ICSID
1818 H Street, N.W.
Washington D.C. 20433

Re:  Tembec Inc. v. United States; Canfor Corp. v. United States; Terminal
Forest Products Ltd. v. United States

Dear Sirs:

This letter responds to the Tribunal's request of November 9, 2005 for comments to Draft Procedural Order No. 1.

Tembec considers that the Tribunal's request for comments on its draft procedural order in only one week is contrary to the consensual nature of the proceedings and unduly constrains the parties' ability to consult with each other regarding the procedures to which they might agree to govern this arbitration. In Tembec's Article 1120 arbitration proceedings, Tembec and the United States reached agreement on most of the procedural issues, and together were able to narrow the few remaining issues for which disagreement remained. The Tribunal's proposed order contravenes aspects of this earlier agreement and raises numerous new issues that should first be resolved by the parties, if possible.

The time allowed for consideration of this Tribunal's draft order has been insufficient for meaningful discussion among the parties regarding the procedural rules that should govern this arbitration. Counsel for Tembec has been traveling outside the country during the last two weeks (as reported by telephone to the Tribunal's Secretary

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
November 16, 2005
Page 2

during the previous attempt to schedule meetings during this week). We have had little
opportunity to review the draft order and discuss procedural issues with counsel for the
other parties. This arbitration would proceed in a more orderly fashion were the
Tribunal to allow the parties a realistic opportunity to reach consensus on procedural
issues before turning to the Tribunal to resolve any remaining concerns.

Tembec also notes that the Tribunal's proposed discussion of the United
States' previously unbriefed objections against Canfor and Terminal, contemporaneous
with the objections raised against Tembec, creates procedural and potential
confidentiality concerns that the parties have yet to address among themselves. We
note Terminal's letter of November 15, 2005 indicating an intent to file a Statement of
Claim. Following Terminal's Statement, it would be appropriate for the United States
also to submit its Statement of Defense, at least with respect to any jurisdictional
objections. The parties should be given time thereafter to reach consensus on
procedural issues. A pre-hearing conference then should be scheduled to resolve any
remaining procedural issues. We cannot agree with the Tribunal's conclusion that a
pre-hearing conference could not be scheduled. Tembec was provided only two dates
within weeks of the proposed dates for the hearing.

The Tribunal's proposed procedural order raises numerous issues that
cannot effectively be resolved through an exchange of letters. For instance, we do not
agree with the Tribunal's assumption that confidential information will not become an
issue at a jurisdictional hearing, particularly in response to the United States' Article
1101(1) defense. The proposed rules on witnesses, documents and the conduct of the
hearing all have provisions to which Tembec objects. Tembec believes the parties
should have the opportunity to resolve these issues through consultation before any
disputes are presented to the Tribunal, but after Terminal submits its Statement of
Claim and the United States submits its Statement of Defense.

Respectfully submitted,

Elliot J. Feldman (by MSS)

Elliot J. Feldman
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington D.C. 20036

Counsel to Tembec Inc.
Tembec Investments Inc. and
Tembec Industries Inc.

BAKER AND HOSTETLER

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
November 16, 2005
Page 3


cc:    Mark A. Clodfelter
       Andrea J. Menaker
       P. John Landry
       Keith E. W. Mitchell

## International Centre for Settlement of Investment Disputes

1818 H Street, N.W., Washington, D.C. 20433 U.S.A.
Telephone: (202) 458-1534    Faxes: (202) 522-2615 / (202) 522-2027
Website: http://www.worldbank.org/icsid

November 22, 2005

**United States of America**
c/o Mr. Mark A. Clodfelter
Assistant Legal Adviser
Office of the Legal Adviser
  and
Ms. Andrea Menaker
Chief, NAFTA Arbitration Division
  and
Mr. Mark S. McNeill
Attorney-Adviser
Office of International
Claims and Investment Disputes
Department of State
2430 E Street NW
Suite 203, South Building
Washington, DC 20037-2800

**Canfor Corporation**
**Terminal Forests Products, Ltd.**
c/o Mr. P. John Landry
Davis & Company
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7
  and
c/o Mr. Keith E. W. Mitchell
Harris & Company
14th Floor Bentall 5
550 Burrard Street
Vancouver, B.C.
Canada V6C 2B5

**Tembec Inc., Tembec Investements**
**Inc., and Tembec Industries, Inc.**
c/o Mr. Elliot J. Feldman
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304

Re:    **Canfor Corporation v. United States of America; Tembec *et al.* v. United States of**
       **America; Terminal Forest Products Ltd. v. United States of America – Article 1126**
       **NAFTA Arbitration**

Dear Sirs and Madam,

       I write to you, on instruction of the President of the Tribunal, in connection with the
letters of the Parties dated November 15 and 16, 2005, in response to the draft Procedural Order
No. 1 proposed by the Tribunal in its letter of November 9, 2005, to the Parties for their
comments.

       The Tribunal notes that it had already invited the Parties to agree on the conduct and
sequence of the proceedings in its letter of September 21, 2005, which also contained suggestions
to that effect.

       A telephone conference will be held with the Parties at a date and time to be determined
in consultation with them to discuss the conduct and sequence of the proceedings. The agenda
for that telephone conference will be the draft Procedural Order No. 1, the comments of the

FROM WB-ICSID                    (TUE)11.22'05 14:17/ST. 14:12/NO. 4861052820 P  3

2                           November 22, 2005

Parties as given in their letters of November 16, 2005, and any other comment that a Party wishes to make.

The Tribunal encourages the Parties to attempt, to the extent possible, to reach agreement on the conduct and sequence of the proceedings prior to the afore-mentioned telephone conference.

In light of the comments of the Parties, the Tribunal is presently inclined to limit the Preliminary Questions to the objections of the United States based on Article 1901(3) of the NAFTA and, if and to the extent that those objections are rejected, to join the objections based on Articles 1101(1) and 1121to the merits.

The Tribunal wishes to correct a typographical error in Sub-section 9.3(a) and (b) of the draft Order, in which "Claimants" and "Respondent" were inversed (as it becomes clear from paragraphs (c) – (f) of Subsection 9.3).

With respect to Sub-sections 16.3 and 16.4 of the draft Order, the Tribunal invites the Parties to reflect on the general trend in investor-State arbitration to be a transparent process and the relevance, if any, of the Notes of Interpretation issued by the NAFTA Free Trade Commission on July 31, 2001 (see Consolidation Order at ¶¶ 139-140) in relation to Article 25(4) of the UNCITRAL Arbitration Rules. Moreover, the submissions made in the Article 1120 arbitrations were posted on various websites and it is the Tribunal's understanding that the hearing in Canfor was open to the public. The Tribunal is mindful that certain information of a Party may be confidential, and, to that effect, it had included in the draft Order provisos, according to which a Party is entitled to make an application for confidentiality measures in general, for certain information not to be posted or to be made public otherwise, and for a hearing, or part thereof, not to be open to the public.

With respect to the advance on costs (see Sub-section 17.3), the Tribunal believes that Claimants jointly and the United States should advance 50% of those costs, respectively.

Sincerely yours,

Gonzalo Flores
Secretary of the Tribunal

c.c.:

Prof. Albert Jan van den Berg
Prof. Armand de Mestral
Mr. Davis R. Robinson

# BAKER
## &
# HOSTETLER LLP
### COUNSELLORS AT LAW

WASHINGTON SQUARE, SUITE 1100  •  1050 CONNECTICUT AVENUE, N.W.  •  WASHINGTON, D.C. 20036-5304  •  (202) 861-1500
FAX (202) 861-1783

ELLIOT J. FELDMAN
WRITER'S DIRECT DIAL NUMBER (202) 861-1679
E-MAIL: EFELDMAN@BAKERLAW.COM

December 1, 2005

**VIA FACSIMILE**

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
c/o
Mr. Gonzalo Flores
ICSID
1818 H Street, N.W.
Washington D.C. 20433

    Re:   Tembec Inc. v. United States; Canfor Corp. v. United States; Terminal
         Forest Products Ltd. v. United States

Dear Sirs:

      On November 22, 2005, we received a letter from the Tribunal regarding procedural issues in these proceedings. In that letter, the Tribunal stated that it "encourages the Parties, to the extent possible, to reach agreement on the conduct and sequence of the proceedings prior to [a] telephone conference" discussing those issues. On the same day, the Secretary of the Tribunal, Mr. Flores, contacted counsel for Tembec by telephone inquiring as to our availability for the conference call mentioned in the Tribunal's letter on the afternoon of Monday, November 28. We expressed doubt about our availability for the date because Mr. Cymrot would be traveling out of the country during the week of the 28th to chair an arbitration proceeding, and Dr. Feldman had a prior conflict on that date. We also questioned the utility of a call so soon given the impending two-day Thanksgiving holiday in the United States. We confirmed our unavailability on the suggested date in an e-mail to Mr. Flores (as he had requested) on the afternoon of November 23.

      We received from the Tribunal on November 29, another letter, dated November 23, which requested that the parties to the arbitration consult on procedural matters by December 1, 2005, and report on the outcome of those consultations by

CINCINNATI  •  CLEVELAND  •  COLUMBUS  •  COSTA MESA  •  DENVER  •  HOUSTON  •  LOS ANGELES  •  NEW YORK  •  ORLANDO  •  WASHINGTON, D.C.
*International Affiliates* — SÃO PAULO, BRAZIL  •  JUÁREZ, MEXICO
www.bakerlaw.com

Professor Albert Jan van den Berg
Mr. Davis R. Robinson
Professor Armand de Mestral
December 1, 2005
Page 2

December 2.[1]  We were dismayed to learn that the Tribunal apparently sent its letter to some, but not all of the parties on November 23, in violation of Article 15(1) of the UNCITRAL Rules of Arbitration that govern these proceedings.

    We also are disturbed that the Tribunal persists in setting nearly instant deadlines without respect for the schedules of the counsel of the Claimants whose claims are at issue.  As previously stated in our November 23 e-mail to the Secretary of the Tribunal, Mr. Cymrot is out of the country this week.  Due to his absence, as well as other unalterable filing deadlines this week in the *Softwood Lumber* litigation which we have not yet had opportunity to address with the Tribunal (including three very substantial briefs of which we are authors and co-authors being filed today), we have been in no position to consult with the other parties regarding procedural issues.

Respectfully submitted,

Elliot J. Feldman
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington D.C.  20036

Counsel to Tembec Inc.
Tembec Investments Inc. and
Tembec Industries Inc.

cc:    Mark A. Clodfelter
       Andrea J. Menaker
       P. John Landry
       Keith E. W. Mitchell

---

[1] See attached copy of the Tribunal's November 23, 2005 letter.  The facsimile confirmation line at the top of the page evidences that the Tribunal's letter was sent to counsel for Tembec on Tuesday, November 29, 2005, at 5:22 p.m.

DEC 01 2005 19:25 FR ELLIOT FELDMAN 202-862028611689 TO 97768481          P.04

FROM WB-ICSID                    (TUE)11.29'05 17:22/ST.17:21/NO.4861052932 P  2

# International Centre for Settlement of Investment Disputes
1818 H Street, N.W., Washington, D.C. 20433 U.S.A.
Telephone: (202) 458-1534   Faxes: (202) 522-2615 / (202) 522-2027
Website: http://www.worldbank.org/icsd

November 23, 2005

United States of America
c/o Mr. Mark A. Clodfelter
Assistant Legal Adviser
Office of the Legal Adviser
  and
Ms. Andrea Menaker
Chief, NAFTA Arbitration Division
  and
Mr. Mark S. McNeill
Attorney-Adviser
Office of International
Claims and Investment Disputes
Department of State
2430 E Street NW
Suite 203, South Building
Washington, DC 20037-2800

Canfor Corporation
Terminal Forests Products, Ltd.
c/o Mr. P. John Landry
Davis & Company
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7
  and
c/o Mr. Keith E. W. Mitchell
Harris & Company
14th Floor Bentall 5
550 Burrard Street
Vancouver, B.C.
Canada V6C 2B5

Tembec Inc., Tembec Investements
Inc., and Tembec Industries, Inc.
c/o Mr. Elliot J. Feldman
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304

Re:   Canfor Corporation v. United States of America; Tembec *et al.* v. United States of
      America; Terminal Forest Products Ltd. v. United States of America – Article 1126
      NAFTA Arbitration

Dear Sirs and Madam,

        As indicated in our letter of yesterday's date, the Tribunal wishes to hold a telephone
conference with the parties to discuss the conduct and sequence of these proceedings. To this
effect, the President of the Tribunal has asked me to convey to you the following supplementary
directions of the Tribunal:

   ▪ The parties shall consult with each other, aiming to reach agreements on procedure (using
     the Tribunal's draft Procedural Order No. 1 as guidance) by Thursday, December 1,
     2005;

   ▪ The parties shall inform the Tribunal in writing of the results of their consultations by
     Friday, December 2, 2005;

DEC 01 2005 19:25 FR ELLIOT FELDMAN 202-862028611689 TO 97768481          P.05

FROM WB-ICSID                           (TUE)11. 29'05 17:22/ST. 17:21/NO. 4861052932 P  3

2                           November 23, 2005

- The Tribunal will then hold a telephone conference on either December 5, 6 or 7, at which it expects each party to be represented; the Tribunal invites the Parties to confer and jointly inform the Tribunal of which of the three dates is most convenient for the parties.

- The Tribunal will then issue a finalized Procedural Order No.1 on December, 9, 2005.

Sincerely yours,

pp:

Gonzalo Flores
Secretary of the Tribunal

c.c.:

Prof. Albert Jan van den Berg
Prof. Armand de Mestral
Mr. Davis R. Robinson



United States Department of State

*Washington, D.C.   20520*

December 2, 2005

*By Facsimile and E-Mail*

Dr. Albert Jan van den Berg
Mr. Davis R. Robinson
Prof. Armand de Mestral
c/o Mr. Gonzalo Flores
Senior Counsel, ICSID
1818 H Street, N.W.
Washington, D.C. 20433

> Re:   *Canfor Corp. v. United States of America*;
> *Terminal Forest Products Ltd. v. United States of America*; and
> *Tembec Inc. et al. v. United States of America*

Dear Members of the Tribunal:

On behalf of respondent United States of America, we respectfully submit the following observations on Mr. Flores' letters of November 22 and 23, Canfor's and Terminal's letters of November 16 and 30, and Tembec's letter of December 1.

The United States has never before encountered claimants more reluctant to proceed with their own claims. It is now clear that claimants' chief aim is to delay resolution of the United States' jurisdictional objections by obstructing the scheduling of the proceedings and making unwarranted accusations. This behavior is in sharp contrast to the excessive urgency pled by claimants in their opposition to consolidation. As a respondent, the United States is entitled to a prompt resolution of the meritless claims filed against it. We therefore respectfully request that the Tribunal reject claimants' obstructionist tactics and maintain the order of these proceedings. Should claimants persist in their efforts to avoid resolution of their claims, the United States requests that the Tribunal dismiss the claims with prejudice, for want of prosecution.

### Consultations of the Parties

The Tribunal first requested that the parties consult on the conduct and sequence of the proceedings on September 21. The United States left voicemail messages with all of the claimants on September 26 requesting consultations, but received no response.[1] In their November 16 letters, claimants insisted on having an opportunity to consult with the other parties. Two weeks

---

[1] Only Mr. Mr. Landry responded, with a voicemail stating that Canfor and Terminal would be seeking an extension of time to respond to the Tribunal. *See* Letter from Andrea J. Menaker to the Tribunal (Sept. 30, 2005) at 1.

-2-

later, and more than two months after the Tribunal's original instructions, claimants still have made no genuine effort to consult with the United States.[2]

The United States has always been willing to discuss procedural matters with the claimants. Tembec, however, has had every opportunity to confer with the United States and the other parties and to make its views known on any procedural matter, yet it has refused to do so. Canfor and Terminal have made their views known in two lengthy letters. We therefore urge the Tribunal to issue its Procedural Order based on the existing submissions of the parties and any views expressed in next week's conference call.

*Telephone Conference*

The Tribunal requested in its November 22 letter that the parties indicate which of December 5, 6 or 7 would be most convenient for a conference call. Holding the conference call on Tuesday, December 6, between 1:00 – 3:00 p.m., e.s.t. would be most convenient for the United States. We are also available on Monday, December 5, between 10:00 - 12:00 p.m., and Wednesday, December 7, between 11:00 – 1:00 p.m.

*Advance of Costs*

The United States disagrees with the Tribunal's proposal in its November 22 letter to re-apportion the parties' advance of costs. Article 41(1) of the UNCITRAL Arbitration Rules provides that each "party" – not each "side" – to an arbitration should deposit an equal amount as an advance of costs. In addition, Article 41(3) of those Rules requires the Tribunal to consult with the appointing authority before fixing the amount of any deposits made by the parties. The appointing authority in this case, ICSID, apportioned the costs equally among the four parties to this arbitration, in accordance with its customary practice, and in accordance with the express terms of the UNCITRAL Rules. Moreover, claimants' obstructionism has significantly increased the parties' costs in the arbitration. It would be eminently unfair to put the United States in the position of effectively subsidizing claimants' dilatory tactics.[3]

*Questions to Be Addressed in the Preliminary Phase*

The United States disagrees with the Tribunal's proposed reversal of its initial decision that the Tribunal decide all three of the United States' jurisdictional questions in a preliminary phase.

---

[2] Tembec called the United States on the evening of November 15, the day before the Tribunal's deadline to submit observations on its draft Order. Tembec informed the United States that it was not prepared to comply with the Tribunal's November 16 deadline, but that it wished to consult on procedural matters. When the United States indicated its willingness to consult, however, Tembec responded that it was unprepared to do so at that time. *See* Letter from Andrea J. Menaker to the Tribunal (Nov. 16, 2005) at 4. Tembec has made no other effort to contact the United States. Canfor's and Terminal's only attempt at "consultations" was to send a six-page letter embodying their "preliminary thoughts" on the draft Order to the United States and Tembec, which we received yesterday morning. The letter was accompanied by an e-mail indicating that the parties should call if they wished to discuss the contents of the letter. Counsel for the United States and Canfor/Terminal exchanged voicemails yesterday, but did not engage in any "consultations."

[3] The advance of costs is, of course, without prejudice to a party's ability to seek final apportionment of costs pursuant to Article 40 of the UNCITRAL Rules.

-3-

The objections to the Tribunal's proposed decision made in Canfor's and Terminal's November 16 letter were no different in substance than comments made by the claimants in earlier submissions prior to issuance of the Tribunal's draft Order. For the reasons set forth more fully in our earlier correspondence, the United States respectfully requests that the Tribunal adhere to the proposal in paragraphs 1.1 through 1.3 of the draft Order that the Tribunal decide all three issues, as well as the issue of waiver, in a preliminary phase.

### Briefing Schedule

Canfor's and Terminal's request in their November 30 letter for forty-five days to respond to the United States' Memorial is excessive, particularly if the Tribunal decides to limit the preliminary phase to the United States' Article 1901(3) objection, which has already been fully briefed by the parties in the Article 1120 arbitrations. Moreover, their request for the opportunity to respond to one another's briefs – while the United States is accorded no opportunity to respond – makes no sense. One round of briefing should be sufficient under the circumstances. The United States will have the opportunity to respond to claimants' written submissions, and claimants will have the opportunity to respond to one another's submissions, if necessary, at the oral hearing.

### Submissions from Article 1120 Arbitrations

Canfor's and Terminal's position that the parties should not be required to submit the materials from the Article 1120 proceedings, and that the Tribunal "ought not to be referring to" those materials, is untenable. The United States will be referring to the arguments made by the parties in those submissions in its Memorial on the Preliminary Questions.

### Hearing Date

We urge the Tribunal to adhere to a February 2006 hearing date for the United States' jurisdictional objections, as proposed in the draft Order. Canfor's and Terminal's purported unavailability for half of January and the entire month of February, as well as for most of the first half of 2006 is unexplained, and should not impede the scheduling of the hearing.[4]

### Protection of Confidential Information

The United States objects to Canfor's and Terminal's suggestion in their November 30 letter that the United States provide it with confidentiality agreements used in other NAFTA Chapter Eleven proceedings. If any claimant anticipates submitting confidential information at any phase of these proceedings, that claimant should draft proposed rules for consideration by the other parties and the Tribunal.

---

[4] See Letter from P. John Landry to Andrea J. Menaker & Elliott Feldman (Nov. 30, 2005) at 3 (stating that counsel for Canfor/Terminal is unavailable for a jurisdictional hearing January 15 - February 28; March 13 - 24; April 3 - 14; May 25 - June 22; and July 8 - 31).

-4-

### Open Hearings

Canfor's and Terminal's objection to waiving Article 25(4) of the UNCITRAL Arbitration Rules is perplexing, as the hearing in the *Canfor* arbitration was open to members of the public, no confidential information was introduced by any of the parties, and the hearing transcript is publicly available on the United States' website. The hearing in *Tembec*, in which all three of the United States' jurisdictional objections were to be addressed, was also scheduled to be open to the public. It is the United States' policy that substantive hearings remain open to the public, subject to narrowly tailored accommodations that may be necessary to protect any confidential information.

### Post-Hearing Submissions

Canfor's and Terminal's request in their November 30 letter for three rounds of post hearing submissions – the first round by the non-disputing NAFTA Parties, followed by two rounds by the disputing parties – should be rejected. It is impossible to know at this point whether any post-hearing submissions will be needed. We also note that no post-hearing submissions (other than cost submissions) were requested or made in the *Canfor* arbitration.

### Extensions of Time

Canfor's and Terminal's request in their November 30 letter for more liberal rules on extensions of time should be rejected. Under the circumstances, we believe that it is appropriate for the Tribunal to retain its proposed policy that extensions be granted only in "exceptional circumstances."

\* \* \*

The United States looks forward to speaking with the Tribunal early next week, and to the Tribunal's issuance of a Procedural Order.

Respectfully submitted,

*Andrea J. Menaker*

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
   Investment Disputes

Copies:
Elliott J. Feldman, Esq.
Mark A. Cymrot, Esq.
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.

# International Centre for Settlement of Investment Disputes

1818 H Street, N.W., Washington, D.C. 20433 U.S.A.
Telephone: (202) 458-1534   Faxes: (202) 522-2615 / (202) 522-2027
Website: http://www.worldbank.org/icsd

December 5, 2005

**United States of America**
c/o Mr. Mark A. Clodfelter
Assistant Legal Adviser
Office of the Legal Adviser
 and
Ms. Andrea Menaker
Chief, NAFTA Arbitration Division
 and
Mr. Mark S. McNeill
Attorney-Adviser
Office of International
Claims and Investment Disputes
Department of State
2430 E Street NW
Suite 203, South Building
Washington, DC 20037-2800

**Canfor Corporation**
**Terminal Forests Products, Ltd.**
c/o Mr. P. John Landry
Davis & Company
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7
 and
c/o Mr. Keith E. W. Mitchell
Harris & Company
14th Floor Bentall 5
550 Burrard Street
Vancouver, B.C.
Canada V6C 2B5

**Tembec Inc., Tembec Investements**
**Inc., and Tembec Industries, Inc.**
c/o Mr. Elliot J. Feldman
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304

Re:   **Canfor Corporation v. United States of America; Tembec *et al*. v. United States of America; Terminal Forest Products Ltd. v. United States of America**

Dear Sirs and Madam,

On November 22, 2005, on instruction of the President of the Tribunal, the ICSID Secretariat faxed to the parties a letter setting forth directions regarding draft Procedural Order No. 1 (previously circulated on November 9, 2005). A further additional electronic copy of the letter was emailed to the parties and to the members of the Tribunal on that same date. This letter was duly received by the parties and the members of the Tribunal, by fax and email, on that same date.

On November 23, 2005, also on instruction of the President of the Tribunal, the Secretariat sent by fax to the parties a further letter setting forth supplementary directions regarding Procedural Order No. 1. As the Secretary of the Tribunal was traveling on that date, no additional electronic copy of the letter was circulated.

Unfortunately, due to consecutive clerical mistakes, there was a failure in the transmission of the copy of the fax of November 23, 2005, addressed to counsel for Tembec *et al*. The fax was sent to counsel for Tembec *et al*. at 12:29 noon and at 4:27 p.m. on November 23,

DEC. 5. 2005  5:43PM    WORLD BANK                                    NO. 2279   P. 3/5

2                                        December 5, 2005

2005, but both fax transmissions failed due to an inadvertent operator error in the fax number. Attached please find a copy of the failed transmission receipts. ICSID premises were closed from November 23, 2005 in the evening until Monday, November 28, 2005. Due to another clerical oversight, the Secretariat did not notice that the November 23, 2005 fax transmission to counsel for Tembec *et al.* had failed until the afternoon on Tuesday, November 29, 2005. Upon discovering the failure, the fax was resent by the Secretariat, without informing the Secretary of the Tribunal, to counsel for Tembec *et al.*

The Secretariat apologizes for these clerical mistakes, which were not known to the Tribunal until receipt of the letter of Tembec *et al.* of December 1, 2005.

In light of these events, the President of the Tribunal has asked me to convey to you the following supplementary directions:

■ If and to the extent that it has not already done so, Tembec *et al.* shall consult with the other parties, aiming to reach agreement on procedure (using the Tribunal's draft Procedural Order No. 1 as guidance) by Thursday, December 8, 2005;

■ The parties shall inform the Tribunal in writing of the results of the consultations by Friday, December 9, 2005;

■ The Tribunal will hold a telephone conference on either December 12, 13 or 14, at which it expects each party to be represented; the Tribunal invites the Parties to confer and jointly inform the Tribunal of which of the three dates is most convenient for the parties;

■ The Tribunal will then issue a finalized Procedural Order No.1 on December, 16, 2005.

Sincerely yours,

Gonzalo Flores
Secretary of the Tribunal

Attachment

c.c. (with attachment):

Prof. Albert Jan van den Berg
Prof. Armand de Mestral
Mr. Davis R. Robinson

DEC. 5. 2005 5:43PM    WORLD BANK ✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳    NO. 2279  P. 4/5
                                   ✳✳✳✳ ACTIVITY REPORT (TX) ✳✳✳✳
                                   ✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳

(WED) NOV 29 2005 12:47
WB-10910

| DOCUMENT # | TIME SENT | DURATION | RECIPIENT ID | MODE | PAGES | RESULT | |
|---|---|---|---|---|---|---|---|
| 4861052-836 | 11.22 17:30 | 1'38" | 41071 | ECM | 4 | OK | |
| 4861052-837 | 11.22 17:32 | 2'38" | 90:154.1480477.8 | G3 | 4 | OK | |
| 4861052-838 | 11.22 17:36 | 25" | 991133.59897070 | ECM | 2 | OK | |
| 4861052-838 | 11.22 17:37 | 1'20" | 90114910405414888 | G3 | 4 | OK | |
| 4861052-840 | 11.22 18:03 | 32" | 9011562674290: | ECM | 4 | OK | |
| 4861052-839 | 11.22 18:10 | | 9011541:43461000 | | 0 | BUSY | |
| 4861052-841 | 11.22 18:15 | 1'08" | 41258 | ECM | 2 | OK | |
| 4861052-842 | 11.22 18:16 | 1'08" | 41258 | ECM | 2 | OK | |
| 4861052-843 | 11.22 18:52 | 1'27" | 90115626963859 | G3 | 3 | OK | |
| 4861052-844 | 11.22 18:54 | 1'03" | 912027788063 | ECM | 3 | OK | |
| 4861052-845 | 11.22 19:01 | 1'19" | 9011390064870397 | G3 | 3 | OK | |
| 4861052-846 | 11.22 19:21 | 1'09" | 901149222079443 | ECM | 2 | OK | |
| 4861052-847 | 11.22 19:44 | 1'13" | 90114122707800: | G3 | 5 | OK | |
| 4861052-848 | 11.22 19:46 | 56" | 916173533077 | ECM | 3 | OK | |
| 4861052-849 | 11.22 19:47 | 1'29" | 9011541140105100 | G3 | 3 | OK | |
| 4861052-850 | 11.22 19:49 | 1'58" | 90115113680106 | G3 | 3 | OK | |
| 4861052-85: | 11.22 19:52 | 45" | 93716950 | ECM | 3 | OK | |
| 4861052-852 | 11.22 19:53 | 2'49" | 9011541148047718 | G3 | 3 | OK | |
| 4861052 853 | 11.22 19:55 | 23" | 93923171 | ECM | 3 | OK | |
| 4861052-854 | 11.22 19:56 | 1'41" | 90115624416998 | ECM | 7 | OK | |
| 4861052-855 | 11.22 19:58 | 3'48" | 90113314501261666 | G3 | 7 | OK | |
| 4861052-856 | 11.22 20:03 | 59" | 90114:227049777 | ECM | 7 | OK | |
| 4861052-857 | 11.22 20:04 | 2'08" | 917137513290 | ECM | 7 | OK | |
| 4861052-858 | 11.22 20:07 | 1'46" | 9011541143217555 | ECM | 7 | OK | |
| 4861052-859 | 11.22 20:09 | 1'25" | 9011541148047718 | G3 | 2 | OK | |
| 4861052-860 | 11.22 20:11 | 1'11" | 92966822 | ECM | 4 | OK | |
| 4861052-861 | 11.22 20:13 | 45" | 90116565570165 | ECM | 4 | OK | |
| 4861052-862 | 11.22 20:18 | 1'11" | 901160388889369 | G3 | 2 | OK | |
| 4861052-863 | 11.22 21:09 | 1'07" | 41258 | ECM | 2 | OK | |
| 4861052-864 | 11.22 21:11 | 1'09" | 41258 | ECM | 2 | OK | |
| 4861052-865 | 11.22 21:16 | 2'48" | 90114:227078001 | G3 | 5 | OK | |
| 4861052-866 | 11.22 21:19 | 1'02" | 90113222903939 | ECM | 5 | OK | |
| 4861052-867 | 11.22 21:21 | 55" | 901148225577601 | G3 | 3 | OK | |
| 4861052-868 | 11.23 10:51 | 27" | 93014698867 | ECM | 2 | OK | |
| 4861052-869 | 11.23 11:02 | | 901159342307537 | | 0 | BUSY | |
| 4861052-871 | 11.23 11:23 | 1'12" | 901159342305280 | G3 | 2 | OK | |
| 4861052-870 | 11.23 11:30 | | 901159342306280 | | 0 | BUSY | |
| 4861052-872 | 11.23 12:15 | 49" | 92029868102 | ECM | 3 | OK | |
| 4861052-873 | 11.23 12:17 | 45" | 915143989233 | ECM | 3 | OK | |
| 4861052-874 | 11.23 12:18 | 54" | 916046053588 | G3 | 3 | OK | |
| 4861052-875 | 11.23 12:19 | 25" | 916046846632 | ECM | 3 | OK | |
| 4861052-877 | 11.23 12:22 | 24" | 92027768481 | ECM | 3 | OK | |
| 4861052-878 | 11.23 12:22 | 46" | 90113222903942 | ECM | 3 | OK | |
| 4861052-878 | 11.23 12:29 | | 92028611793 | | 0 | BUSY | |
| 4861052-879 | 11.23 12:31 | 1'29" | 901193147042041 | ECM | 11 | OK | |
| 4861052-880 | 11.23 12:33 | 2'36" | 24040 | ECM | 11 | OK | |
| 4861052-881 | 11.23 12:36 | 1'38" | 90113142892378 | ECM | 11 | OK | |
| 4861052-882 | 11.23 12:38 | 2'40" | 9011351213817499 | ECM | 11 | OK | |
| 4861052-884 | 11.23 12:43 | 1'21" | 915143977600 | ECM | 11 | OK | |
| 4861052-883 | 11.23 12:46 | 1'36" | 90113222903939 | ECM | 11 | OK | |
| TOTAL | | 1H 2'11" | | | 207 | | |

Handwritten notes (right margin):
MR. ROBINSON
PROF. DE TESTRAL
CANFOR ITFP
CANFOR ITFP
U.S.A.
DR. VAN DEN BER
TEMBEC ET AL.

DEC. 5. 2005  5:43PM    WORLD BANK☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆    NO. 2279   P. 5/5
ACTIVITY REPORT (TX)
☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆

(TUE) NOV 29 2005 17:24
WB-CSID

| DOCUMENT # | TIME SENT | DURATION | RECIPIENT ID | MODE | PAGES | RESULT | OP |
|---|---|---|---|---|---|---|---|
| 4861052-885 | 11.29 14:04 | 47" | 901133153397070 | ECM | 2 | INTERR | |
| 4861052-886 | 11.29 14:05 | 27" | 901133153397070 | ECM | 2 | OK | |
| 4861052-887 | 11.29 14:06 | 2'20" | 9011564148047718 | G3 | 4 | OK | |
| 4861052-888 | 11.29 14:09 | 1'20" | 901134915159145 | ECM | 4 | OK | |
| 4861052-890 | 11.29 14:15 | 20" | 901134915159145 | ECM | 4 | OK | |
| 4861052-889 | 11.29 14:19 | 37" | 901132229039939 | ECM | 4 | OK | |
| 4861052-891 | 11.29 15:00 | 2'39" | 9011412270780001 | G3 | 5 | OK | |
| 4861052-892 | 11.29 15:03 | 53" | 901132229039939 | ECM | 5 | OK | |
| 4861052-893 | 11.29 15:04 | 52" | 901148225577601 | G3 | 2 | OK | |
| 4861052-894 | 11.29 16:55 | 39" | 92321297 | ECM | 2 | OK | |
| 4861052-895 | 11.29 16:01 | 37" | 9011331153897070 | ECM | 3 | OK | |
| 4861052-896 | 11.29 16:12 | 1'17" | 901149220421812 | G3 | 3 | OK | |
| 4861052-898 | 11.29 16:15 | 1'00" | 9011390554685200 | ECM | 3 | OK | |
| 4861052-899 | 11.29 16:17 | 47" | 901144207842 1270 | ECM | 3 | OK | |
| 4861052-901 | 11.29 16:20 | 48" | 901161204857001 | ECM | 3 | OK | |
| 4861052-902 | 11.29 16:21 | 51" | 92022825100 | ECM | 3 | OK | |
| 4861052-897 | 11.29 16:27 | | 9282861.783 | | 0 | BUSY | |
| 4861052-900 | 11.29 16:29 | | 9011582127624242 | | 0 | BUSY | |
| 4861052-903 | 11.29 17:25 | 1'25" | 40316 | ECM | 4 | OK | |
| 4861052-904 | 11.29 17:27 | 1'29" | 41071 | ECM | 4 | OK | |
| 4861052-905 | 11.25 14:50 | 1'04" | 92022966322 | RCM | 4 | OK | |
| 4861052-906 | 11.25 14:52 | 41" | 901165565701165 | ECM | 4 | OK | |
| 4861052-907 | 11.25 14:53 | 1'09" | 9011603888889369 | G3 | 2 | OK | |
| 4861052-908 | 11.26 10:41 | | 901159342307537 | | 0 | BUSY | |
| 4861052-909 | 11.26 11:00 | 42" | 24040 | ECM | 3 | OK | |
| 4861052-910 | 11.26 11:10 | | 901159342307537 | | 0 | BUSY | |
| 4861052-911 | 11.26 11:12 | | 901159342306280 | | 0 | BUSY | |
| 4861052-912 | 11.28 11:13 | 36" | 9011442075831341 | ECM | 2 | OK | |
| 4861052-913 | 11.28 12:27 | 37" | 94734346 | ECM | 1 | OK | |
| 4861052-915 | 11.28 15:32 | 4'16" | 9011390554685200 | ECM | 11 | OK | |
| 4861052-916 | 11.28 15:37 | 4'14" | 901149220421812 | G3 | 11 | OK | |
| 4861052-917 | 11.28 15:42 | 1'24" | 901161204857001 | ECM | 6 | OK | |
| 4861052-914 | 11.28 15:45 | 3'48" | 9011442078421270 | ECM | 11 | OK | |
| 4861052-919 | 11.28 15:50 | 2'17" | 92022825100 | ECM | 7 | OK | |
| 4861052-918 | 11.28 15:57 | | 9011582127624212 | | 0 | BUSY | |
| 4861052-920 | 11.28 17:24 | 30" | 901161392866460 | ECM | 2 | OK | |
| 4861052-921 | 11.28 17:25 | 21" | 9011331445564400 | ECM | 2 | OK | |
| 4861052-922 | 11.28 18:46 | 50" | 90113512138174499 | ECM | 3 | OK | |
| 4861052-923 | 11.28 18:47 | 31" | 901132229039939 | ECM | 3 | OK | |
| 4861052-924 | 11.28 18:48 | 27" | 915143977600 | ECM | 9 | OK | |
| 4861052-925 | 11.28 18:49 | 21" | 9011331470420041 | ECM | 2 | OK | |
| 4861052-926 | 11.28 18:50 | 26" | 9011331428923786 | ECM | 2 | OK | |
| 4861052-927 | 11.28 20:04 | 2'08" | 9011541148047718 | G3 | 4 | OK | |
| 4861052-928 | 11.29 17:07 | 46" | 901132229039939 | ECM | 5 | OK | |
| 4861052-929 | 11.29 17:08 | 38" | 901156275 77601 | ECM | 2 | OK | |
| 4861052-930 | 11.29 17:10 | 1'04" | 93288771 | ECM | 4 | OK | |
| 4861052-931 | 11.29 17:11 | 2'17" | 901159122153829 | G3 | 4 | OK | |
| 4861052-932 | 11.29 17:21 | 49" | 98611783 | ECM | 3 | OK | |
| 4861052-933 | 11.29 17:22 | 35" | 92404650799 | ECM | 2 | OK | |
| 4861052-934 | 11.29 17:23 | 10" | 90112078421270 | | 0 | INTERR | |
| TOTAL | | 52'47" | | | 163 | | |

TERBEC ET AL