# Exhibit FF



United States Department of State

*Washington, D.C. 20520*

December 13, 2005

*By Facsimile and E-Mail*

Dr. Albert Jan van den Berg
Mr. Davis R. Robinson
Prof. Armand de Mestral
c/o Mr. Gonzalo Flores
Senior Counsel, ICSID
1818 H Street, N.W.
Washington, D.C. 20433

Re: *Canfor Corp. v. United States of America*;
*Terminal Forest Products Ltd. v. United States of America*; and
*Tembec Inc. et al. v. United States of America*

Dear Members of the Tribunal:

On behalf of respondent United States of America, and in accordance with Mr. Flores' letter of December 8, we provide the following observations on Tembec's letter of December 7.

*First*, Tembec cannot "remove" its Statement of Claim from these proceedings. Tembec, apparently, wishes to maintain its claim against the United States, yet have that claim adjudicated by a different tribunal. This Tribunal, however, is properly seized of Tembec's claim, and its decisions are binding on Tembec. For Tembec's claim to cease to be a subject matter of these proceedings, Tembec must withdraw its claim, or the Tribunal must dismiss the claim, both with prejudice. Removing Tembec's Statement of Claim is not within the Tribunal's discretion.

To the extent that Tembec insists on "ceas[ing] from further participation" in these proceedings,[1] the United States requests that the Tribunal issue an Order dismissing Tembec's claim with prejudice. A claimant that fails to participate in the prosecution of its claim forfeits its right to have that claim adjudicated in its favor. Tembec has indicated its intent to abandon prosecution of its claim before this Tribunal. Its claim should therefore be dismissed with prejudice for want of prosecution.[2]

---

[1] *Tembec Inc. v. United States of America*, Petition to Vacate Arbitration Award ¶ 13 (Dec. 7, 2005).

[2] *See, e.g., Cyrus Petroleum, Ltd. v. Iran*, 11 IRAN-U.S. CL. TRIB. REP. 70 (1986) (dismissing claim on basis that claimant's failure to respond to Tribunal orders "indicates that it no longer pursues its claim"); J.L. SIMPSON & HAZEL FOX, INTERNATIONAL ARBITRATION: LAW AND PRACTICE 283 (1959) ("Although international tribunals derive their jurisdiction from the consent of the parties, once such consent has been given and the jurisdiction of the tribunal created, a party, giving such consent, may find itself unable to withdraw at will from the proceedings and bound, despite its refusal or failure to participate in further proceedings, by the judgment which may be obtained in default against it by the other party.").

*Second*, the United States requests that the Tribunal issue an Order assessing all of the United States' costs associated with defending Tembec's claim, including its costs of legal representation, against Tembec. The presumption under the UNCITRAL Rules governing these proceedings is that costs of arbitration are to be "borne by the unsuccessful party."[3] If Tembec refuses to prosecute its claim, and its claim is dismissed, Tembec will be the unsuccessful party. Tembec was also unsuccessful in making its unscheduled Motion to Dismiss, date June 27, 2005, and in opposing the United States' request for consolidation. The Tribunal, should also consider Tembec's willful misrepresentations to the Tribunal and the United States, including its statements concerning its supposed desire to consult with the parties on procedural matters, and Tembec's delaying tactics, which added considerable, unnecessary costs to these proceedings.[4] Accordingly, the United States requests the opportunity to make a submission detailing its costs in defending against Tembec's claim.

The United States looks forward to further addressing these issues on the conference call scheduled for Thursday, December 15.

Respectfully submitted,

*/s/ Andrea J. Menaker*

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
 Investment Disputes

Copies:
Elliott J. Feldman, Esq.
Mark A. Cymrot, Esq.
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.

---

[3] UNCITRAL Arbitration Rules art. 40(1). Notably, Tembec designated the UNCITRAL rules to apply in the Article 1120 arbitration. *See* Tembec Notice of Arbitration and Statement of Claim ¶ 11 (undated; served on Dec. 3, 2003).

[4] *See, e.g., Behring Int'l, Inc. v. Iran*, 27 IRAN-U.S. CL. TRIB. REP. 218 ¶¶ 71-72 (1991) (awarding costs and attorney's fees to Respondent "[b]ecause of the Claimant's inappropriate conduct, particularly its failure to respond to the Tribunal's Orders.").



United States Department of State

Washington, D.C. 20520

December 22, 2005

*By Facsimile and E-Mail*

Dr. Albert Jan van den Berg
Mr. Davis R. Robinson
Prof. Armand de Mestral
c/o Mr. Gonzalo Flores
Senior Counsel, ICSID
1818 H Street, N.W.
Washington, D.C. 20433

    Re:    *Canfor Corp. v. United States of America*;
             *Terminal Forest Products Ltd. v. United States of America*; and
             *Tembec Inc. et al. v. United States of America*

Dear Members of the Tribunal:

    On behalf of Respondent United States of America, and in accordance with Procedural Order No. 1, we respond to Tembec's letter of December 15.

    Tembec has now made it clear that it seeks to remove itself from these proceedings, but maintain its Chapter Eleven claim against the United States. Tembec, however, does not have the prerogative of removing its claim from the proceedings while preserving it, and the Tribunal has no authority to grant Tembec's request that its claim be dismissed from these proceedings without prejudice. NAFTA Article 1126 is a mandatory provision. It does not permit a party that is unhappy with the consolidation proceedings to withdraw its claim at will and attempt to reinstate it in another forum. Article 1126 would otherwise be rendered a nullity. To the extent that Tembec continues to refuse to participate in the proceedings, the Tribunal may only (1) proceed with the claim in Tembec's absence, or (2) dismiss the claim with prejudice for want of prosecution.

    Proceeding under the first option and compelling the United States to defend itself against an abandoned claim would be unfair and wasteful of public resources. Adjudicating the claim would also be futile. In the unlikely event that Tembec's claim survived the United States' jurisdictional objection, Tembec could not meet its burden of proof on the merits in the absence of evidence or memorials.[1] Tembec's claim, therefore, is bound to fail absent its participation in these proceedings.

---

[1] Although the tribunal in *Behring* addressed the claim in the claimant's absence, unlike here, there was sufficient evidence on the record to do so. *See Behring Int'l, Inc. v. Iran*, 27 IRAN-U.S. CL. TRIB. REP. 218 (1991) ¶¶ 26-33.

Tembec's claim thus should be dismissed. Article 15(1) of the UNCITRAL Arbitration Rules authorizes the Tribunal to conduct the arbitration in the manner it considers appropriate, so long as the parties are treated equally and are accorded a full opportunity to present their cases. Tembec has been accorded every opportunity to advance its claim in these proceedings, but has refused to do so. Article 34(2) vests the Tribunal with the power to terminate proceedings where continuation has become "unnecessary or impossible."[2] Such a termination would be with prejudice.[3] Because adjudicating Tembec's abandoned claim is not necessary – indeed, it would be a wasteful and futile exercise – the United States respectfully requests that the Tribunal dismiss Tembec's claim with prejudice.

Respectfully submitted,

*[signature]*

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
Investment Disputes

Copies:
Elliott J. Feldman, Esq.
Mark A. Cymrot, Esq.
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.

---

[2] *See, e.g., Cyrus Petroleum, Ltd. v. Iran*, 11 IRAN-U.S. CL. TRIB. REP. 70 (1986) (dismissing claim for want of prosecution); STEWART A. BAKER & MARK D. DAVIS, THE UNCITRAL ARBITRATION RULES IN PRACTICE 189 (1992) (citing "the failure of a party to submit . . . necessary pleadings" as a basis for terminating proceedings pursuant to Article 34(2)).

[3] *See, e.g., Cherafat v. Iran*, Iran-U.S. Cl. Trib., Dec. No. DEC106-277-2 (1992) (claim terminated pursuant to Article 34(2) of the UNCITRAL Arbitration Rules cannot be reinstated absent evidence that claimant failed to receive notice of impending termination or termination was result of duress or fraud).