# Exhibit GG

In the matter of consolidated proceedings pursuant to Article 1126 of the NAFTA in:

**(1) Canfor Corporation v. United States of America,**

**(2) Tembec *et al.* v. United States of America, and**

**(3) Terminal Forest Products Ltd. v. United States of America**

### ORDER FOR THE TERMINATION OF THE ARBITRAL PROCEEDINGS WITH RESPECT TO TEMBEC *ET AL.*

10 January 2006

**CONSIDERING :**

(A)  The Order of the Consolidation Tribunal of 7 September 2005;

(B)  Tembec's letter of 7 December 2005, advising that "Tembec removes its Statement of Claim from these Article 1126 arbitration proceedings, and is filing in U.S. District Court for the District of Columbia notice of motion to vacate the Tribunal's decision and order of September 7, 2005, which terminated Tembec's Article 1120 arbitration proceedings," and requesting that "the Tribunal order its Secretary to terminate the Article 1126 proceedings as to Tembec, and make a final accounting of arbitration fees and costs up until today's date;"

(C)  The Tribunal's letter of 8 December 2005 to Canfor, Terminal and the United States, inviting them to comment on Tembec's letter of 7 December 2005 by 13 December 2005;

(D)  The letters of 13 December 2005 from Canfor, Terminal and the United States, commenting on Tembec's letter of 7 December 2005, the letter of Canfor and Terminal having as attachment Tembec's "Petition to Vacate Arbitration Award" and "Notice of Motion to Vacate Arbitration Award both dated 7 December 2005;"

(E)  Tembec's second letter of 15 December 2005, received by the Tribunal on 16 December 2005, advising that "As the only claimant seeking court review of the

Tribunal's September 7 order, Tembec acted so as not to interfere with the claims of the other parties;" that "Tembec has not withdrawn its claims against the United States under NAFTA Chapter 11;" that "The United States agrees that Tembec should be dismissed, but with prejudice . . . and effectively confirms that dismissal is in order;" that "The United States errs only with respect to prejudice;" and that "The Tribunal should order its Secretary to terminate the Article 1126 proceedings as to Tembec."

(F) The Procedural Order No. 1 issued on 17 December 2005, *inter alia*, directing Canfor, Terminal and the United States to respond to the letters referred to in Recitals (D) and (E) above by 22 December 2005;

(G) The letter of 22 December 2005 from the United States, contending that Tembec "does not have the prerogative of removing its claim from the proceedings while preserving it, and [that] the Tribunal has no authority to grant Tembec's request that its claims be dismissed from these proceedings without prejudice," and requesting the Tribunal to dismiss Tembec's claim with prejudice;"

(H) The position of Canfor and Terminal, conveyed to the Tribunal's Secretary by telephone on 22 December 2005, that they do not have any further observations to make on Tembec's letters referred to in Recitals (D) and (E) above concerning Tembec's participation in these proceedings;

(I) The draft of this Order, which was submitted to Canfor, Tembec, Terminal and the United States on 27 December 2005 for comment by 4 January 2006;

(J) The comments received by letters of 4 January 2006 from Canfor, Tembec, Terminal, and the United States on the draft of this Order referred to in Preamble (I) above; while Canfor, Tembec and Terminal concurred with the draft of the Order, the United States advised that "to the extent that the Tribunal does not terminate Tembec's claim from these proceedings with prejudice, the United States categorically objects to the removal of Tembec's claims from these proceedings, and the Tribunal must remain seized of the claim;"

(K) The telephone conference, requested by the United States in its letter of 4 January 2006, held on 9 January 2006, in which the members of the Tribunal and counsel for Canfor, Tembec, Terminal, and the United States participated.

**THE ARBITRAL TRIBUNAL HEREBY DECIDES AS FOLLOWS:**

1. **Termination**

1.1  The Tribunal hereby terminates the present proceedings with respect to Tembec, subject to the provisions of this Order, considering that Canfor, Terminal and the United States have not raised justifiable grounds for objection as provided in Article 34(2) of the UNCITRAL Arbitration Rules. The United States has not shown to the satisfaction of the Tribunal that this Tribunal has the competence referred to in Sub-section 1.3 below and, as a consequence, the United States has not raised a justifiable ground for objection.

1.2  The Tribunal rejects Tembec's request in its letter of 7 December 2005 that "the Tribunal order its Secretary to terminate the Article 1126 proceedings as to Tembec . . ." since the power to terminate pertains to the Tribunal.

1.3  The Tribunal does not declare the termination referred to in Sub-section 1.1 above either with prejudice to reinstatement or without prejudice to reinstatement of Tembec's NAFTA claims as filed in its Notice of Arbitration and Statement of Claim on 3 December 2004, considering (i) that neither any of the provisions of Chapter 11 of the NAFTA nor Article 28(1) or Article 34(2) or any other provision of the UNCITRAL Arbitration Rules confers upon the present Tribunal competence to issue such a declaration; and (ii) that the question whether or not the termination as to Tembec is with or without prejudice to reinstatement is to be considered and decided upon by the Article 1120 tribunal, if any, to which Tembec may seek to resubmit the afore-mentioned NAFTA claims notwithstanding, *inter alia*, the provisions of Article 1121(1)(b) of the NAFTA, Tembec's waiver made thereunder and the provisions of Article 1126(8) of the NAFTA.

2. **Costs**

2.1  The Tribunal will determine at an appropriate time whether, and if so to what extent and in which manner, Tembec is to bear the costs of arbitration referred to in Articles 38 through 40 of the UNCITRAL Arbitration Rules, considering (i) that the Tribunal reserved its decision concerning costs to a subsequent order, decision or arbitral award in Decision No. 3 of the Consolidation Order of 7 September 2005; (ii) that the United States requested in its letter of 13 December 2005 "the opportunity to make a submission detailing its costs in defending against Tembec's

claim;" and (iii) that Canfor, Tembec and Terminal have not made a submission on the question of costs as to Tembec either.

2.2 For the purposes of the determination referred to in Sub-section 2.1 above, the Tribunal will invite Tembec, Canfor, Terminal and the United States to submit their views in a manner and according to a schedule to be determined by the Tribunal in consultation with Tembec, Canfor, Terminal and the United States.

2.3 Accordingly, at present, the Tribunal rejects Tembec's request in its letter of 7 December 2005 that "the Tribunal order its Secretary to . . . make a final accounting of arbitration fees and costs up until today's date" and to "provide a refund to Tembec of any remaining balance of the deposit paid."

3. **Competence**

3.1 The Tribunal notes the pendency of Tembec's Petition and Notice of Motion to Vacate Arbitration Award, i.e., the Tribunal's Consolidation Order of 7 September 2005, filed with the United States District Court for the District of Columbia on 7 December 2005.

3.2 In regard of Sub-section 3.1 above, the Tribunal further notes that it is unaware of any applicable existing international or national law or other governing circumstance that affects the Tribunal's competence to decide any matters before it, including but not limited to the issuance of this Order for Termination of the present proceedings with respect to Tembec.

On behalf of the Arbitral Tribunal,

_____
Albert Jan van den Berg,
President