**EXHIBIT A**



**United States Department of State**

*Washington, D.C. 20520*

April 4, 2005

*By Facsimile*

Mr. Gonzalo Flores
International Centre for
 Settlement of Investment Disputes
1818 H Street, N.W.
Washington, D.C. 20433

Re:  *Canfor Corp. v. United States of America;*
     *Terminal Forest Products Ltd. v. United States of America;* and
     *Tembec Inc. et al v. United States of America*

Dear Mr. Flores:

On behalf of respondent United States of America and in response to claimants' letters of April 1, we write to comment on claimants' objection to the appointment of Mr. Greenwood as an arbitrator in this matter.

*First*, we note that none of the three legal opinions given by Mr. Greenwood in an unrelated NAFTA Chapter Eleven arbitration has any bearing on the legal issues in this proceeding.[1] *Second*, under the prevailing ethical codes for arbitrators, even if Mr. Greenwood's prior legal opinions were relevant to an issue here, that would not provide a basis to object to his appointment.[2] *Third*, Mr. Greenwood has no connection with the judicial proceedings to set aside the award in that arbitration, nor do the judicial proceedings implicate Mr. Greenwood's legal opinions. We therefore respectfully submit that there is no valid ground for objecting to the appointment of Mr. Greenwood as an arbitrator in this matter.

Respectfully submitted,

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of International Claims and
 Investment Disputes

---

[1] While one of Mr. Greenwood's legal opinions references a NAFTA provision that is also at issue here, the legal issues in the two proceedings are distinct. *Compare Loewen Group Inc. and Raymond Loewen v. United States of America*, Opinion of Christopher Greenwood, QC at 19-22 (Mar. 26, 2001) (opining that Article 1121 does not waive the local remedies rule in the context of judicial decisions) *with Tembec Inc. et al. v. United States of America*, Objection to Jurisdiction at 35-38 (Feb. 5, 2005) (objecting to jurisdiction on the basis that claimants failed to fulfill the condition precedent in Article 1121 by acting inconsistently with their written waivers).

[2] *See IBA Guidelines on Conflicts of Interests in International Arbitration* art. 4.1.1 (May 22, 2004) (an arbitrator's prior legal opinion on an issue relevant to the arbitration does not give rise to a conflict of interest).

Copies:
P. John Landry, Esq.
Keith E.W. Mitchell, Esq.
Elliot J. Feldman, Esq.
Mark A. Cymrot, Esq.



14th floor Bentall 5    Vancouver BC    Tel 604. 684 6633
550 Burrard    Canada V6C 2B5    Fax 604. 684 6632
www.harrisco.com      info@harrisco.com

# HARRIS & COMPANY
*barristers and solicitors*

April 7, 2005

**By Fax**

Keith E.W. Mitchell
Direct No. 604. 891 2217
kmitchell@harrisco.com
Our File 002918.001

International Centre for Settlement of Investment Disputes
1818 H Street, N.W.
Washington, DC, 20433

Attention:    José Antonio Rivas, Counsel

Dear Sirs and Mesdames:

Re: Canfor Corporation v. United States of America; Terminal Forest Products v. United States of America; Tembec et al. v. United States of America; Request for the establishment of a Consolidation Tribunal pursuant to NAFTA Article 1126

We are in receipt of the United States' letter of today's date responding to Tembec's submission concerning the appropriateness of appointing Professor Greenwood.

In light of the significance of each party's concern over the independence and impartiality of the entire tribunal and the corresponding availability of numerous qualified candidates, it is unfortunate that the United States has thought it necessary to advocate so vigorously in favour of a Tribunal member who has recently been on a substantial retainer to it. That fact alone justifies the appointment of a different candidate.

Yours very truly,
Harris & Company

Per:

Keith E.W. Mitchell

KEWM/ml
General/002918.001/89032.1

cc.    Mr. Elliot Feldman and Mr. Mark Cymrot
       Mr. Mark Clodfelter and Ms. Andrea Menaker