# EXHIBIT I

IN THE MATTER OF AN ARBITRATION UNDER CHAPTER 11
OF THE NORTH AMERICAN FREE TRADE AGREEMENT
AND THE UNCITRAL ARBITRATION RULES

BETWEEN:

METHANEX CORPORATION

<u>Claimant/Investor</u>

And

UNITED STATES OF AMERICA

<u>Respondent/Party</u>

## Response of Arbitrator Warren Christopher
## To
## Notice of Challenge

I have received and reviewed the "Notice of Challenge" dated August 28, 2002, submitted by Messrs. Dugan and Wilderotter of Jones, Day, Reavis & Pogue on behalf Methanex Corporation ("Methanex") questioning my impartiality and independence in this matter and requesting that I either resign as arbitrator or be disqualified from continuing to act as such. Methanex submits this challenge more than two years after the retention of O'Melveny & Myers LLP ("O'Melveny") in the *Williams v. State of California* case, more than 20 months after Methanex filed its Amended Complaint based upon Governor Davis' alleged secret meeting with executives of ADM, and following the tribunal's Partial Award dated August 15, 2002. This is my response.

O'Melveny, the law firm of which I am senior partner, represents a broad range of clients in California, both public and private. In addition, I have served the State in various *pro bono* roles over the years, most recently as co-chairman of an advisory panel on hate crimes appointed by Governor Davis. As is shown by the attachments to the Notice of Challenge, Methanex and its counsel were aware of these circumstances at the time I was appointed to this arbitral tribunal. Methanex, through its prior counsel, expressed its satisfaction that these circumstances did not implicate my impartiality or independence with respect to the matters at issue here.

In the Notice of Challenge, however, new counsel for Methanex assert that they had recently learned of a representation undertaken by O'Melveny subsequent to my appointment that, in their view, raises an issue in that regard, namely, O'Melveny's representation of the State of California and certain of its officials (but not Governor

Davis) in *Williams v. State of California*, San Francisco Superior Court Case No. 312236 (the "*Williams* Action"). The plaintiffs in the *Williams* Action complain of alleged shortcomings in the State's oversight of public education in California. There is no relationship between the issues in controversy in that action and the matters in controversy here, and the Notice of Challenge does not suggest the contrary. Nevertheless, Methanex urges that O'Melveny's representation of California in the *Williams* Action calls into question my impartiality and independence because of what Methanex believes was my role in O'Melveny's obtaining that representation.

The press reports from which Methanex has drawn its view of my role in O'Melveny's retention in the *Williams* Action paint a distorted and inaccurate picture. Although I see no reason to undertake a point-by-point refutation of the hearsay and gossip contained in the newspaper clippings attached to the Notice of Challenge, it will be useful to set forth the facts as I recall them regarding my limited connection to the *Williams* Action.

My recollection is that in June 2000, during a discussion I had with a lawyer from the Governor's office on unrelated matters, we discussed the recent and well-publicized filing of the *Williams* Action. The lawyer from the Governor's office indicated a desire to retain an outside law firm to represent the State because the action was particularly complex and he anticipated that its defense would impose excessive demands upon the State's counsel. He was specifically interested in knowing if O'Melveny had attorneys with the requisite expertise in the matters that would be litigated in the *Williams* Action.

CC1:585444

3

I suggested that he speak with Fram Virjee, an O'Melveny partner whom I knew to have had extensive experience in matters involving public education.

I did not make a personal appeal to the governor to obtain that representation for O'Melveny over the opposition of the Attorney General, and indeed, I have never spoken to Governor Davis about the case. I understand that Mr. Virjee made a written submission setting forth his ideas regarding the defense of the action, and detailing his expertise and that of other O'Melveny attorneys whom he proposed for the representation. I played no role in the preparation of that submission and was not one of the attorneys proposed for the representation of the State. I have never had my name on any pleadings in the case, and never charged any time on the *Williams* case file.

Based upon the foregoing facts, I believe there is no justifiable basis to question my independence or impartiality. However, to avoid the continuing distractions of this issue for the tribunal and the parties, I have concluded that I should withdraw as arbitrator, and I do so with the consent of the U.S.A., effective as of this date.

Dated: September 20, 2002

_____
Warren Christopher

CC1:585444

4

From: "Harper" <twoharps@att.net>
To: "Emmanuel Gaillard" <egaillard@Shearman.com>, <weiler@jeanmonnetprogram.org>, <ybanifatemi@shearman.com>, <john_landry@davis.ca>, <kmitchell@harrisco.com>, <mcneillMS@state.gov>, <Menakeraj@state.gov>, <Tooleji@state.gov>
Date: Wed, Mar 2, 2005  9:14 am
Subject: Withdrawal

Dear Colleagues:

    I thank the Parties, their counsel, my fellow arbitrators and Dr. Banifatemi. In accordance with the request of Canfor Corporation, I hereby withdraw as an arbitrator, effective immediately. I regret that I shall no longer have the pleasure of working with all of you on this important matter. If the Parties request, I shall refund the fee and reimbursement sum of US $15,169.05 paid to me in October 2004.

                                                     Sincerely,

                                                     Conrad Harper