UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

In the Matter of the Arbitration between )
)
TEMBEC INC., TEMBEC INVESTMENTS )
INC., TEMBEC INDUSTRIES INC. )
)
                Petitioners, )
) Case No. 05-CV-2345 (RMC)
     and )
)
THE UNITED STATES OF AMERICA, )
)
                Respondent. )
_____

**PETITIONERS' SUPPLEMENTAL MEMORANDUM
WITH REGARD TO NOTICE OF FILING SUBMITTED BY THE UNITED STATES**

       On June 12, 2006, the Respondent United States of America ("United States") filed a Notice of Filing attaching without comment the Decision on Preliminary Questions issued in the consolidated arbitration proceedings *Canfor Corporation v. United States of America* and *Terminal Forest Products Ltd. v. United States of America*, dated June 6, 2006 ("Decision"). Tembec Inc., Tembec Investments Inc. and Tembec Industries Inc. (collectively, "Tembec") withdrew from that proceeding prior to the briefing and hearing leading up to the Decision.

       Tembec filed its Motion to Vacate challenging the Consolidation Tribunal's earlier decision on September 7, 2005, which ordered consolidation of proceedings and purported to dispose of Tembec's right to arbitration before a consensually-appointed

NAFTA Article 1120 tribunal. That decision is the final award as to which Tembec is seeking this Court's review under the Federal Arbitration Act.[1]

The United States has not indicated its purpose in submitting the later Decision. Tembec can only surmise that the United States submitted the Decision for the purpose of impressing upon the Court its length, an implicit surrogate for a careful, well-considered and fair opinion. However, length is a poor barometer for merit or bias. The issues decided by the Consolidation Tribunal involved an interpretation of NAFTA which has not, as yet, been briefed to this Court. The Tribunal's conclusion was a predictable gutting of the claimants' claim. At key points, the logic of the opinion becomes incoherent and is contrary to well established principles of treaty interpretation, which would provide some additional evidence of bias. The Court could judge the Decision for bias only by having these issues briefed.

Such a briefing exercise would engage the Court in a lengthy analysis that is largely beside the point. Courts typically give minimal consideration at best to the text of an arbitration decision when determining whether an arbitration tribunal was partial. Instead, courts emphasize the relationship between the arbitrator and the party, which is the core of Tembec's claim.[2] Evident partiality focuses on the motivations and

---

[1] This award was submitted as Tab E to the Appendix to Tembec's motion to vacate. The bases for the motion did not involve the merits of the Tribunal's decision but instead its composition and inappropriate conduct; particularly that (1) the appointment of Davis R. Robinson from a list submitted by President Bush, being President Bush's cousin and former head of the office defending the United States against Tembec's claim, to the Consolidation Tribunal presented conflicts of interest creating "evident partiality" on the tribunal against Tembec; (2) the composition of the Consolidation Tribunal violated NAFTA Article 1126 and U.S. public policy, as the United States had undue influence over the choice of the tribunal; and (3) the Consolidation Tribunal exceeded its powers because it exercised authority without being properly constituted and beyond the authority granted by NAFTA Article 1126.

[2] *See, e.g., Morelite Constr. Corp. v. New York City Dist. Council Carpenters Benefit Funds*, 748 F.2d 79, 84 (2d Cir. 1984) (relying solely on the father-son relationship between arbitrator and officer of union participating in the arbitration to vacate arbitration award on grounds of evident partiality).

relationships that demonstrate that an arbitrator is biased in favor of one party, rather than simply drawing conclusions from the substance of the arbitration award.[3]

Should the Court be inclined to rely on the Decision, to any degree, as a basis for determining evident partiality within the Consolidation Tribunal, Tembec is prepared to explain at oral argument that the Decision is illogical and incoherent, notwithstanding its apparent length, and asks the Court to notify Tembec of a desire to hear argument on the subject.

Respectfully submitted,

_____/s/_ Elliot J. Feldman_____
Elliot J. Feldman (D.C. Bar No. 418501)
Mark A. Cymrot (D.C. Bar No. 164673)
Michael S. Snarr (D.C. Bar No. 474719)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W., Suite 1100
Washington D.C.  20036-5304
Tel: (202) 861-1679
Fax: (202) 861-1783

Dated:  July 17, 2006           Counsel for Petitioners Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc

---

[3] *See Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 151 (1968) (White, J. concurring) (finding evident partiality based on arbitrator's failure to reveal the nature of his relationship with one of the parties, notwithstanding that the record of the arbitration revealed no arbitrator unfairness or bias).