UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEMBEC INC., TEMBEC INVESTMENTS INC., TEMBEC INDUSTRIES INC.,<br><br>　　　　　　　　　Petitioners,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | No. 05-CV-2345 (RMC) |

**PETITIONERS' RESPONSE TO ORDER TO SHOW CAUSE**

Petitioners submit this Response to the Court's August 8, 2006 Order to Show Cause why this matter should not be stayed. On August 7, 2006, Respondent filed a document with the Court entitled "Respondent's Factual Notice," in which it stated that the United States and the Government of Canada had initialed, but not signed, an agreement that "would provide for resolution of antidumping and countervailing duty disputes involving softwood lumber from Canada … and dismissal of all litigation … including specifically the dismissal of this case." Respondent's Factual Notice at 1-2. The United States also explained that "[t]he agreement cannot enter into force until specific preconditions are met, including approval of the export charge system by the Canadian Parliament, which returns in September 2006."

The United States' submission has misled the Court. A precondition for conclusion of the initialed (but unsigned) agreement to enter into force is Tembec's withdrawal of this case. Tembec has not withdrawn this case. To the contrary, Tembec requested that this Court schedule the oral argument which had been set for August 14, 2006, in order to proceed to a resolution of this matter. Petitioners have been making preparations for that hearing and have had every intention of appearing on Monday to present their case. Until Petitioners take some action to dismiss this case, or the issues are decided finally and conclusively on the merits, that precondition of the unsigned agreement cannot and will not be satisfied, despite the

transparent attempt, in the agreement itself, to expropriate Tembec's claims.  The agreement cannot terminate this case without Tembec's express approval, and delay in proceeding is prejudicial against Tembec's interests.

Extinction of Tembec's claim is not the only precondition the United States neglected to mention or explain to the Court.  The agreement cannot enter into force without the withdrawal by all parties from thirty other pending legal actions, including the consolidation of 113 cases filed after "Basic Terms" for an agreement were announced on April 27.  Numerous Canadian plaintiffs in those cases have stated publicly that they have no intention of withdrawing their claims.

The unsigned agreement,[1] initialed by a Minister in a minority government in Canada, requires implementing legislation; all Opposition Parties, which together constitute a majority, have declared opposition to the agreement in its present form, and the United States and Canada both have announced that they will not change it.  In addition to the termination of all litigation, parties (mostly Canadian companies) that account for at least 95 percent of the approximately US$ 5 billion in cash deposits that have been made pursuant to antidumping and countervailing duty orders must agree to pay a total of US$1 billion from refunded deposits to their U.S. competitors, represented by the Coalition for Fair Lumber Imports Executive Committee, and to other initiatives in the United States specified in the proposed agreement.  Companies collectively accounting for more than 5 percent already have announced that they will not consent to these extraordinary payments.

Many recent press reports from Canada and the United States confirm that these preconditions may not be met.  The reports characterize the proposed agreement as "near collapse" and quote the Canadian International Trade Minister as stating that the deal could be "dead before arrival" due to opposition from Canadian companies and provincial governments.

---

[1] A copy of the agreement can be found at
http://www.international.gc.ca/eicb/softwood/pdfs/InitialledSLA2006-en.pdf

A sample of such articles is attached as Exhibits A and B.

This is not the first time in the matter of Tembec's investor claims against the United States that the Respondent has sought at the eleventh hour to block a hearing. We note that no party has applied for a continuance of these proceedings, per LCvR 16.1(b), let alone demonstrated grounds for such a continuance.[2]

Accordingly, Petitioners ask that the Court reinstate the August 14, 2006 oral argument as originally scheduled, or alternatively schedule for the next possible date.

Respectfully submitted,

_____/s/_____
Elliot J. Feldman (D.C. Bar No. 418501)
Mark A. Cymrot (D.C. Bar No. 164673)
Michael S. Snarr (D.C. Bar No. 474719)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W.
Suite 1100
Washington D.C. 20036-5304
Tel: (202) 861-1679
Fax: (202) 861-1783

Dated: August 8, 2006

Counsel for Petitioners Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc.

---

[2] Nor did the United States confer with Petitioners prior to implicitly requesting a continuance of the August 14 oral argument as would be required for any non-dispositive motion under LCvR 7(m).