## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.      This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

> NAHA Chapter 11 claim of *Tembec Inc., Tembec Investments Inc. and Tembec Industries Inc. v. United States of America* (collectively "Tembec").

2.      The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

> (a)      the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

> (b)      the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

> (c)      USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

> (d)      The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.      Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

1

4.      Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.      No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.      This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.      The parties shall not re-file the Covered Action.

8.      For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation),* Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.      This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.     This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.     As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.     This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____  Dated: Sept. 20, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

*Counsel for Tembec Inc.*

By: _____  Dated: _____, 2006
Andrea J. Menaker
Chief, NAFTA Arbitration
Division Office of the Legal
Adviser
U.S. Department of State
Washington, D.C.

Counsel for the United States with respect to the NAFTA Chapter 11 claim of *Tembec Inc., Tembec Investments Inc. and Tembec Industries Inc. v. United States of America* (collectively "Tembec")

2

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.      This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

*Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia)).

2.      The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

(a)      the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

(b)      the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

(c)      USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

(d)      The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.      Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

1

4.      Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.      No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.      This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.      The parties shall not re-file the Covered Action.

8.      For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.      This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.     This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.     As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.     This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____  Dated: _____, 2006
**Elliot J. Feldman**
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

*Counsel for Tembec Inc.*

By: _____  Dated: _____, 2006
**Alexander Kenneth Haas**
U.S. Department of Justice
20 Massachusetts Avenue,
NW Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))