AGREEMENT

BETWEEN

THE GOVERNMENT OF CANADA

AND

THE GOVERNMENT OF THE UNITED STATES OF AMERICA

AMENDING THE SOFTWOOD LUMBER AGREEMENT

BETWEEN

THE GOVERNMENT OF CANADA AND

THE GOVERNMENT OF THE UNITED STATES OF AMERICA

DONE AT OTTAWA ON 12 SEPTEMBER 2006

**THE GOVERNMENT OF CANADA AND THE GOVERNMENT OF THE UNITED STATES OF AMERICA,**

**HAVING** signed the Softwood Lumber Agreement between the Government of Canada and the Government of the United States of America, at Ottawa on 12 September 2006 ("the SLA 2006"),

**DESIRING** to amend Articles II through IV and Article X of the SLA 2006 Agreement, and make consequential changes to the Annexes associated with these Articles, pursuant to Article XIX of the SLA 2006,

**HAVE AGREED** as follows:

ARTICLE I

Article II(1)(a) of the SLA 2006 shall be deleted and replaced by the following:

"(a)   the Settlement of Claims Agreement in Annex 2A has been signed by counsel on behalf of the parties set out therein;"

ARTICLE II

Article II(1)(c) of the SLA 2006 shall be deleted and replaced by the following:

"(c)   the United States is not enjoined by court order from revoking the AD Order or the CVD Order;"

## ARTICLE III

Article II(1)(e) of the SLA 2006 shall be deleted and replaced by the following:

"(e)   Canada and the United States have confirmed that all those Importers of Record that have elected to be Escrow Importers as of the day prior to the Effective Date have complied with all the requirements in paragraph 1 of Annex 2C;"

## ARTICLE IV

The chapeau of Article III(2) of the SLA 2006 shall be deleted and replaced by the following:

"2.   On the Effective Date, or no later than 3 days after the Effective Date, USDOC shall instruct USCBP, as set out in Annex 3A[*], to:

[*] The Parties understand that, should a court of competent jurisdiction enjoin the liquidation of entries that would otherwise be subject to the liquidation instructions contained in Annex 3A, USDOC shall amend the instructions to reflect that court's order."

## ARTICLE V

Article III(2)(b) of the SLA 2006 shall be deleted and replaced by the following:

"(b)   except with respect to entries the liquidation of which is enjoined, liquidate all Covered Entries made on or after May 22, 2002 without regard to antidumping or countervailing duties and refund all deposits collected on such entries with all accrued interest pursuant to 19 U.S.C. § 1677g(b) to the Importers of Record or their designates. No later than 3 days after a court of competent jurisdiction has modified any injunction against liquidation to permit liquidation and the return of deposits to Importers of Record or confirmed that liquidation is not inconsistent with such injunction, USDOC shall instruct USCBP, as set out in Annex 3B, to liquidate the entries that were subject to that injunction in accordance with paragraph 8 of Annex 2C."

## ARTICLE VI

Article III of the SLA 2006 shall be amended by adding paragraph 3 as follows:

"3.   With respect to Covered Entries subject to an injunction against liquidation for antidumping purposes, after a suspension of liquidation for CVD purposes with respect to such entries has been removed, the United States shall, unless otherwise ordered by a court of competent jurisdiction, act in accordance with the view that the 6 month period specified in 19 U.S.C. § 1504(d) does not begin until USCBP receives notice of the lifting of the injunction, unless an extension request under 19 U.S.C. § 1504(b) and 19 C.F.R. § 159.12 is applicable."

## ARTICLE VII

Article IV(1) of the SLA 2006 shall be deleted and replaced by the following:

"1.     Within 10 days after the Effective Date, the United States shall begin to liquidate all Covered Entries made on or after May 22, 2002, except with respect to entries the liquidation of which is enjoined**, without regard to antidumping or countervailing duties, and with interest pursuant to 19 U.S.C. § 1677g(b). Within 10 days after a court of competent jurisdiction has modified any injunction against liquidation to permit liquidation and the return of deposits to Importers of Record or confirmed that liquidation is not inconsistent with such injunction, the United States shall begin to liquidate the entries that were subject to the injunction in accordance with paragraph 8 of Annex 2C.

**Liquidation of such entries is addressed in paragraph 2(b) of Article III."

## ARTICLE VIII

Article IV(2) of the SLA 2006 shall be deleted and replaced by the following:

"2.     Except with respect to entries the liquidation of which is enjoined,*** the United States shall complete the liquidation of Covered Entries and the refund of all cash deposits as soon as possible, but not later than 6 months after the publication in the *Federal Register* of the revocations referred to in Article III unless these entries are subject to an extension request under 19 U.S.C. § 1504(b) and 19 C.F.R. § 159.12.

***Liquidation of such entries is addressed in paragraph 2(b) of Article III."

## ARTICLE IX

Article X(2)(a) of the SLA 2006 shall be deleted and replaced by the following:

" (a)    except for 9157-9516 Québec inc. (Scierie Nord-Sud inc.), a base average monthly production shall be established for each company in Annex 10 equivalent to its total production of Softwood Lumber Products for 2004 and 2005, divided by 24. For 9157-9516 Québec inc. (Scierie Nord-Sud inc.), a base average monthly production shall be established that is equivalent to its total production of Softwood Lumber Products for 2002 and 2003, divided by 24;"

## ARTICLE X

Article X(3) of the SLA 2006 shall be deleted and replaced by the following:

"3. With respect to each company listed in Annex 10, the province in which the company is located shall provide Canada before the Effective Date with a certified statement attesting to the company's total production of Softwood Lumber Products for 2004 and 2005. In the case of 9157-9516 Québec inc. (Scierie Nord-Sud inc.), Québec shall provide Canada before the Effective Date with a certified statement attesting to the company's total production of Softwood Lumber Products for 2002 and 2003. Canada shall provide these statements to the United States within 10 days of receipt. This information shall not be treated as confidential under Article XVI. If exclusion of a company is limited to one or more mills, "company" in this Article shall be limited to those one or more mills. The Parties shall cooperate with respect to monitoring and enforcement, as contemplated in Article XV, in respect of claims of exclusion under this Article."

## ARTICLE XI

Annex 2A of the SLA 2006 shall be deleted and replaced by the attached Annex 2A.

## ARTICLE XII

Annex 2B of the SLA 2006 shall be deleted and replaced by the attached Annex 2B.

## ARTICLE XIII

Paragraph 2 of Annex 2C of the SLA 2006 shall be deleted and replaced by the following:

"2. USCBP shall provide Canada with information and documentation demonstrating that USCBP has received the documentation described in sub-paragraph 1(a) for all Importers of Record that have elected to be Escrow Importers as of the Effective Date."

## ARTICLE XIV

The chapeau of Annex 2C, paragraph 4 of the SLA 2006 shall be deleted and replaced by the following:

"4. By the Effective Date, the United States shall provide Canada or its agent with information identifying beneficiaries who will establish accounts with respect to the following:"

## ARTICLE XV

Annex 2C, paragraph 5 of the SLA 2006 shall be amended by deleting the phrase "pursuant to the Irrevocable Directions to Pay".

## ARTICLE XVI

Annex 2C, paragraph 6 of the SLA 2006 shall be deleted and replaced by the following:

"6.  The United States understands that Canada or its agent shall purchase from the Escrow Importers the rights to the amount of cash deposits stated in USCBP records and accrued interest for the Covered Entries. The purchase price[****] paid to an Escrow Importer shall not exceed the amount of cash deposits and accrued interest on its Covered Entries on the purchase date less the amounts directed to the accounts referenced in paragraph 4. Canada or its agent may make payments in installments in respect of these purchases. Each Escrow Importer in the Agreements of Purchase and Sale shall irrevocably direct Canada or its agent to pay a portion of each installment to the referenced accounts in paragraph 4 in an amount that is proportionate to $US 1 billion divided by the total amount of cash deposits to be refunded to all Importers of Record and the interest accrued as of the Effective Date. Payment of any such portion shall be made on the same day as the installment is paid to the Escrow Importer.

In particular, Canada or its agent shall ensure that the majority of the amount owing to the account referenced in paragraph 4(a) is paid within 8 weeks of the Effective Date provided that, if a longer timeframe is necessary, payments to the account referenced in paragraph 4(a) shall be made as soon as possible and no later than the same date as payments to the Escrow Importers. Furthermore, to the extent permissible under the terms of the Agreements of Purchase and Sale and in light of the fact that the accounts specified in paragraphs 4(b) and (c) will require additional time to be created, payment of all monies due to the account referenced in paragraph 4(a) shall be completed in advance of payments to the accounts referenced in paragraphs 4(b) and (c).

If, for any reason, the 8 week timeframe needs to be extended, the Parties shall consult regarding the extension of the timeframe required. Such consultations shall take place within 8 weeks of the Effective Date. A Party may not initiate dispute settlement proceedings under Article XIV regarding the extension of the above-mentioned timeframes.

Canada shall pay the difference between $US 1 billion and the aggregate amount directed by the Escrow Importers into the accounts referenced in paragraph 4. Notwithstanding any extension of the 8 week timeframe referenced above, all payments to the accounts referenced in paragraph 4 shall be completed within 6 months of the Effective Date.

---

[****] Canada or its agent shall assume administrative costs associated with the purchase of the rights to the amount of cash deposits and accrued interest."

### ARTICLE XVII

Annex 2C, paragraph 8 of the SLA 2006 shall be deleted and replaced by the following:

"8. The United States shall liquidate Covered Entries starting with entries that are or will become more than 4 years old during the first 6 months of the liquidation process and followed by entries that will become more than 4 years old during any subsequent extension under 19 U.S.C. § 1504(b) and 19 C.F.R. § 159.12. In addition, the United States shall liquidate all entries for which liquidation is enjoined by the CIT in *West Fraser v. United States* (Consol. Ct. No. 05-00079) within 6 months of the modification or clarification of the injunctions permitting liquidation of these entries to proceed, unless these entries are subject to an extension request under 19 U.S.C. § 1504(b) and 19 C.F.R. § 159.12. Such liquidation shall proceed according to the instructions in Annex 3B."

### ARTICLE XVIII

Annex 3 of the SLA 2006 shall be deleted and replaced by the attached Annex 3A and Annex 3B.

### ARTICLE XIX

Annex 10, item 3 of the SLA 2006 shall be amended by replacing "Scierie Coaticook inc." with "Beaubois Coaticook inc."

### ARTICLE XX

This Agreement shall enter into force on the date designated by the Parties for the entry into force of the SLA 2006.

**IN WITNESS WHEREOF**, the undersigned, being duly authorized by their respective Governments, have signed this Agreement.

**DONE** in duplicate at Ottawa, this 12th day of October 2006, in the English and French languages, each version being equally authentic.

_____
**FOR THE
GOVERNMENT OF CANADA**

_____
**FOR THE
GOVERNMENT OF THE UNITED
STATES OF AMERICA**

ANNEX 2A

SETTLEMENT OF CLAIMS AGREEMENT

1.  On the Effective Date of the Softwood Lumber Agreement 2006, this Settlement of Claims Agreement (Claims Settlement Agreement) will constitute a full and complete settlement of the claims asserted in the actions referenced in this paragraph. On the Effective Date, Canada and the United States shall file a joint stipulation of dismissal of Canada's complaint in *Canada v. United States* (Ct. No. 05-00033 (CIT)). Further, on the Effective Date:

> The United States and Tembec Inc. and its affiliates shall file a joint stipulation of dismissal in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia));
> 
> the United States shall withdraw its request for an Extraordinary Challenge in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA; and
> 
> Canfor Corporation shall withdraw its claim against the United States in *The Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*.

2.  In addition, on the Effective Date, Canada and the United States shall seek to dismiss the following actions:

> *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02;
> 
> *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein; and
> 
> *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.)).

3.  The United States shall ensure that the following actions are taken:

    (a) On the Effective Date, the U.S. Department of Commerce ("USDOC") shall retroactively revoke the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

    (b) On the Effective Date, USDOC shall terminate all USDOC proceedings related to the Orders; and

    (c)    No later than 3 days after the Effective Date, to the extent that USDOC is not enjoined against providing for liquidation, USDOC shall provide the instructions in Annex 3A of the SLA 2006 to U.S. Customs and Border Protection to cease collecting cash deposits and to liquidate entries covered by the Orders described in subparagraph 3(a) without regard to antidumping or countervailing duties and to pay interest in accordance with section 778 of the Tariff Act of 1930, as amended.

4.    Following the Effective Date, Canada and the United States shall continue to seek modification or clarification of the injunctions in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) such that the underlying entries may be liquidated without regard to antidumping and countervailing duties. To the extent that USDOC is not enjoined against providing for liquidation, USDOC shall provide the instructions in Annex 3B of the SLA 2006, as amended, to USCBP at such time as the U.S. Court of International Trade modifies or clarifies the injunctions against liquidation issued in *West Fraser v. United States* to permit the United States to liquidate entries covered by the first AD administrative review, the liquidation of which had been enjoined.

5.    As promptly as possible after the Effective Date, Canada and the United States shall file joint motions to dismiss the following actions, if they have not been dismissed already, on the grounds of mootness:

    *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01; and

    *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)).

6.    For purposes of paragraphs 7 through 10, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as an "action referenced in this Claims Settlement Agreement".

7.    Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as any action referenced in this Claims Settlement Agreement that are filed before the date of entry into force of the SLA 2006.

8.    No party to this Claims Settlement Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to any action referenced in this Claims Settlement Agreement.

9.    This Claims Settlement Agreement is without prejudice to the position of any party to this Claims Settlement Agreement on any issue in any action referenced in this Claims Settlement Agreement.

10.    Each party to this Claims Settlement Agreement shall not re-file any of the actions that are referenced in paragraph 1 of this Claims Settlement Agreement.

11.    This Claims Settlement Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

12.    This Claims Settlement Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

13.  As evidence of their consent to this Claims Settlement Agreement, the parties, through their duly authorized Representatives, have signed below.

14.  This Claims Settlement Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Claims Settlement Agreement.

By: _____ Dated: _____, 2006
**M. Jean Anderson**
Weil, Gotshal & Manges, LLP
1300 Eye Street, NW.
Suite 900
Washington, DC 20005

Counsel for the Government of Canada in all the referenced proceedings other than *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia)) and the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*

By: _____ Dated: _____, 2006
**Seth P. Waxman**
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW.
Washington, DC 20006-3642

Counsel for the Government of Canada in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))

By: _____ Dated: _____, 2006
**Reginald T. Blades, Jr.**
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
8th Floor
Washington, DC 20530

Counsel for the United States in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) and the cases consolidated therein

By: _____ Dated: _____, 2006
**Stephen C. Tosini**
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
Room 12020
Washington, DC 20530

Counsel for the United States in *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein

By: _____ Dated: _____, 2006
**Alexander Kenneth Haas**
U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))


By: _____ Dated: _____, 2006
**Douglas N. Letter**
Litigation Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue N.W.
Room 7513
Washington, D.C. 20530-0001

Counsel for the United States in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))


By: _____ Dated: _____, 2006
**John D. McInerney**
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

Counsel for United States Department of Commerce in *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02; *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03; *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01


By: _____ Dated: _____, 2006
**Andrea J. Menaker**
Chief, NAFTA Arbitration Division
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

Counsel for the United States with respect to the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
**William Busis**
Office of the United States Trade Representative
600 – 17th Street, N.W.
Washington, D.C. 20508

Counsel for the United States in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA

By: _____ Dated: _____, 2006

**Elliot J. Feldman**
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

Counsel for Tembec Inc. and its affiliates


By: _____ Dated: _____, 2006
**P. John Landry**
DAVIS & COMPANY
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
**Keith E.W. Mitchell**
Harris and Company
14 Floor Bentall 5, 550 Burrard
Vancouver, British Columbia
V6C 2B5

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
**B. Thomas Peele, III**
Baker & McKenzie, LLP
815 Connecticut Avenue, NW.
Suite 900
Washington, DC 20006-4078

Counsel for Canadian Forest Products Ltd., Canfor Corporation and its affiliates, Canfor Wood Products Marketing Ltd.

ANNEX 2B

October 12, 2006

H.E. Mr. Muhamad Noor Yacob
Chairperson
Dispute Settlement Body
World Trade Organization
Centre William Rappard
Rue de Lausanne 154
1211 Geneva 21

Re:   *United States -- Preliminary Determinations with respect to Certain Softwood Lumber from Canada* (DS236);

*United States -- Provisional Anti-Dumping Measure on Imports of Certain Softwood Lumber from Canada* (DS247);

*United States -- Final Countervailing Duty Determination with respect to Certain Softwood Lumber from Canada* (DS257);

*United States -- Final Dumping Determination on Softwood Lumber from Canada* (DS264);

*United States -- Investigation of the International Trade Commission in Softwood Lumber from Canada* (DS277); and

*United States -- Reviews of Countervailing Duty on Softwood Lumber from Canada* (DS311).

Notification of Mutually Agreed Solution

Dear Mr. Chairman:

The Governments of the United States of America and Canada hereby wish to notify the Dispute Settlement Body ("DSB") that, in accordance with Article 3.6 of the *Understanding on Rules and Procedures Governing the Settlement of Disputes*, we have reached a mutually agreed solution to the matters raised by Canada in the above-referenced disputes. This solution has taken the form of a comprehensive agreement between the United States and Canada, dated 12 September 2006, resolving all disputes related to trade in softwood lumber between our two countries (the "Softwood Lumber Agreement"). A copy of the Softwood Lumber Agreement is attached.

In light of the foregoing, Canada hereby withdraws its requests (WT/DS257/16; WT/DS264/17; WT/DS277/9) to the DSB pursuant to Article 22.2 of the DSU for authorization to suspend the application to the United States of tariff concessions or other obligations under the *General Agreement on Tariffs and Trade 1994* ("GATT 1994"). Canada having withdrawn its requests under Article 22.2 of the DSU, the United States hereby withdraws its requests (WT/DS257/17; WT/DS264/19; WT/DS277/10) to the DSB for arbitration under Article 22.6 of the DSU objecting to the level of suspension of tariff concessions or other obligations under the GATT 1994 proposed by Canada.

This mutually agreed solution is without prejudice to the WTO rights and obligations of the United States and Canada except with respect to the disputes listed above.

We ask that you circulate this notification to the relevant Councils and Committees, as well as to the Dispute Settlement Body.

Sincerely,


Don Stephenson                                    Peter F. Allgeier
Ambassador and Permanent Representative           Ambassador and Permanent Representative
of Canada to the World Trade Organization         of the United States to the World Trade
                                                  Organization

ANNEX 3A

USDOC CVD Liquidation Instructions to USCBP

RE: NOTICE OF REVOCATION OF THE COUNTERVAILING DUTY ORDER AND TERMINATION OF COUNTERVAILING DUTY REVIEWS RELATED TO CERTAIN SOFTWOOD LUMBER FROM CANADA FOR THE PERIOD 05/22/2002 THROUGH XX/XX/XXXX ([C-122-839])

1. THE DEPARTMENT OF COMMERCE HAS REVOKED THE COUNTERVAILING DUTY ORDER AND TERMINATED ALL REVIEWS, ON CERTAIN SOFTWOOD LUMBER FROM CANADA PURSUANT TO SETTLEMENT OF LITIGATION. THE EFFECTIVE DATE OF REVOCATION IS 05/22/2002.

2. THEREFORE, CBP IS DIRECTED TO CEASE COLLECTION OF CASH DEPOSITS EFFECTIVE XX/XX/XX (THE EFFECTIVE DATE OF SETTLEMENT OF LITIGATION) AND TERMINATE IMMEDIATELY THE SUSPENSION OF LIQUIDATION FOR ALL SHIPMENTS OF CERTAIN SOFTWOOD LUMBER FROM CANADA ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR CONSUMPTION ON OR AFTER MAY 22, 2002. ALL UNLIQUIDATED ENTRIES OF THE SUBJECT MERCHANDISE THAT WERE ENTERED OR WITHDRAWN FROM WAREHOUSE FOR CONSUMPTION, ON OR AFTER MAY 22, 2002, THE LIQUIDATION OF WHICH IS SUSPENDED, SHOULD BE LIQUIDATED WITHOUT REGARD TO COUNTERVAILING DUTIES (I.E., RELEASE ALL BONDS AND REFUND ALL CASH DEPOSITS) AND ALL DEPOSITS SHALL BE REFUNDED WITH ACCRUED INTEREST TO THE IMPORTERS OF RECORD OR THEIR DESIGNATES.

3. THE ASSESSMENT OF COUNTERVAILING DUTIES BY CUSTOMS AND BORDER PROTECTION ON ENTRIES OF THIS MERCHANDISE IS SUBJECT TO THE PROVISIONS OF SECTION 778 OF THE TARIFF ACT OF 1930. SECTION 778 REQUIRES THAT CBP PAY INTEREST ON OVERPAYMENTS, OR ASSESS INTEREST ON UNDERPAYMENTS, OF THE REQUIRED AMOUNTS DEPOSITED AS ESTIMATED COUNTERVAILING DUTIES. INTEREST SHALL BE CALCULATED FROM THE DATE OF PAYMENT OF ESTIMATED COUNTERVAILING DUTIES THROUGH THE DATE OF LIQUIDATION. THE RATE AT WHICH SUCH INTEREST IS PAYABLE IS THE RATE IN EFFECT UNDER SECTION 6621 OF THE INTERNAL REVENUE CODE OF 1954 FOR SUCH PERIOD.

4. IF THERE ARE ANY QUESTIONS REGARDING THIS MATTER BY CBP OFFICERS, THE IMPORTING PUBLIC OR INTERESTED PARTIES, PLEASE CONTACT DAVINA HASHMI OR RON TRENTHAM AT OFFICE OF AD/CVD OPERATIONS, IMPORT ADMINISTRATION, INTERNATIONAL TRADE ADMINISTRATION, U.S. DEPARTMENT OF COMMERCE, AT (202) 482-0984 OR (202) 482-3577 RESPECTIVELY (GENERATED BY O(Office Number):

Analyst's Initials (Example: O2:RL)).

5. THERE ARE NO RESTRICTIONS ON THE RELEASE OF THIS INFORMATION.
CATHY SAUCEDA

**USDOC AD Liquidation Instructions to USCBP**

RE: NOTICE OF REVOCATION OF THE ANTIDUMPING DUTY ORDER AND TERMINATION OF ANTIDUMPING DUTY REVIEWS RELATED TO CERTAIN SOFTWOOD LUMBER FROM CANADA FOR THE PERIOD 05/22/2002 THROUGH XX/XX/XXXX ([A-122-838])

1. THE DEPARTMENT OF COMMERCE HAS REVOKED THE ANTIDUMPING DUTY ORDER AND TERMINATED ALL REVIEWS ON CERTAIN SOFTWOOD LUMBER FROM CANADA PURSUANT TO SETTLEMENT OF LITIGATION. THE EFFECTIVE DATE OF REVOCATION IS 05/22/2002.

2. THEREFORE, CBP IS DIRECTED TO CEASE COLLECTION OF CASH DEPOSITS EFFECTIVE XX/XX/XX (THE EFFECTIVE DATE OF SETTLEMENT OF LITIGATION) AND TERMINATE IMMEDIATELY THE SUSPENSION OF LIQUIDATION FOR ALL SHIPMENTS OF CERTAIN SOFTWOOD LUMBER FROM CANADA ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR CONSUMPTION ON OR AFTER 05/22/2002, EXCEPT FOR ENTRIES ENTERED OR WITHDRAWN FROM WAREHOUSE FROM 05/22/2002 THROUGH 04/30/2003 THAT HAVE BEEN ENJOINED. ALL UNLIQUIDATED ENTRIES OF THE SUBJECT MERCHANDISE THAT WERE ENTERED OR WITHDRAWN FROM WAREHOUSE FOR CONSUMPTION, ON OR AFTER 05/22/2002, THE LIQUIDATION OF WHICH IS SUSPENDED, SHOULD BE LIQUIDATED WITHOUT REGARD TO ANTIDUMPING DUTIES (I.E., RELEASE ALL BONDS AND REFUND ALL CASH DEPOSITS) AND ALL DEPOSITS SHALL BE REFUNDED WITH ACCRUED INTEREST TO THE IMPORTERS OF RECORD OR THEIR DESIGNATES EXCEPT FOR ENTRIES DURING THE PERIOD 05/22/2002 THROUGH 04/30/2003 THAT HAVE BEEN ENJOINED. CBP SHOULD CONTINUE TO SUSPEND LIQUIDATION OF ENJOINED ENTRIES ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR CONSUMPTION FROM 5/22/2002 THROUGH 4/30/2003 UNTIL LIQUIDATION INSTRUCTIONS ADDRESSING THESE ENTRIES ARE PROVIDED.

3. THE ASSESSMENT OF ANTIDUMPING DUTIES BY CUSTOMS AND BORDER PROTECTION ON ENTRIES OF THIS MERCHANDISE IS SUBJECT TO THE PROVISIONS OF SECTION 778 OF THE TARIFF ACT OF 1930. SECTION 778 REQUIRES THAT CBP PAY INTEREST ON OVERPAYMENTS, OR ASSESS INTEREST ON UNDERPAYMENTS, OF THE REQUIRED AMOUNTS DEPOSITED AS ESTIMATED ANTIDUMPING DUTIES. INTEREST SHALL BE CALCULATED FROM THE DATE OF PAYMENT OF ESTIMATED ANTIDUMPING DUTIES THROUGH THE DATE OF LIQUIDATION. THE RATE AT WHICH SUCH INTEREST IS PAYABLE IS THE RATE IN EFFECT UNDER SECTION 6621 OF THE INTERNAL REVENUE CODE OF 1954 FOR SUCH PERIOD.

4. IF THERE ARE ANY QUESTIONS REGARDING THIS MATTER BY CBP OFFICERS, THE IMPORTING PUBLIC OR INTERESTED PARTIES, PLEASE CONTACT DAVINA HASHMI OR RON TRENTHAM AT OFFICE OF AD/CVD OPERATIONS, IMPORT ADMINISTRATION, INTERNATIONAL TRADE ADMINISTRATION, U.S. DEPARTMENT OF COMMERCE, AT (202) 482-0984 OR (202) 482-3577 RESPECTIVELY (GENERATED BY O(Office Number):

Analyst's Initials (Example: O2:RL)).

5. THERE ARE NO RESTRICTIONS ON THE RELEASE OF THIS INFORMATION.
        CATHY SAUCEDA

ANNEX 3B

USDOC Liquidation Instructions to USCBP

RE: LIQUIDATION INSTRUCTIONS FOR CERTAIN SOFTWOOD LUMBER FROM CANADA FOR THE PERIOD 05/22/2002 THROUGH 04/30/2003 (A-122-838)

1. THE INJUNCTIONS IN <u>WEST FRASER LTD. V. UNITED STATES</u> (CONSOL. CT. 05-00079) LIFTED ON (MM/DD/YYYY). AS A RESULT, LIQUIDATION OF PREVIOUSLY ENJOINED ENTRIES OF THE SUBJECT MERCHANDISE ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR CONSUMPTION DURING THE PERIOD 05/22/2002 THROUGH 04/30/2003 IS NO LONGER ENJOINED.

2. ON (MM/DD/YYYY) COMMERCE REVOKED THE ANTIDUMPING DUTY ORDER ON CERTAIN SOFTWOOD LUMBER FROM CANADA PURSUANT TO SETTLEMENT OF LITIGATION. THE EFFECTIVE DATE OF THAT REVOCATION WAS 05/22/2002. THEREFORE, CBP IS DIRECTED TO CEASE IMMEDIATELY ANY SUSPENSION OF LIQUIDATION FOR ALL SHIPMENTS OF CERTAIN SOFTWOOD LUMBER FROM CANADA ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR CONSUMPTION FROM 05/22/2002 THROUGH 04/30/2003. ALL UNLIQUIDATED ENTRIES OF THE SUBJECT MERCHANDISE THAT WERE ENTERED OR WITHDRAWN FROM WAREHOUSE FOR CONSUMPTION FROM 05/22/2002 THROUGH 04/30/2003, THE LIQUIDATION OF WHICH IS SUSPENDED, SHOULD BE LIQUIDATED WITHOUT REGARD TO ANTIDUMPING DUTIES (I.E., RELEASE ALL BONDS AND REFUND ALL CASH DEPOSITS) AND ALL DEPOSITS SHALL BE REFUNDED WITH ACCRUED INTEREST TO THE IMPORTERS OF RECORD OR THEIR DESIGNATES.

3. THE ASSESSMENT OF ANTIDUMPING DUTIES BY CUSTOMS AND BORDER PROTECTION ON ENTRIES OF THIS MERCHANDISE IS SUBJECT TO THE PROVISIONS OF SECTION 778 OF THE TARIFF ACT OF 1930. SECTION 778 REQUIRES THAT CBP PAY INTEREST ON OVERPAYMENTS, OR ASSESS INTEREST ON UNDERPAYMENTS OF THE REQUIRED AMOUNTS DEPOSITED AS ESTIMATED ANTIDUMPING DUTIES. INTEREST SHALL BE CALCULATED FROM THE DATE OF PAYMENT OF ESTIMATED ANTIDUMPING DUTIES THROUGH THE DATE OF LIQUIDATION. THE RATE AT WHICH SUCH INTEREST IS PAYABLE IS THE RATE IN EFFECT UNDER SECTION 6621 OF THE INTERNAL REVENUE CODE OF 1954 FOR SUCH PERIOD.

4. PREVIOUSLY ISSUED INSTRUCTIONS ADDRESSED THE LIQUIDATION OF ENTRIES OF THE SUBJECT MERCHANDISE THAT WERE ENTERED OR WITHDRAWN FROM WAREHOUSE FOR CONSUMPTION FROM 05/01/2003 THROUGH THE DATE OF REVOCATION OF THE ANTIDUMPING DUTY ORDER. [REFERENCE TO PRIOR INSTRUCTIONS]

5. IF THERE ARE ANY QUESTIONS REGARDING THIS MATTER BY CBP OFFICERS, THE IMPORTING PUBLIC OR INTERESTED PARTIES, PLEASE CONTACT DAVINA HASHMI OR RON TRENTHAM AT OFFICE OF AD/CVD OPERATIONS, IMPORT ADMINISTRATION, INTERNATIONAL TRADE ADMINISTRATION, U.S. DEPARTMENT OF COMMERCE, AT (202) 482-0984 OR (202) 482-3577 RESPECTIVELY (GENERATED BY O(Office Number):

Analyst's Initials (Example: O2:RL)).

6. THERE ARE NO RESTRICTIONS ON THE RELEASE OF THIS INFORMATION.
CATHY SAUCEDA