IN THE CONSOLIDATED ARBITRATION PURSUANT TO ARTICLE 1126
OF THE NORTH AMERICAN FREE TRADE AGREEMENT
AND THE UNCITRAL ARBITRATION RULES
BETWEEN

CANFOR CORPORATION, TERMINAL FOREST
PRODUCTS LTD., AND TEMBEC INC. *ET AL.*,

*Claimants/Investors,*

*-and-*

UNITED STATES OF AMERICA,

*Respondent/Party.*

# SUBMISSION ON COSTS OF
# RESPONDENT UNITED STATES OF AMERICA

Mark A. Clodfelter
  *Assistant Legal Adviser*
Andrea J. Menaker
  *Chief, NAFTA Arbitration Division*
Mark S. McNeill
  *Attorney-Adviser*
  *Office of International*
    *Claims and Investment Disputes*
UNITED STATES DEPARTMENT OF STATE
Washington, D.C. 20520

April 7, 2006

# CONTENTS

I.    COSTS IN THE CANFOR ARTICLE 1120 ARBITRATION TO BE BORNE BY CANFOR ………...…3

II.   COSTS IN THE TEMBEC ARTICLE 1120 ARBITRATION TO BE BORNE BY TEMBEC ………...…4

III.  COSTS IN THE CONSOLIDATION PROCEEDING TO BE BORNE BY THE THREE CLAIMANTS ….5

IV.   COSTS IN THE CONSOLIDATION PROCEEDING TO BE BORNE BY CANFOR AND TERMINAL …6

CONCLUSION ……………………………………………………………………………...…7

IN THE CONSOLIDATED ARBITRATION PURSUANT TO ARTICLE 1126
OF THE NORTH AMERICAN FREE TRADE AGREEMENT
AND THE UNCITRAL ARBITRATION RULES
BETWEEN

CANFOR CORPORATION, TERMINAL FOREST
PRODUCTS LTD., AND TEMBEC INC. *ET AL.*,

        *Claimants/Investors,*

-and-

UNITED STATES OF AMERICA,

        *Respondent/Party.*

## SUBMISSION ON COSTS OF RESPONDENT UNITED STATES OF AMERICA

In accordance with the Tribunal's instructions at the conclusion of the hearing on January 12, 2006,[1] and pursuant to Articles 38 and 40 of the UNCITRAL Arbitration Rules, respondent United States of America respectfully makes this submission on the quantification of its costs. This submission quantifies the United States' costs in the two Article 1120 arbitrations and in this consolidated proceeding.[2] As detailed below, the total costs incurred by the United States in all proceedings are **$913,226.76**.

If the United States prevails on its objection to jurisdiction, all costs incurred by the United States in all proceedings should be borne by claimants. Irrespective of the Tribunal's ruling on jurisdiction, however, Tembec should bear all of the United States' costs associated with defending against its claim as a result of Tembec's decision to

---

[1] *See Canfor Corp. v. United States of America, Terminal Forest Prods. Ltd. v. United States of America,* Transcript of Hearing on Jurisdiction (Jan. 11-12, 2006) ("Hrg. Tr.") Vol. 2 at 278:16-280:12.

[2] *See id.* at 279:1-5. *See also* Order for the Termination of the Arbitral Proceedings with respect to Tembec *et al.* § 2 (Jan. 10, 2006) (retaining jurisdiction over Tembec's claim for purposes of determining costs).

withdraw from the proceeding on the eve of the hearing on jurisdiction. Moreover, as described in further detail below, the United States has prevailed in several disputed issues during the course of the proceedings, including its request for consolidation. Accordingly, claimants, as the unsuccessful parties, should be required to bear the United States' costs associated with those phases of the proceedings.

Article 38 of the UNCITRAL Arbitration Rules lists six categories of expenses to be included in the "costs" of arbitration: (a) fees of the arbitral tribunal; (b) travel and other expenses incurred by the arbitrators; (c) costs of expert advice; (d) travel and other expenses of witnesses; (e) reasonable costs for legal representation; and (f) fees and expenses of the appointing authority. Article 40(1) provides that costs in categories (a) through (d) and (f) are presumptively to be borne by the unsuccessful party in the arbitration. Article 40(2) provides that costs in category (e) may be apportioned at the tribunal's discretion. As the tribunal in *International Thunderbird Gaming Corp. v. United Mexican States* stated, the common benchmark for all Article 38 costs is the "rate of success of a party."[3]

The United States details below the expenses it incurred in all proceedings. Section I addresses costs incurred by the United States in the *Canfor* Article 1120 arbitration. Section II addresses costs incurred in the *Tembec* Article 1120 arbitration. Section III addresses costs incurred in this consolidated proceeding prior to Tembec's withdrawal, and Section IV addresses costs incurred subsequent to Tembec's withdrawal.

As discussed in further detail in the attached Witness Statement of Andrea J. Menaker ("Menaker Statement"), the United States has been exceptionally conservative

---

[3] *International Thunderbird Gaming Corp. v. United Mexican States*, Award ¶ 213 (Jan. 26, 2006).

in calculating these costs. For example, the United States does not seek compensation for time devoted to this proceeding by (i) Deputy Legal Adviser Ronald J. Bettauer; (ii) Assistant Legal Adviser for International Claims and Investment Disputes, Mark A. Clodfelter; (iii) attorneys at other U.S. government agencies; (iv) the secretary assigned to the division of the State Department that is responsible for defending NAFTA Chapter Eleven claims; or (v) other support staff in the State Department that assisted with filing submissions and preparing for oral hearings. The United States has also not included numerous out-of-pocket expenses, including expenses for express delivery services and couriers, telephone and fax usage, in-house printing and binding, and on-line database searches. Accordingly, if the United States prevails in this arbitration, the Tribunal should award the United States the full amount requested herein.

## I.   COSTS IN THE CANFOR ARTICLE 1120 ARBITRATION TO BE BORNE BY CANFOR

Assuming the United States prevails in its objection to jurisdiction, and Canfor's and Terminal's claims are dismissed in their entirety, Canfor should bear responsibility for paying the United States' costs in the *Canfor* Article 1120 arbitration. That arbitration involved, among other things, briefing on the United States' objection to jurisdiction and a three-day hearing on jurisdiction held on December 7-9, 2004. It also included a dispute over the constitution of the tribunal, in which the United States prevailed; a successful challenge by the United States to the arbitrator appointed by Canfor; and disputes over the place of arbitration, the filing of a statement of defense, and

-4-

bifurcation of the proceeding, which were decided predominantly in favor of the United States.[4]

As set forth in the attached Witness Statement of Gregory K. Holobaugh ("Holobaugh Statement"), the United States' total costs in the *Canfor* Article 1120 arbitration are **$327,384.19**, comprising out-of-pocket expenses of $194,778.11 and legal fees of $132,606.08. Further details concerning costs incurred in the *Canfor* arbitration can also be found in the Submission on Costs of the United States of America (Jan. 14, 2005), appended hereto as Exhibit A.[5]

## II. COSTS IN THE TEMBEC ARTICLE 1120 ARBITRATION TO BE BORNE BY TEMBEC

Tembec should bear all of the United States' costs associated with defending against Tembec's claims, both in the *Tembec* Article 1120 arbitration and in this consolidated proceeding. By submitting its claim to arbitration, Tembec consented to all the procedures in NAFTA Chapter Eleven, including the consolidation procedure in Article 1126.[6] Because Tembec unilaterally abandoned its claim in the eleventh hour of this proceeding, Tembec should be deemed to be the unsuccessful party, and should bear all of the costs it imposed on the United States.

---

[4] Decision on the Place of Arbitration, Filing of a Statement of Defence and Bifurcation of the Proceedings (Jan. 23, 2004), *available at* http://www.state.gov/documents/organization/28637.pdf.

[5] As described in further detail in the attached Witness Statement of Mary Reddy, the January 14, 2005 submission on costs mistakenly understated benefits as a portion of salary for the attorneys and paralegal who worked on the *Canfor* Article 1120 arbitration. This submission corrects for that error.

[6] *See* NAFTA art. 1121(1) ("A disputing investor may submit a claim under Article 1116 to arbitration only if . . . the investor consents to arbitration in accordance with the procedures set out in this Agreement."); *see also Tembec Inc. et al. v. United States of America*, Notice of Arbitration ¶ 11 (Dec. 3, 2003) ("[Tembec] consented to the submission of this claim to arbitration before a three arbitrator Tribunal appointed in accordance with the procedures set forth in NAFTA Chapter 11."); Order of the Consolidation Tribunal ¶ 86 (Sept. 7, 2005) ("[M]embers of an Article 1126 Tribunal are appointed by a neutral person, i.e., the Secretary-General of ICSID, a method to which all parties have consented as a result of Articles 1121 and 1123 of the NAFTA.").

-5-

The United States' total costs in the *Tembec* Article 1120 arbitration are **$125,086.71**. As set forth in the Holobaugh Statement, these costs comprise an advance deposit to ICSID for arbitration expenses of $75,000 and legal fees of $50,086.71.

### III. COSTS IN THE CONSOLIDATION PROCEEDING TO BE BORNE BY THE THREE CLAIMANTS

All three claimants should bear the costs incurred by the United States in this proceeding between March 7, 2005, the date on which the United States requested consolidation, and January 10, 2006, the date on which Tembec was permitted to withdraw from this proceeding. As the Tribunal is aware, this phase of the proceeding included, among other things, three rounds of submissions on consolidation and a one-day hearing on consolidation on June 16, 2005. The issue of consolidation was decided in the United States' favor.[7] This phase also included a challenge by claimants to the appointment of one of the Tribunal members, which was decided by the Secretary-General of ICSID in favor of the United States and against claimants;[8] and the unscheduled submission by Tembec of a "Motion to Dismiss," to which the United States was required to respond separately, and which was decided in favor of the United States.[9]

The United States' total costs for this phase of the consolidation proceeding were **$122,164.73**, comprising an advance deposit to ICSID of $50,000[10] made on June 2, 2005, and legal fees of $72,164.73 (*see* Holobaugh Statement).

---

[7] *See* Order of the Consolidation Tribunal (Sept. 7, 2005).

[8] *See* Letter from Robert Dañino, Secretary-General, ICSID, to the parties (June 15, 2005).

[9] *See* Tembec's Motion to Dismiss (June 27, 2005); Response of Respondent United States of America to Tembec's Motion to Dismiss (July 12, 2005); Order of the Consolidation Tribunal ¶ 226.

[10] *See* n.11, *infra*, regarding apportionment of advances.

## IV. COSTS IN THE CONSOLIDATION PROCEEDING TO BE BORNE BY CANFOR AND TERMINAL

Canfor and Terminal should bear the costs incurred by the United States in this proceeding following the January 10, 2006, withdrawal by Tembec. As the Tribunal is aware, this phase of the proceeding included a two-day hearing on jurisdiction on January 10-11, 2006 and the filing of two rounds of post-hearing submissions.

The United States' costs for this phase of the proceeding are **$338,591.13**, comprising an advance deposit of $300,000 made on December 29, 2005,[11] and legal fees of $38,591.13 (*see* Holobaugh Statement).

---

[11] The United States has allocated the $50,000 advance of June 2, 2005 to Phase III and the $300,000 advance to Phase IV. The Tribunal may wish to allocate some portion of the latter advance to Phase III, in light of the Tribunal's statement in its letter of December 29, 2005 that the requested amount covered outstanding costs of the Tribunal as well as future costs. *See* Letter from Gonzalo Flores, Secretary of the Tribunal, to the parties (Dec. 29, 2005).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Tribunal render an award pursuant to Articles 38 and 40 of the UNCITRAL Arbitration Rules, ordering that Canfor, Terminal and Tembec bear the full costs imposed on the United States of **$913,226.76** in defending against claimants' claims.[12]

*Respectfully submitted,*

Mark A. Clodfelter
  *Assistant Legal Adviser*
Andrea J. Menaker
  *Chief, NAFTA Arbitration Division*
Mark S. McNeill
  *Attorney-Adviser*
  *Office of International*
    *Claims and Investment Disputes*
UNITED STATES DEPARTMENT OF STATE
Washington, D.C. 20520

April 7, 2006

---

[12] If the Tribunal apportions the Phase III costs equally among the three claimants, and the Phase IV costs equally between Canfor and Terminal, the costs assessed against each claimant would be as follows: Canfor: $537,401.33; Tembec: $165,808.29; and Terminal: $210,017.14. If, however, the Tribunal allocates a portion of the advance deposit of December 29, 2005 to Phase III (*see* n.11, *supra*), these figures would need to be adjusted accordingly.

IN THE CONSOLIDATED ARBITRATION PURSUANT TO ARTICLE 1126
OF THE NORTH AMERICAN FREE TRADE AGREEMENT
AND THE UNCITRAL ARBITRATION RULES
BETWEEN

---

CANFOR CORPORATION, TERMINAL FOREST
PRODUCTS LTD., AND TEMBEC INC. *ET AL.*,

*Claimants/Investors,*

-and-

UNITED STATES OF AMERICA,

*Respondent/Party.*

---

## WITNESS STATEMENT OF GREGORY K. HOLOBAUGH

1. My full name is Gregory Keith Holobaugh and my address is c/o Office of the Legal Adviser, L/EX, Rm. 5519, U.S. Department of State, Washington, D.C. 20520-6419. I am a Budget Analyst in the Office of the Executive Director of the Legal Adviser's Office at the United States Department of State. I am familiar with the financial obligations and expenditures of the Legal Adviser's Office and the record keeping system for such obligations and expenditures. The statements I make herein are based on my personal knowledge and experience and the records ordinarily consulted by me and other members of the budget and finance team at the Legal Adviser's Office.

2. Attached to this statement are two spreadsheets. The first spreadsheet, entitled "Total Out-Of-Pocket Expenses," sets forth the United States' out-of-pocket expenditures, excluding salary expenses, for fiscal years 2003 through 2006. These expenses are grouped according to the four phases described in this costs submission: I.

*Canfor* Article 1120 Arbitration; II. *Tembec* Article 1120 Arbitration; III. Consolidation Proceeding (3/7/05-1/10/06); and IV. Consolidation Proceeding (1/11/06-4/7/06).

3. I extracted the line items shown in this spreadsheet from a database tracking expenditures by the Office of the Legal Adviser, Office of International Claims and Investment Disputes. These expenditures fall into three categories: (i) ICSID fees; (ii) Tribunal expenses (the advances requested by the Tribunal); and (iii) payments to an outside vendor for copying services.

4. The State Department's accounting system does not track the cost of Federal Express, DHL and courier deliveries, or telephone or fax charges, incurred in connection with a specific matter. Nor does it permit tracking Westlaw, Lexis or other database usage for a specific matter. The same is true for duplicating and binding of documents in-house. Charges for none of these services are included in the attached spreadsheet.

5. The total U.S. government out-of-pocket expenses for all four phases is $619,778.11.[1]

6. The second spreadsheet attached to this statement, entitled "Total Salary Expenses," sets forth the estimated value of attorney and paralegal time devoted to the relevant proceedings, categorized into the four phases noted above. The estimated number of hours of each attorney's and paralegal's time in a given year that was devoted to each phase was multiplied by the hourly cost of salary and benefits for that attorney or paralegal in that year. These calculations were made based on the data set forth in the Menaker Statement and the Reddy Statement.

---

[1] Further details regarding out-of-pocket expenses and legal expenses incurred in the *Canfor* Article 1120 Arbitration can also be found in the Submission on Costs of January 14, 2005, appended hereto at Exhibit A.

7. The total amount of the cost to the United States Government of the attorney time and paralegal time devoted to all relevant proceedings is **$293,448.65**.

8. Accordingly, the United States Government's total costs in all proceedings, including out-of-pocket expenses and legal expenses, is **$913,226.76**.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Gregory K. Holobaugh

Washington, D.C.
April 7, 2006

## TOTAL OUT-OF-POCKET EXPENSES

| Vendor | Description of Products / Services | Date Paid | Invoice / Requisition / Check Number | Amount Paid |
|---|---|---|---|---|
| **I. *Canfor* Article 1120 Arbitration** | | | | |
| **FY 2003** | | | | |
| ICSID | Fee for Challenging Arbitrator | 2/5/2003 | Req. No. 1004-302020 | $3,500.00 |
| **FY 2004** | | | | |
| Shearman & Sterling L.L.P. | Advance Deposit for Arbitration Expenses | 1/12/2004 | Req. No. 1004-402023 | $150,000.00 |
| Uniscribe Professional Services | Printing Services | 9/22/2004 | Invoice No. 60061055 | $1,804.40 |
| Uniscribe Professional Services | Printing Services | 12/27/2004 | Invoice No. 60046755 | $1,145.74 |
| Uniscribe Professional Services | Printing Services | 12/27/2004 | Invoice No. 60047531 | $780.55 |
| n/a | Travel Expenses for NAFTA Attorneys* | Nov. 2003-Aug. 2004 | n/a | $1,235.80 |
| **FY 2005** | | | | |
| Shearman & Sterling L.L.P. | Advance Deposit for Arbitration Expenses | 1/12/2005 | Req. No. 1004-504100 | $200,000.00 |
| **FY 2006** | | | | |
| Shearman & Sterling L.L.P. | Partial Refund of Advance Deposit | Dec. 2005 | Check No. 00491-321002134 | $163,688.38 |
| **Subtotal** | | | | **$194,778.11** |
| **II. *Tembec* Article 1120 Arbitration** | | | | |
| **FY 2004** | | | | |
| ICSID | Advance Deposit for Arbitration Expenses | 9/17/2004 | MO 1004-402097 | $75,000.00 |
| **III. Consolidation Proceeding (3/7/05-1/10/06)** | | | | |
| **FY 2005** | | | | |
| ICSID | Advance Deposit for Arbitration Expenses | 6/2/2005 | MO 1004-504103 | $50,000.00 |
| **IV. Consolidation Proceeding (1/11/06-4/7/06)** | | | | |
| **FY 2006** | | | | |
| ICSID | Advance Deposit for Arbitration Expenses | 12/29/2005 | MO 1004-604100 | $300,000.00 |
| **TOTAL** | | | | **$619,778.11** |

*Detail for this expense is provided in Exhibit A.

| Name | Salary | | Benefits | | Total Compensation | | I. *Canfor* Article 1120 Arbitration | | II. *Tembec* Article 1120 Arbitration | | III. Consolidation Proceeding (3/7/05-1/10/06) | | IV. Consolidation Proceeding (1/1/06-4/7/06) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | *Annual* | *Hourly* | *Annual* | *Hourly* | *Annual* | *Hourly* | *Hrs.* | *Value* | *Hrs.* | *Value* | *Hrs.* | *Value* | *Hrs.* | *Value* |
| **TOTAL SALARY EXPENSES** | | | | | | | | | | | | | | |
| **2002** | | | | | | | | | | | | | | |
| Barton Legum | $110,474 | $52.93 | $28,281 | $13.55 | $138,755 | $66.49 | 12 | $797.83 | | | | | | |
| Andrea J. Menaker | $98,198 | $47.05 | $25,139 | $12.05 | $123,337 | $59.10 | 15 | $886.46 | | | | | | |
| Jennifer I. Toole | $55,694 | $26.69 | $14,258 | $6.83 | $69,952 | $33.52 | 4 | $134.07 | | | | | | |
| **2003** | | | | | | | | | | | | | | |
| Barton Legum | $115,184 | $55.19 | $29,487 | $14.13 | $144,671 | $69.32 | 175 | $12,131.02 | | | | | | |
| Andrea J. Menaker | $105,586 | $50.59 | $27,030 | $12.95 | $132,616 | $63.54 | 125 | $7,942.98 | | | | | | |
| Mark S. McNeill | $95,987 | $45.99 | $24,573 | $11.77 | $120,560 | $57.77 | 483 | $27,901.45 | | | | | | |
| Jennifer I. Toole | $58,070 | $27.82 | $14,866 | $7.12 | $72,936 | $34.95 | 68 | $2,376.45 | | | | | | |
| **2004** | | | | | | | | | | | | | | |
| Barton Legum | $123,622 | $59.23 | $31,647 | $15.16 | $155,269 | $74.40 | 15 | $1,115.97 | n/a | n/a | | | | |
| Andrea J. Menaker | $110,256 | $52.83 | $28,226 | $13.52 | $138,482 | $66.35 | 340 | $22,560.48 | 196 | $13,005.45 | | | | |
| Mark S. McNeill | $103,573 | $49.63 | $26,515 | $12.70 | $130,088 | $62.33 | 515 | $32,101.18 | 236 | $14,710.44 | | | | |
| Jennifer I. Toole | $72,108 | $34.55 | $18,460 | $8.85 | $90,568 | $43.40 | 305 | $13,235.81 | 128 | $5,554.70 | | | | |
| Michelle G. Boyle | $60,638 | $29.06 | $15,523 | $7.44 | $76,161 | $36.49 | 313 | $11,422.37 | 160 | $5,838.91 | | | | |

## TOTAL SALARY EXPENSES (cont'd)

| Name | Salary | | Benefits | | Total Compensation | | I. *Canfor* Article 1120 Arbitration | | II. *Tembec* Article 1120 Arbitration | | III. Consolidation Proceeding (3/7/05-1/10/06) | | IV. Consolidation Proceeding (1/11/06-4/7/06) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Annual | Hourly | Annual | Hourly | Annual | Hourly | Hrs. | Value | Hrs. | Value | Hrs. | Value | Hrs. | Value |
| **2005** | | | | | | | | | | | | | | |
| Andrea J. Menaker | $117,809 | $56.45 | $30,159 | $14.45 | $147,968 | $70.90 | | | 49 | $3,474.10 | 367 | $26,020.27 | | |
| Mark S. McNeill | $110,878 | $53.13 | $28,385 | $13.60 | $139,263 | $66.73 | | | 59 | $3,936.99 | 456 | $30,428.28 | | |
| Jennifer I. Toole | $103,947 | $49.81 | $26,610 | $12.75 | $130,557 | $62.56 | | | 32 | $2,001.84 | 80 | $5,004.60 | | |
| Michelle G. Boyle | $64,981 | $31.14 | $16,635 | $7.97 | $81,616 | $39.11 | | | 40 | $1,564.28 | 248 | $9,698.52 | | |
| Renee M. Gardner | $35,452 | $16.99 | $9,076 | $4.35 | $44,528 | $21.34 | | | 0 | $0.00 | 19 | $405.38 | | |
| **2006** | | | | | | | | | | | | | | |
| Andrea J. Menaker | $121,856 | $58.39 | $31,195 | $14.95 | $153,051 | $73.34 | | | | | 3 | $220.01 | 190 | $13,933.74 |
| Mark S. McNeill | $118,272 | $56.67 | $30,278 | $14.51 | $148,550 | $71.18 | | | | | 4 | $284.71 | 200 | $14,235.71 |
| Jennifer I. Toole | $107,521 | $51.52 | $27,525 | $13.19 | $135,046 | $64.71 | | | | | 0 | $0.00 | 40 | $2,588.33 |
| Michelle G. Boyle | $67,216 | $32.21 | $17,207 | $8.24 | $84,423 | $40.45 | | | | | 2 | $80.90 | 150 | $6,067.80 |
| Renee M. Gardner | $36,671 | $17.57 | $9,388 | $4.50 | $46,059 | $22.07 | | | | | 1 | $22.07 | 80 | $1,765.55 |
| Subtotals | | | | | | | | $132,606.08 | | $50,086.71 | | $72,164.73 | | $38,591.13 |
| **TOTAL** | | | | | | | | | | | | | | $293,448.65 |

IN THE CONSOLIDATED ARBITRATION PURSUANT TO ARTICLE 1126
OF THE NORTH AMERICAN FREE TRADE AGREEMENT
AND THE UNCITRAL ARBITRATION RULES
BETWEEN

CANFOR CORPORATION, TERMINAL FOREST
PRODUCTS LTD., AND TEMBEC INC. *ET AL.*,

*Claimants/Investors*,

-and-

UNITED STATES OF AMERICA,

*Respondent/Party*.

## WITNESS STATEMENT OF ANDREA J. MENAKER

1. My full name is Andrea Jill Menaker and my current address is c/o Office of the Legal Adviser (L/CID), 2430 E Street, N.W., South Building, Suite 203, Washington, D.C. 20037. I am Chief of the NAFTA Arbitration Division of the Office of International Claims and Investment Disputes in the Legal Adviser's Office at the United States Department of State. I am counsel for respondent United States of America in this consolidated proceeding, and was also counsel for the United States in the *Canfor* Article 1120 arbitration and the *Tembec* Article 1120 arbitration. I have supervised the attorneys and paralegals working in the NAFTA Arbitration Division since I became Chief in July 2004. The statements I make herein are based on my personal knowledge.

**Cost of Attorney and Paralegal Time**

2. The Department of State established the NAFTA Arbitration Division (the "Division") in 1999 following the filing of a notice of intent to submit a claim to arbitration by Methanex Corporation in June 1999, and the filing of a notice of arbitration

by Mondev International Ltd. in September 1999. The Department established the Division to defend these cases, provide assistance to the Department of Justice in defending the case of *Loewen Group, Inc. et al. v. United States of America* (submitted to arbitration the prior year) and defend any future claims submitted against the United States under NAFTA Chapter Eleven.

3. In 1999, the Department hired five attorneys, including Barton Legum and me, to serve in the Division. In that same year, it also assigned a contract secretary to work exclusively for the Division. In August 2001, the Department hired Jennifer I. Toole as an attorney. In January 2003, the Department hired Mark S. McNeill to assist with the growing NAFTA Chapter Eleven caseload. In May 2004, it hired an experienced paralegal, Michelle G. Boyle, to work full-time for the Division. And in August 2005, the Department hired a second full-time paralegal, Renée M. Gardner. All of these individuals performed significant work in connection with the proceedings at issue in this cost submission.

4. Because all of their work is for a single client (the United States Government), the attorneys and paralegals in the Division do not record the number of hours they devote to each case. Thus, the hours of attorney and paralegal time indicated in the chart attached to the United States' cost submission are estimates.

5. In this case, the United States claims only for its out-of-pocket cost for attorney and paralegal time.[1] Such costs can be calculated by multiplying the estimated number of hours devoted by each attorney and paralegal in the Division to each phase of

---

[1] This is without prejudice to the United States' right to claim for the market value of the attorney and paralegal time devoted to a case (based on prevailing hourly rates for equivalent legal work) in any future cost submission.

the proceedings by the hourly cost of that attorney's or paralegal's services (*i.e.*, hourly value of salary and benefits), which cost varies by fiscal year.

6.  For the convenience of the Tribunal, the United States' costs have been divided into four categories: (i) the *Canfor* Article 1120 arbitration; (ii) the *Tembec* Article 1120 arbitration; (iii) the consolidated proceedings involving all three claimants (from the March 7, 2005 request for consolidation through the Order for the Termination of the Arbitral Proceedings With Respect to Tembec *et al.* of January 10, 2006); and (v) the consolidated proceedings subsequent to Tembec's withdrawal.

7.  The attorney and paralegal hours allocated to each of these categories are as follows:

|  | Canfor Article 1120 Arbitration | Tembec Article 1120 Arbitration | Consolidation Proceeding – three claimants (3/7/05-1/10/06) | Consolidation Proceeding– two claimants (1/11/06-4/7/06) |
|---|---|---|---|---|
| Barton Legum | 202[2] | n/a | n/a | n/a |
| Andrea J. Menaker | 580[3] | 245[4] | 370[5] | 190 |
| Mark S. McNeill | 998[6] | 295[7] | 460[8] | 200 |
| Jennifer I. Toole | 377[9] | 160[10] | 80 | 40 |
| Michelle G. Boyle | 313[11] | 200[12] | 250[13] | 150 |
| Renée M. Gardner | n/a | n/a | 20[14] | 80 |

---

[2] In calculating the associated costs to the Department, these hours must be further subdivided by calendar year to account for salary changes. Accordingly, here, 12 hours are allocable to 2002, 175 hours to 2003, and 15 hours to 2004. *See* Total Salary Expenses Spreadsheet attached to Holobaugh Statement.
[3] 15 hours are allocable to 2002, 125 hours to 2003, and 340 hours to 2004.
[4] 196 hours are allocable to 2004, and 49 hours to 2005.
[5] 367 hours are allocable to 2005, and 3 hours to 2006.
[6] 483 hours are allocable to 2003, and 515 hours to 2004.
[7] 236 hours are allocable to 2004, and 59 hours to 2005.
[8] 456 hours are allocable to 2005, and 4 hours to 2006.
[9] 4 hours are allocable to 2002, 68 hours to 2003, and 305 hours to 2004.
[10] 128 hours are allocable to 2004, and 32 hours to 2005.
[11] All 313 hours fall in calendar year 2004.
[12] 160 hours are allocable to 2004, and 40 hours to 2005.
[13] 248 hours are allocable to 2005, and 2 hours to 2006.
[14] 19 hours are allocable to 2005; and 1 hour to 2006.

8. The attorneys fees sought by the United States, which are based on the foregoing hour estimates, are extremely conservative in a number of respects. *First*, as noted above, the calculation is based on out-of-pocket costs to the Department rather than the market value of the attorney time. Before joining the Department, all but one of the above attorneys worked at large, well-respected international law firms. Had the time of the Division's attorneys been valued based on the hourly rates charged by these firms for comparable services, the cost calculated would have been much higher – likely by almost a full order of magnitude.

9. *Second*, the above calculation does not include the time that other attorneys were required to devote in connection with the defense of these claims. Notably, it does not include the time of attorneys within the Department's Office of the Legal Adviser, including Deputy Legal Adviser Ronald J. Bettauer and Assistant Legal Adviser Mark A. Clodfelter. Nor does it include the time of attorneys within other federal agencies – such as the Department of Commerce, the International Trade Commission, the United States Trade Representative and the Department of Treasury – who spent many hours reviewing and commenting on the United States' submissions in these proceedings.

10. *Finally*, the written submissions made in these proceedings, and preparation for the various oral hearings, required the participation of numerous paralegals, secretaries and other support staff. The above calculation, however, does not include the time of the Division's dedicated secretary or any other administrative personnel in the Department who worked on any of the proceedings, with the exception of the two full-time paralegals.

## Other Costs

11. The Department also incurred out-of-pocket expenses, including ICSID fees. These costs are detailed in the Total Out-of-Pocket Expenses Spreadsheet attached to the Holobaugh Statement. As noted in that Statement, the estimate for out-of-pocket expenses is extremely conservative as well, since it does not include the cost of delivery services, telephone or fax charges, legal database usage, or in-house production of documents.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

*Andrea J. Menaker*
Andrea J. Menaker
Chief, NAFTA Arbitration Division
U.S. Department of State
Washington, D.C.
April 7, 2006