# Baker Hostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

September 20, 2006

Elliot J. Feldman
direct dial  202.861.1679
efeldman@bakerlaw.com

**VIA FACSIMILE**
**613-944-3213**
**202-395-9672**

Ms. Meg Kinnear
Foreign Affairs and International Trade Canada
Trade Law Bureau
125 Sussex Drive
Ottawa, ON K1A OG2
Canada

Mr. James Mendenhall
Office of the United States Trade Representative
600 17th Street N.W.
Washington, D.C. 20508

Re:     _Termination Of Litigation_

Dear Meg and Jim:

We will not be able to return to you today the form provided with your letter of September 8, 2006.  As I explained to Hugh Cheetham by phone a couple of days ago, our fiduciary duties run specifically to each client in each matter, and we are unable, therefore, to act for all clients in all matters in common.  Moreover, we do not represent all of our clients in all of the cases listed in your form.  For example, while we represent Buchanan in several of the cases listed on your form, that company is represented by other counsel in other cases.

I must further note that we will not be responding on behalf of all clients today.  Some are instructing us to act on their behalf today; others, especially the Associations that have complex procedural requirements, are not ready or have not taken decisions as to every litigation matter.

Finally, all of our letters, each addressing each matter for each client, may not be the same.  In some instances we are receiving instructions that involve conditions that must be added, and in some instances clients are declining to subscribe to all of the terms of termination as set out in the form.

Clev... ...  Columbus  Costa Mesa  Denver  Houston  Los Angeles  New York  Orlando  Washington, DC

Ms. Meg Kinnear
Mr. James Mendenhall
September 20. 2006
Page 2


Do please feel free to contact me with any questions you may have, which I will answer
as best I can.

Sincerely,

Elliot J. Feldman

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.    This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

> Certain Softwood Lumber Products from Canada. (Original AD Investigation), Secretariat File No. USA-CDA-2002-1904-02.

2.    The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

> (a)    the Countervailing Duty Order regarding Certain Softwood Lumber from Canada. 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

> (b)    the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

> (c)    USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

> (d)    The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.    Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

4.    Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.    No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.    This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.    The parties shall not re-file the Covered Action.

8.    For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.    This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.    This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.    As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.    This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____  Dated: ___ , 2006          By: _____  Dated: _____ , 2006
Elliot J. Feldman                                 John D. McInerney
Baker & Hostetler, LLP                            U.S. Department of Commerce
Washington Square, Suite 1100                     14th & Constitution Avenue, N.W.
1050 Connecticut Avenue, NW.                       Room 3622
Washington, DC 20036-5304                          Washington, D.C. 20230

*Counsel for Tembec Inc.*                          *Counsel for United States Department of Commerce in Certain Softwood Lumber Products from Canada (Original AD Investigation), Secretariat File No. USA-CDA-2002-1904-02*

2

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.      This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

> Certain Softwood Lumber Products from Canada (CVD 1" Administrative Review), Secretariat File No. USA-CDA-2005-1904-01.

2.      The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

> (a)      the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

> (b)      the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

> (c)      USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

> (d)      The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.      Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

4.    Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.    No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.    This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.    The parties shall not re-file the Covered Action.

8.    For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.    This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.    This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.    As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.    This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____ Dated: Sf. 20. 2006      By: _____ Dated: _____, 2006
Elliot J. Feldman                                John D. McInerney
Baker & Hostetler, LLP                           U.S. Department of Commerce
Washington Square, Suite 1100                    14th & Constitution Avenue, N.W.
1050 Connecticut Avenue, NW.                      Room 3622
Washington, DC 20036-5304                        Washington, D.C. 20230

*Counsel for Tembec Inc.*                         *Counsel for United States Department of Commerce in Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review), Secretariat File No. USA-CDA-2005-1904-01*

2

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.     This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

*Certain Softwood Lumber Products from Canada (Section 129 Threat-of-Injury Determination),* Secretariat File No. USA-CDA-2005-1904-03.

2.     The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

(a)     the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

(b)     the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

(c)     USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

(d)     The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.     Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

1

4.    Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.    No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.    This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.    The parties shall not re-file the Covered Action.

8.    For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation),* Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.    This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.    This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.    As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.    This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____    Dated: Sept 20, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

*Counsel for Tembec Inc.*

By: _____    Dated: _____, 2006
James M. Lyons
Office of the General Counsel
USITC
500 E Street S.W.
Washington, D.C. 20436

*Counsel for United States International Trade Commission in Certain Softwood Lumber Products from Canada (Section 129 Threat-of-Injury Determination), Secretariat File No. USA-CDA-2005-1904-03*

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.    This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

*Certain Softwood Lumber Products from Canada (Section 129 AD Determination)*, Secretariat File No. USA-CDA-2005-1904-04.

2.    The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

(a)    the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

(b)    the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

(c)    USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

(d)    The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.    Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

1

4.    Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.    No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.    This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.    The parties shall not re-file the Covered Action.

8.    For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action

9.    This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.    This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.    As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.    This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____  Dated: Sept 20, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

*Counsel for Tembec Inc.*

By: _____ Dated: _____, 2006
John D. McInerney
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

*Counsel for United States Department of Commerce in Certain Softwood Lumber Products from Canada (Section 129 AD Determination),* Secretariat File No. USA-CDA-2005-1904-04

ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1. This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

*Certain Softwood Lumber Products from Canada (AD 2nd Administrative Review)*,
Secretariat File No. USA-CDA-2006-1904-01.

2. The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

    (a)    the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

    (b)    the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

    (c)    USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

    (d)    The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3. Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

1

4.      Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.      No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.      This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.      The parties shall not re-file the Covered Action.

8.      For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.      This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.     This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.     As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.     This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____ Dated: Oct. 20, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW,
Washington, DC 20036-5304

*Counsel for Tembec Inc.*

By: _____ Dated: _____, 2006
John D. McInerney
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

*Counsel for United States Department of Commerce in Certain Softwood Lumber Products from Canada (AD 2nd Administrative Review)*, Secretariat File No. USA-CDA-2006-1904-01

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.    This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

> Certain Softwood Lumber Products from Canada (CVD 2nd Administrative Review), Secretariat File No. USA-CDA-2006-1904-02.

2.    The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

    (a)    the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

    (b)    the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

    (c)    USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

    (d)    The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.    Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

4.    Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.    No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.    This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.    The parties shall not re-file the Covered Action.

8.    For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation),* Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.    This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.    This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.    As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.    This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____ Dated: Sept. 22, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

*Counsel for Tembec Inc.*

By: _____ Dated: _____, 2006
John D. McInerney
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

*Counsel for United States Department of Commerce in Certain Softwood Lumber Products from Canada (CVD 2nd Administrative Review),* Secretariat File No. USA-CDA-2006-1904-02

2

ANNEX 2A

**TERMINATION OF LITIGATION AGREEMENT**

1.    This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

   *Certain Softwood Lumber Products from Canada,* Secretariat File No. ECC-2006-1904-01USA.

2.    The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

   (a)    the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

   (b)    the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

   (c)    USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

   (d)    The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.    Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

1

4.     Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.     No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.     This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.     The parties shall not re-file the Covered Action.

8.     For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.     This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.    This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.    As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.    This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____  Dated: _____, 2006

Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

*Counsel for Tembec Inc.*

By: _____  Dated: _____, 2006

William Busis
Office of the United States Trade Representative
600 - 17th Street, N.W.
Washington, D.C. 20508

Counsel for the United States in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA

2

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.    This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

    *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein.

2.    The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

    (a)    the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

    (b)    the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

    (c)    USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

    (d)    The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.    Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

4.      Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.      No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.      This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.      The parties shall not re-file the Covered Action.

8.      For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.      This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.     This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.     As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.     This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____  Dated: Sept 29, 2006       By: _____  Dated: _____, 2006
Elliot J. Feldman                                   Stephen C. Tosini
Baker & Hostetler, LLP                              U.S. Department of Justice
Washington Square, Suite 1100                       Commercial Litigation Branch - Civil Division
1050 Connecticut Avenue, NW.                        1100 L Street, NW.
Washington, DC 20036-5304                           Room 12020
                                                    Washington, DC 20530

*Counsel for Tembec Inc.*

                                                    *Counsel for the United States in Tembec v. United States*
                                                    (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated
                                                    therein

2

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.      This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

> *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) and the cases consolidated therein.

2.      The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

> (a)     the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

> (b)     the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

> (c)     USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

> (d)     The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.      Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

4.    Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.    No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.    This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.    The parties shall not re-file the Covered Action.

8.    For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.    This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.   This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.   As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.   This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____  Dated: Sept. 20, 2006       By: _____  Dated: _____, 2006
Elliot J. Feldman                                   Reginald T. Blades, Jr.
Baker & Hostetler, LLP                              U.S. Department of Justice
Washington Square, Suite 1100                       Commerical Litigation Branch - Civil Division
1050 Connecticut Avenue, NW.                        1100L Street, NW.
Washington, DC 20036-5304                           8th Floor
                                                    Washington, DC 20530
*Counsel for Tembec Inc.*
                                                    Counsel for the United States in *West Fraser v. United States*
                                                    (Consol. Ct. No. 05-00079 (CIT)) and the cases consolidated
                                                    therein

## ANNEX 2A

### TERMINATION OF LITIGATION AGREEMENT

1.     This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

    *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia)).

2.     The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

    (a)    the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

    (b)    the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

    (c)    USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

    (d)    The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.     Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

4.    Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.    No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.    This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.    The parties shall not re-file the Covered Action.

8.    For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.    This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.    This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.    As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.    This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:

By: _____ Dated: Sept 20, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW,
Washington, DC 20036-5304

*Counsel for Tembec Inc.*

By: _____ Dated: _____, 2006
Alexander Kenneth Haas
U.S. Department of Justice
20 Massachusetts Avenue,
NW Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))

## ANNEX 2A

## TERMINATION OF LITIGATION AGREEMENT

1.      This Termination of Litigation Agreement (Termination Agreement) is a full and complete settlement of the issues raised by Tembec Inc. in the following action (the "Covered Action"):

> NAHA Chapter 11 claim of *Tembec Inc., Tembec Investments Inc. and Tembec Industries Inc. v. United States of America* (collectively "Tembec").

2.      The parties irrevocably consent to the termination of the Covered Action by the filing of the documents referenced in paragraph 3 on the date the 2006 Softwood Lumber Agreement Between the Government of Canada and the Government of the United States of America ("SLA 2006") enters into force, provided that on that date:

> (a)      the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), are retroactively revoked in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

> (b)      the U.S. Department of Commerce ("USDOC") terminates all USDOC proceedings related to the Orders;

> (c)      USDOC has prepared the liquidation instructions attached as Annex 3 to the SLA 2006 and has committed to provide them to USCBP within 3 days after the date the SLA 2006 enters into force to ensure that no cash deposits are collected on the basis of the Orders on or after the date the SLA 2006 enters into force; and

> (d)      The Government of Canada irrevocably commits to pay to Tembec Inc., no later than 60 days after the date that the SLA 2006 enters into force, at least 90 percent of the amount to be paid to Tembec Inc. and its subsidiaries, including, but not limited to, Tembec Industries Inc., Excel Forest Products Inc., Marks Lumber Ltd. and Spruce Falls Inc., pursuant to the Agreement of Purchase and Sale described in Annex 2C of SLA 2006.

3.      Canada or the United States, as the case may be, shall file consent motions for termination or notices of dismissal of the Covered Action on the date the SLA 2006 enters into force. This Termination Agreement, along with termination agreements covering all other parties to the Covered Action, and a letter from the United States certifying the full satisfaction of the preconditions for termination listed in subparagraphs 2(a) through 2(c) shall constitute proof of unanimous consent to the termination of the Covered Action.

4.      Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as the Covered Action that are filed before the date of entry into force of the SLA 2006.

5.      No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Action.

6.      This Termination Agreement is without prejudice to the position of any party on any issue in the Covered Action.

7.      The parties shall not re-file the Covered Action.

8.      For purposes of paragraphs 4, 5, and 7, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as a Covered Action.

9.      This Termination Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

10.     This Termination Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

11.     As evidence of their consent to this Termination Agreement, the parties, through their duly-authorized Representatives, have signed below.

12.     This Termination Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Termination Agreement.

By:


By: _____  Dated: Sept. 20, 2006       By: _____  Dated: _____, 2006
**Elliot J. Feldman**                                       **Andrea J. Menaker**
Baker & Hostetler, LLP                                      Chief, NAFTA Arbitration
Washington Square, Suite 1100                               Division Office of the Legal
1050 Connecticut Avenue, NW.                                Adviser
Washington, DC 20036-5304                                   U.S. Department of State
                                                            Washington, D.C.
*Counsel for Tembec Inc.*
                                                            Counsel for the United States with respect to the NAFTA
                                                            Chapter 11 claim of *Tembec Inc., Tembec Investments Inc.*
                                                            *and Tembec Industries Inc. v. United States of America*
                                                            (collectively "Tembec")

2