October 13, 2006

*By Facsimile and E-mail*

Professor Albert Jan van den Berg
Professor Armand de Mestral
Mr. Davis R. Robinson
c/o Mr. Gonzalo Flores
ICSID Secretary

*Re: Softwood Lumber Consolidated Proceeding*

Dear Members of the Tribunal:

      We write to respond to Tembec's letter of October 6, 2006, requesting that the Tribunal issue an order allocating the costs of the *Tembec* arbitration equally between the parties. For the reasons set forth below and in the United States' submission dated April 7, 2006, the Tribunal should reject Tembec's request and order Tembec to bear all of the costs and fees incurred by the United States in defending against Tembec's NAFTA Chapter Eleven claim.

      In its letter, Tembec represented that, in connection with efforts to settle the softwood lumber dispute between Canada and the United States, the United States and Tembec had agreed to terminate the proceedings with respect to Tembec's NAFTA Chapter Eleven claim and each party agreed to forgo seeking recovery of costs and expenses in connection with that claim. This representation is incorrect.[1] The 2006 Softwood Lumber Agreement was finalized and came into effect as of October 12, 2006. That Agreement contains a Settlement of Claims Agreement which terminated certain litigation. Tembec's NAFTA Chapter Eleven claim, however, was not among the claims that were terminated pursuant to the Softwood Lumber Agreement. As the Tribunal is aware, Tembec notified the Tribunal on December 7, 2005, that it had "removed" its claim from the arbitration and requested that the Tribunal "terminate" the proceedings as to Tembec.[2] On January 10, 2006, the Tribunal issued an order terminating the NAFTA Chapter Eleven proceedings with respect to Tembec, subject to its retaining jurisdiction to allocate costs between the parties in accordance with UNCITRAL Articles 38-40.[3]

---

[1] This representation is also in sharp contrast to the representation made by Tembec just one day earlier in a letter to the U.S. Court of International Trade opposing a stay of its claim against the United States before that body. There, referring to the very same settlement efforts, Tembec stated that "no settlement has been finalized, and resolution of the remaining settlement issues is not imminent." *See* letter from Elliott J. Feldman, counsel for plaintiff Tembec Inc., to The Hon. Jane A. Restani, The Hon. Judith M. Barzilay, and The Hon. Richard K. Eaton (Oct. 5, 2006) (attached hereto).

[2] Letter from Elliott J. Feldman to the Tribunal at 1 (Dec. 7, 2005).

[3] Order for the Termination of the Arbitral Proceedings with Respect to Tembec *et al.* (Jan. 10, 2006).

The document attached to Mr. Feldman's October 6 letter labeled Annex 2A, Termination of Litigation Agreement, is not a true and correct copy of the Settlement of Claims Agreement which was concluded in connection with the Softwood Lumber Agreement. That document has not been counter-signed on behalf of the United States.

Attached hereto is a true and fully executed copy of the Settlement of Claims Agreement dated October 12, 2006. Tembec's NAFTA Chapter Eleven claim is *not* among the claims terminated pursuant to the Settlement of Claims Agreement. The United States, therefore, has not agreed that it would not seek costs in connection with Tembec's NAFTA Chapter Eleven claim and its request for such costs remains unaffected by the Softwood Lumber Agreement.

Tembec should be ordered to bear the full costs of the arbitration, including Tribunal and attorneys fees. The United States spent more than two years defending against Tembec's claim, only to have Tembec abandon its claim and withdraw from the arbitration on the eve of the jurisdictional hearing. Tembec's attempt to mislead the Tribunal by asserting that its claim was terminated pursuant to the Softwood Lumber Agreement, when that same claim was terminated nine months earlier, should not be countenanced and, indeed, reinforces the United States' entitlement to costs. For the foregoing reasons, as well as those set forth in the United States April 7, 2006 Submission on Costs, the United States respectfully requests that the Tribunal render an award pursuant to Articles 38 and 40 of the UNCITRAL Arbitration Rules ordering that Tembec bear the full costs imposed on the United States in defending against its NAFTA Chapter Eleven claim.

Respectfully submitted,

Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of the Legal Adviser
U.S. Department of State

Attachments
Copies:
Elliott J. Feldman, Esq.
John Landry, Esq.
Keith Mitchell, Esq.

# Baker Hostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Elliot J. Feldman
direct dial: 202.861.1679
efeldman@bakerlaw.com

October 5, 2006

**ELECTRONIC FILING**

The Honorable Jane A. Restani
The Honorable Judith M. Barzilay
The Honorable Richard K. Eaton
U.S. Court of International Trade
One Federal Plaza
New York, NY 10278-0001

Re:   Tembec Inc., et al. v. United States, et al., Consol. Court No. 05-00028

Dear Chief Judge Restani, Judge Barzilay, and Judge Eaton

On June 2, 2006, the United States requested a 90-day stay of the above-referenced consolidated case to permit the Governments of the United States and Canada to finalize a settlement of the *softwood lumber* dispute. On June 14, 2006, the Court denied the United States' request, noting that "staying the case may cause the Private Plaintiffs to endure substantial economic harm, which might be avoided if they are successful on their claims, whether in whole or in part."

Tembec, along with the other Canadian parties, did prevail in part in the Court's decision of July 21, but continues to endure substantial economic harm unabated while awaiting the Court's decision on remedies. Alleged relief through imminent completion of a settlement has not come about.

Even though 120 days have elapsed since the United States requested a 90-day stay, no settlement has been finalized, and resolution of the remaining settlement issues is not imminent. The Governments of the United States and Canada have agreed on a settlement subject to a number of significant conditions precedent that remain unsatisfied. Although the two Governments had hoped that these pre-conditions would be met by October 1, 2006, they have now recognized and agreed that, at a minimum, at least another month will be required, a new timetable that may also prove to be optimistic.

*Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC*

The Honorable Judith M. Barzilay
The Honorable Richard K. Eaton
The Honorable Jane A. Restani
October 5, 2006
Page 2

      We note that the Coalition for Fair Lumber Imports Executive Committee ("the Coalition"), the defendant-intervenor in this consolidated case, has brought a constitutional challenge to the NAFTA dispute resolution process that is pending before the D.C. Circuit. In that case, the Coalition recently requested that the D.C. Circuit proceed to decision on its normal timetable, noting "no softwood lumber-related proceedings have been stayed" in the months of discussions concerning a potential settlement. *See* attached letter dated Sep. 18, 2006. The Coalition, a strong supporter of the proposed settlement, has not suggested that proceeding with pending cases would disrupt the settlement process. For its part, the D.C. Circuit has shown no sign of deviating from its normal schedule due to the potential settlement, notwithstanding having received three FRAP Rule 28(j) submissions about settlement from the Department of Justice in the past two months (August 4, 23 and September 15).

      In the meantime, Canadian producers, exporters, and importers continue to pay over one million dollars in cash deposits every day under the antidumping and countervailing duty orders imposed in May, 2002. That substantial economic harm continues for Tembec and other Canadian parties despite the Court's July 21, 2006 ruling that these orders are not supported by a valid injury determination.

      Under these circumstances – the absence of and continuing delay in achieving a settlement; the absence of any relief despite the decision of July 21; the defendant-intervenor's active pursuit of a decision in another forum –, Tembec respectfully renews its request that the Court resolve the remedies issue as soon as it practicably can. A prompt decision on remedies would limit further prejudice to Canadian producers from orders that the Court already has found to be unlawful, and it would resolve vital questions of law that have implications for pending and future cases under the NAFTA binational panel system, both for softwood lumber and for other industries as well.

                                                Respectfully submitted,

                                                Elliot J. Feldman
                                                Counsel for Plaintiff Tembec Inc.

ANNEX 2A

SETTLEMENT OF CLAIMS AGREEMENT

1.  On the Effective Date of the Softwood Lumber Agreement 2006, this Settlement of Claims Agreement (Claims Settlement Agreement) will constitute a full and complete settlement of the claims asserted in the actions referenced in this paragraph. On the Effective Date, Canada and the United States shall file a joint stipulation of dismissal of Canada's complaint in *Canada v. United States* (Ct. No. 05-00033 (CIT)). Further, on the Effective Date:

> The United States and Tembec Inc. and its affiliates shall file a joint stipulation of dismissal in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia));

> the United States shall withdraw its request for an Extraordinary Challenge in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA; and

> Canfor Corporation shall withdraw its claim against the United States in *The Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America.*

2.  In addition, on the Effective Date, Canada and the United States shall seek to dismiss the following actions:

> *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02;

> *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein; and

> *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.)).

3.  The United States shall ensure that the following actions are taken:

   (a) On the Effective Date, the U.S. Department of Commerce ("USDOC") shall retroactively revoke the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

   (b) On the Effective Date, USDOC shall terminate all USDOC proceedings related to the Orders; and

   (c) No later than 3 days after the Effective Date, to the extent that USDOC is not enjoined against providing for liquidation, USDOC shall provide the instructions in Annex 3A of the SLA 2006 to U.S. Customs and Border Protection to cease collecting cash deposits and to liquidate entries covered by the Orders described in subparagraph 3(a) without regard to antidumping or countervailing duties and to pay interest in accordance with section 778 of the Tariff Act of 1930, as amended.

4. Following the Effective Date, Canada and the United States shall continue to seek modification or clarification of the injunctions in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) such that the underlying entries may be liquidated without regard to antidumping and countervailing duties. To the extent that USDOC is not enjoined against providing for liquidation, USDOC shall provide the instructions in Annex 3B of the SLA 2006, as amended, to USCBP at such time as the U.S. Court of International Trade modifies or clarifies the injunctions against liquidation issued in *West Fraser v. United States* to permit the United States to liquidate entries covered by the first AD administrative review, the liquidation of which had been enjoined.

5. As promptly as possible after the Effective Date, Canada and the United States shall file joint motions to dismiss the following actions, if they have not been dismissed already, on the grounds of mootness:

*Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01; and

*West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)).

6. For purposes of paragraphs 7 through 10, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as an "action referenced in this Claims Settlement Agreement".

7. Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as any action referenced in this Claims Settlement Agreement that are filed before the date of entry into force of the SLA 2006.

8. No party to this Claims Settlement Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to any action referenced in this Claims Settlement Agreement.

9. This Claims Settlement Agreement is without prejudice to the position of any party to this Claims Settlement Agreement on any issue in any action referenced in this Claims Settlement Agreement.

10. Each party to this Claims Settlement Agreement shall not re-file any of the actions that are referenced in paragraph 1 of this Claims Settlement Agreement.

11. This Claims Settlement Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

12. This Claims Settlement Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

13. As evidence of their consent to this Claims Settlement Agreement, the parties, through their duly authorized Representatives, have signed below.

14. This Claims Settlement Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Claims Settlement Agreement.

By: _____ Dated: _____, 2006

*Fraser v. United States* to permit the United States to liquidate entries covered by the first AD administrative review, the liquidation of which had been enjoined.

5. As promptly as possible after the Effective Date, Canada and the United States shall file joint motions to dismiss the following actions, if they have not been dismissed already, on the grounds of mootness:

*Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01; and

*West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)).

6. For purposes of paragraphs 7 through 10, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as an "action referenced in this Claims Settlement Agreement".

7. Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as any action referenced in this Claims Settlement Agreement that are filed before the date of entry into force of the SLA 2006.

8. No party to this Claims Settlement Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to any action referenced in this Claims Settlement Agreement.

9. This Claims Settlement Agreement is without prejudice to the position of any party to this Claims Settlement Agreement on any issue in any action referenced in this Claims Settlement Agreement.

10. Each party to this Claims Settlement Agreement shall not re-file any of the actions that are referenced in paragraph 1 of this Claims Settlement Agreement.

11. This Claims Settlement Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

12. This Claims Settlement Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

13. As evidence of their consent to this Claims Settlement Agreement, the parties, through their duly authorized Representatives, have signed below.

14. This Claims Settlement Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Claims Settlement Agreement.

By: _/s/ M. Jean Anderson_ Date: Oct. 11, 2006
M. Jean Anderson
Weil, Gotshal & Manges, LLP
1300 Eye Street, NW.
Suite 900
Washington, DC 20005

Counsel for the Government of Canada in all the referenced proceedings other than *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia)) and the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*

2

By: /s/ Seth P. Waxman  Dated: Oct 11, 2006
Seth P. Waxman
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW.
Washington, DC 20006-3642

Counsel for the Government of Canada in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))


By: _____ Dated: _____, 2006
Reginald T. Blades, Jr.
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
8th Floor
Washington, DC 20530

Counsel for the United States in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) and the cases consolidated therein


By: _____ Dated: _____, 2006
Stephen C. Tosini
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
Room 12020
Washington, DC 20530

Counsel for the United States in *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein

3

14. This Claims Settlement Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Claims Settlement Agreement.

By: _____ Dated: _____, 2006
M. Jean Anderson
Weil, Gotshal & Manges, LLP
1300 Eye Street, NW.
Suite 900
Washington, DC 20005

Counsel for the Government of Canada in all the referenced proceedings other than *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia)) and the Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between *Canfor Corporation v. United States of America* and *Terminal Forest Products Ltd. v. United States of America*

By: _____ Dated: _____, 2006
Seth P. Waxman
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW.
Washington, DC 20006-3642

Counsel for the Government of Canada in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))

By: *Reginald T. Blades, Jr.* Dated: October 12, 2006
Reginald T. Blades, Jr.
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
8th Floor
Washington, DC 20530

Counsel for the United States in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) and the cases consolidated therein

By: _____ Dated: _____, 2006
Stephen C. Tosini
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
Room 12020
Washington, DC 20530

Counsel for the United States in *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein

TOTAL P.02

By: _____ Dated: _____, 2006
M. Jean Anderson
Weil, Gotshal & Manges, LLP
1300 Eye Street, NW.
Suite 900
Washington, DC 20005

Counsel for the Government of Canada in all the referenced proceedings other than *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia)) and the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
Seth P. Waxman
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW.
Washington, DC 20006-3642

Counsel for the Government of Canada in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))


By: _____ Dated: _____, 2006
Reginald T. Blades, Jr.
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
8th Floor
Washington, DC 20530

Counsel for the United States in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) and the cases consolidated therein


By: /s/ Stephen C. Tosini  Dated: 10/12, 2006
Stephen C. Tosini
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
Room 12020
Washington, DC 20530

Counsel for the United States in *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein

By: /s/ Alexander Kenneth Haas      Dated: October 11, 2006
Alexander Kenneth Haas
U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))


By: _____ Dated: _____, 2006
Douglas N. Letter
Litigation Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue N.W.
Room 7513
Washington, D.C. 20530-0001

Counsel for the United States in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))


By: _____ Dated: _____, 2006
John D. McInerney
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

Counsel for United States Department of Commerce in *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02; *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03; *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01


By: _____ Dated: _____, 2006
Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

Counsel for the United States with respect to the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
William Busis
Office of the United States Trade Representative
600 – 17th Street, N.W.
Washington, D.C. 20508

Counsel for the United States in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA

TOTAL P.01

By: _____ Dated: _____, 2006
Alexander Kenneth Haas
U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))

By: *Douglas N. Letter by Jeane E Davidson* Dated: Oct. 12, 2006
Douglas N. Letter
Litigation Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue N.W.
Room 7513
Washington, D.C. 20530-0001

Counsel for the United States in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))

By: _____ Dated: _____, 2006
John D. McInerney
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

Counsel for United States Department of Commerce in *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02; *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03; *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01

By: _____ Dated: _____, 2006
Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

Counsel for the United States with respect to the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*

TOTAL P.02

By: _____ Dated: _____, 2006
Alexander Kenneth Haas
U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))

By: _____ Dated: _____, 2006
Douglas N. Letter
Litigation Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue N.W.
Room 7513
Washington, D.C. 20530-0001

Counsel for the United States in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))

By: _____ Dated: 10/12, 2006
John D. McInerney
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

Counsel for United States Department of Commerce in *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02; *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03; *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01

By: _____ Dated: _____, 2006
Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

Counsel for the United States with respect to the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*

Dated: _____, 2006

By: _____
Alexander Kenneth Haas
U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))

Dated: _____, 2006

By: _____
Douglas N. Letter
Litigation Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue N.W.
Room 7513
Washington, D.C. 20530-0001

Counsel for the United States in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))

Dated: _____, 2006

By: _____
John D. McInerney
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

Counsel for United States Department of Commerce in *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02; *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03; *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01

By: *Andrea J. Menaker* Dated: Oct. 12, 2006
Andrea J. Menaker
Chief, NAFTA Arbitration Division
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

Counsel for the United States with respect to the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*

By: _____ Dated: _____, 2006
**William Busis**
Office of the United States Trade Representative
600 – 17th Street, N.W.
Washington, D.C. 20508

Counsel for the United States in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA

By: /s/ Elliot J. Feldman          Dated: Oct. 11, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

Counsel for Tembec Inc. and its affiliates


By: _____ Dated: _____, 2006
P. John Landry
DAVIS & COMPANY
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
Keith E.W. Mitchell
Harris and Company
14 Floor Bentall 5, 550 Burrard
Vancouver, British Columbia
V6C 2B5

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
B. Thomas Peele, III
Baker & McKenzie, LLP
815 Connecticut Avenue, NW.
Suite 900
Washington, DC 20006-4078

Counsel for Canadian Forest Products Ltd., Canfor Corporation and its affiliates, Canfor Wood Products Marketing Ltd.

By: _____ Dated: _____, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW,
Washington, DC 20036-5304

Counsel for Tembec Inc. and its affiliates

By: _/s/ John Landry_____ Dated: _Oct 11_, 2006
P. John Landry
DAVIS & COMPANY
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
Keith E.W. Mitchell
Harris and Company
14 Floor Bentall 5, 550 Burrard
Vancouver, British Columbia
V6C 2B5

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
B. Thomas Peele, III
Baker & McKenzie, LLP
815 Connecticut Avenue, NW,
Suite 900
Washington, DC 20006-4078

Counsel for Canadian Forest Products Ltd., Canfor Corporation and its affiliates, Canfor Wood Products Marketing Ltd.

5

By: _____ Dated: _____, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

Counsel for Tembec Inc. and its affiliates


By: _____ Dated: _____, 2006
P. John Landry
DAVIS & COMPANY
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: 10/11, 2006
Keith E. W. Mitchell
Harris and Company
14 Floor Bentall 5, 550 Burrard
Vancouver, British Columbia
V6C 2B5

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
B. Thomas Peele, III
Baker & McKenzie, LLP
815 Connecticut Avenue, NW.
Suite 900
Washington, DC 20006-4078

Counsel for Canadian Forest Products Ltd., Canfor Corporation and its affiliates, Canfor Wood Products Marketing Ltd.

5

By: _____ Dated: _____, 2006
Elliot J. Feldman
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

Counsel for Tembec Inc. and its affiliates


By: _____ Dated: _____, 2006
P. John Landry
DAVIS & COMPANY
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
Keith E.W. Mitchell
Harris and Company
14 Floor Bentall 5, 550 Burrard
Vancouver, British Columbia
V6C 2B5

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: /s/ Thomas Peele  Dated: Oct 11, 2006
B. Thomas Peele, III
Baker & McKenzie, LLP
815 Connecticut Avenue, NW.
Suite 900
Washington, DC 20006-4078

Counsel for Canadian Forest Products Ltd., Canfor Corporation and its affiliates, Canfor Wood Products Marketing Ltd.

5