UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JANE A. RESTANI, CHIEF JUDGE, AND
JUDITH M. BARZILAY AND RICHARD K. EATON, JUDGES

|  |  |
|---|---|
| TEMBEC INC., CANADIAN LUMBER TRADE ALLIANCE, AND THE GOVERNMENT OF CANADA, <br><br> Plaintiffs, <br> v. <br><br> THE UNITED STATES, THE UNITED STATES DEPARTMENT OF COMMERCE, AND SUSAN C. SCHWAB, THE UNITED STATES TRADE REPRESENTATIVE, <br><br> Defendants, <br> and <br><br> COALITION FOR FAIR LUMBER IMPORTS EXECUTIVE COMMITTEE, <br><br> Defendant-Intervenor. | Consol. Court No. 05-00028 <br><br> PUBLIC DOCUMENT |

**PLAINTIFF TEMBEC'S OPPOSITION TO MOTIONS TO DISMISS
ON GROUNDS OF MOOTNESS**

Plaintiff Tembec Inc. ("Tembec") hereby opposes the Motions to Dismiss filed by Defendant, the United States, and Plaintiff-Intervenor, the Government of Canada, in this consolidated action, for the reasons set forth in the Opposition to Motions to Dismiss filed today by the Canadian Lumber Trade Alliance ("CLTA"). The live controversy that exists between Tembec and the United States Government was not moot on October 13, 2006 when this Court issued its Final Judgment, notwithstanding the entry into force of the Softwood Lumber Agreement between the United States and Canada ("SLA 2006") the day before. Nor is the case moot now. Tembec, therefore, respectfully requests that the Court deny both Motions to Dismiss.

1

## ARGUMENT

The essential question presented by the Motions to Dismiss is whether this case was moot on October 13, 2006 when the Court issued its Final Judgment. As long as a live case or controversy existed on October 13, 2006, the Final Judgment issued on that day prevents the Court from dismissing this case as moot.[1]
The live controversy between Tembec and the United States was not moot on October 13, 2006 when this Court issued its decision for four reasons. First, orders in *West Fraser Mills Ltd. v. United States*, Consol. Ct. No. 05-00079, which enjoined the liquidation of entries of softwood lumber made during the first administrative review, were still in place. As a result, liquidation of all entries of softwood lumber from Canada was not possible on October 13, 2006. *See* CLTA Opp. at 9. Even were this case to have become moot upon the modification of the *West Fraser* injunctions, which it could not for the other reasons discussed below, the prospect of future mootness is not sufficient to warrant dismissal of this case. *See* CLTA Opp. at 9-11.

Second, the terms of the SLA 2006 as amended by the two Governments expressly contemplate the possibility that a third party might successfully challenge the lawfulness of Commerce's revocation of the antidumping and countervailing duty orders ("AD/CVD orders") pursuant to the agreement. The possibility of a successful challenge

---

[1] Neither the United States nor the Government of Canada has filed a motion under CIT Rule 60(b) seeking *vacatur* of the Court's October 13, 2006 award. Neither the entry into force of the SLA 2006, nor the actions of the United States taken pursuant to that agreement, justifies *vacatur* of the Court's decision. See CLTA Opp. at 3. Should either party file a Rule 60(b) motion, Tembec reserves the right to respond.

2

to the revocation of the AD/CVD orders means this case was not moot on October 13, 2006. See CLTA Opp. at 11-12.

Third, it remains uncertain whether Canadian implementing legislation, which serves as a key condition of the SLA 2006, will pass. The possibility that implementing legislation may not pass the Canadian Parliament prevented this case from being moot on October 13, 2006 and continues to prevent it from becoming moot. See CLTA Opp. at 12-13. Should this Court dismiss this action, Tembec would be left without a remedy were the SLA 2006 to collapse and the AD/CVD order reinstated, liquidation of entries of softwood lumber ceased, and the collection of cash deposits resumed.

Fourth, the United States' voluntary cessation of its illegal conduct does not render moot this case because the United States continues to maintain its legal position regarding its unlawful actions. See CLTA Opp. at 15-17. A defendant's "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). The United States and the Government of Canada, who seek to dismiss this case on grounds of mootness, bear the heavy burden of showing that this case has been rendered moot by the United States' voluntary cessation of its illegal conduct. See CLTA Opp. at 13-15. That burden has not been met. See CLTA Opp. at 15-17.

## CONCLUSION

This case was not rendered moot by the implementation of the SLA 2006. Tembec therefore respectfully requests that the Court deny the Motions to Dismiss filed by the United States and the Government of Canada.

Respectfully submitted,

/s/ Elliot J. Feldman
Elliot J. Feldman
John J. Burke
Baker & Hostetler LLP
1050 Connecticut Ave., NW
Suite 1100
Washington, DC 20036-5304
Tel: 202-861-1679
Fax: 202-861-1783

Counsel for Tembec Inc.

**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JANE A. RESTANI, CHIEF JUDGE, AND
JUDITH M. BARZILAY AND RICHARD K. EATON, JUDGES**

_____
                                            )
TEMBEC INC., *et al.,*                      )
                                            )
      Plaintiffs,                     )
  v.                                        )
                                            )   Consol. Court No. 05-00028
THE UNITED STATES,                          )
                                            )   **PUBLIC DOCUMENT**
      Defendant,                      )
                                            )
  and                                       )
                                            )
COALITION FOR FAIR LUMBER IMPORTS           )
EXECUTIVE COMMITTEE,                        )
                                            )
      Defendant-Intervenor.           )
_____  )

**ORDER**

Upon consideration of Defendant's Motion for Reconsideration and to Vacate the Court's judgment and opinion in *Tembec Inc. v. United States*, slip op. 06-152 (CIT October 13, 2006); Plaintiff Tembec Inc.'s Opposition to Motion for Reconsideration and to Vacate; and all other pertinent papers, it is hereby

ORDERED that Defendant's Motion for Reconsideration and to Vacate is denied.

                                                                                                                    _____
                                                                                                                      **Chief Judge**

                                                                                                                      _____
                                                                                                                       **Judge**

Dated: _____, 2006             _____
      New York, NY                                                      **Judge**

**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JANE A. RESTANI, CHIEF JUDGE, AND
JUDITH M. BARZILAY AND RICHARD K. EATON, JUDGES**

_____
                                            )
TEMBEC INC., *et al.,*                      )
                                            )
      Plaintiffs,                      )
                                            )
    v.                                    )
                                            )    Consol. Court No. 05-00028
THE UNITED STATES,                          )
                                            )    **PUBLIC DOCUMENT**
      Defendant,                       )
                                            )
    and                                   )
                                            )
COALITION FOR FAIR LUMBER IMPORTS           )
EXECUTIVE COMMITTEE,                        )
                                            )
      Defendant-Intervenor.            )
_____  )

**PLAINTIFF TEMBEC INC'S OPPOSITION TO MOTION FOR RECONSIDERATION
AND TO VACATE TEMBEC II**

      Plaintiff Tembec Inc. ("Tembec") hereby opposes the Motion for Reconsideration and to Vacate filed by Defendant, the United States, in this consolidated action, for the reasons set forth in the Opposition to Motion for Reconsideration and to Vacate filed today by the Canadian Lumber Trade Alliance ("CLTA").  Defendant 's Motion for Reconsideration and to Vacate has the same substantive basis as its pending motion to dismiss on mootness grounds – that the entry into force of the settlement between the Governments of the United States and Canada made the case moot on October 12, 2006, the day before the Court entered its judgment.  The Court should deny both motions because the Court's Final Judgment resolved a case and controversy that

remained very much alive on October 13, 2006 when the Court issued its Final Judgment.

**ARGUMENT**

The premise of the United States' motion for reconsideration and to vacate is that this Court committed legal error in its final judgment on October 13, 2006 by not addressing the United States' eleventh hour pleading filed the night before requesting dismissal of the case as moot. That premise is incorrect, and the motion for reconsideration and to vacate must be denied, for two reasons.

First, the United States brought this motion pursuant to CIT Rule 59, but has not satisfied the conditions for obtaining relief under that rule, which require the movant to demonstrate manifest error. *See NEC Corp. v. Dep't of Commerce*, 86 F. Supp.2d 1281, 1282 (Ct. Int'l Trade 2000) (stating that "a court's previous decision will not be disturbed [under Rule 59(a)(2)] unless it is 'manifestly erroneous.'") (citation omitted); Moore's Federal Practice 59.30[5][a] (discussing manifest injustice standard under Fed. R. Civ. P. 59(e)). The Court has an obligation to issue its judgments in an expeditious manner and in this case it already had determined that delay could be prejudicial to the plaintiffs. Therefore, it was not error, let alone manifest error, for the Court to release its final judgment when ready on October 13. This point is discussed in greater detail in CLTA's Opposition to the United States' Motion for Reconsideration and to Vacate at 3-5.

Second, the live controversy between Tembec and the United States was not moot on October 13, 2006 because injunctions in *West Fraser Mills Ltd. v. United States*, Consol. Ct. No. 05-00079 were still in place, preventing the liquidation of all

- 2 -

entries of softwood lumber from Canada; the revocation of the antidumping and countervailing duty orders could be reversed by a successful court challenge; and the United States continues to maintain its legal position regarding its unlawful actions demonstrating that absent the final judgment it would return to its illegal conduct.[1] These points are discussed in full in CLTA's Opposition to the United States' Motion to Dismiss at 7-17.

## CONCLUSION

This case was not rendered moot by the implementation of the SLA 2006. Tembec, therefore, respectfully requests that the Court deny the United States' motion for reconsideration and to vacate the judgment in this consolidated action.

Respectfully submitted,

   /s/  Elliot J. Feldman
Elliot J. Feldman
John J. Burke
Baker & Hostetler LLP
1050 Connecticut Ave., NW
Suite 1100
Washington, DC 20036-5304
Tel: 202-861-1679
Fax: 202-861-1783

Counsel for Tembec Inc.

November 28, 2006

---

[1] The United States relies heavily on *Rice Services, Ltd v. United States*, 405 F.3d 1017 (Fed. Cir. 2005).  See U.S. Recon. Motion at 5-6.  That case, however, does not address the standards for dismissing a case as moot.  Instead, it addresses the very different issue of whether a plaintiff is entitled to attorneys' fees after its case was dismissed.

- 3 -