UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEMBEC INC., TEMBEC INVESTMENTS INC., TEMBEC INDUSTRIES INC.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 05-CV-2345 (RMC) |

### PETITIONERS' NOTICE OF FILING

During the March 23, 2007 hearing before this Court, Petitioners observed that the United States and Canada agreed that no party would seek costs or fees against any other party in any of the litigation involving softwood lumber from Canada. Petitioners explained that, with the sole exception of Tembec's NAFTA Chapter 11 claim, this agreement not to seek costs and fees was respected by both Governments in every case regardless of whether the case was listed in the Settlement of Claims Agreement ("SCA"), and reflected a common and consistent understanding of the SLA. Petitioners offered the examples of Canfor's Chapter 11 claim (listed in the SCA); Terminal Forest Products' Chapter 11 claim (not listed in the SCA); and the most recent example of the *West Fraser* case (*West Fraser Mills Ltd. v. United States*, CIT Case No. 05-00079) before the U.S. Court of International Trade ("CIT").

As requested by the Court during the hearing, Petitioners submit for filing the following documents concerning the *West Fraser* case:

1. **E-mail from Reginald Blades (U.S. Department of Justice and Counsel to the United States) to Jean Anderson (Counsel for Canada), Elliot Feldman (Counsel for Tembec) and others regarding the stipulation of dismissal in the *West Fraser* case.** Counsel for the United States proposes adding the list of all case participants in a separate schedule to the draft stipulation of dismissal. He then raises the issue that "we should add to the language of the stipulation that each party will bear its own costs, fees, and expenses." Ms. Anderson responds, "Reggie – Good points. We'll prepare the schedule and add the costs language and circulate both." *See* Attachment 1, E-mail from Reginald Blades to Jean Anderson, et al., March 16, 2007.

2. **United States' March 21 Status Report To The CIT Regarding The *West Fraser* Case.** Counsel for the United States filed the status report with the U.S. Court of International Trade, explaining that the United States and Canada had committed to seek dismissal of the case pursuant to the Softwood Lumber Agreement, and that all parties were expecting to sign a stipulated dismissal. Counsel for the United States adds that they proposed changes to the draft stipulation on March 16, 2007 to which Counsel for Canada agreed. *See* Attachment 2, Defendant's Status Report (March 21, 2007) at 1 and 2.

3. **Draft Joint Stipulation Of Dismissal And Proposed Order.** Both the Joint Stipulation and Draft Order provide that the parties, by voluntary

stipulation, have dismissed the *West Fraser* case "with each party to bear its own costs, expenses and attorney fees."

As the dates on the documents indicate, this evidence of the United States' intent to dismiss the *West Fraser* case pursuant to its commitments to Canada under the Softwood Lumber Agreement with each party bearing its own costs and fees only recently became available to Petitioners and hereby is being filed as directed by the Court during the March 23 hearing. Evidence of the dismissals of the *Canfor* and *Terminal* cases already have been provided on the record before the Court. *See* Petitioners' Notice/Motion of Reinstatement at Exhibit 9 (Docket Entry #26) and Petitioners' Supplemental Brief at Exhibit B (Docket Entry #29), respectively.

Petitioners had been informed that the two Governments intended to file the fully-executed Joint Stipulation of Dismissal and Proposed Order on March 23, 2007, and so informed the Court during the March 23 hearing. When the document was not filed on that day, Petitioners inquired of Counsel for Canada, who reported that all U.S. government signatures had been obtained, but they were waiting still for signatures from some Canadian parties. Petitioners inquired again of Counsel for Canada on Wednesday, March 28, 2007 and was told that some Canadian signatures were still pending and may take up to an additional week before the document can be finalized (there are approximately seventy parties to the case). Rather than delay any further, Petitioners are submitting the attached documents with this Notice of Filing and will submit the final copy of the Joint Stipulation and Order in the *West Fraser* case separately as soon as it is filed at the U.S. Court of International Trade. Counsel for

Canada has confirmed that there is no expectation of any change in the documents and the only delay in filing has arisen because of the number of parties that must sign.

Respectfully submitted,

_____/s/_____
Elliot J. Feldman (D.C. Bar No. 418501)
Mark A. Cymrot (D.C. Bar No. 164673)
Michael S. Snarr (D.C. Bar No. 474719)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W.
Suite 1100
Washington D.C. 20036-5304
Tel: (202) 861-1679
Fax: (202) 861-1783
*Counsel for Petitioners*

Dated: March 29, 2007