UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| TEMBEC INC., TEMBEC INVESTMENTS INC., TEMBEC INDUSTRIES INC., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 05-CV-2345 (RMC) |

## RESPONDENT'S RESPONSE TO PETITIONERS' NOTICE OF FILING

Respondent, the United States of America, submits this response to the Notice of Filing by Petitioners, Tembec Inc., Tembec Investments Inc., and Tembec Industries Inc. (collectively "Tembec"). *See* Notice of Filing (Mar. 29, 2007) ("Notice"). Tembec has now submitted some of the documents it referenced at the March 23, 2007 Hearing, *i.e.*, those that relate to *West Fraser Mills Ltd. v. United States*, CIT No. 05-00079, ("*West Fraser*"). Tembec claims these documents support its assertion that "no party would seek costs or fees against any other party in any of the litigation involving softwood lumber from Canada . . . regardless of whether the case was listed in the Settlement of Claims Agreement ("SCA")." *See* Notice at 1. These documents neither advance Tembec's argument nor illustrate any inconsistency in the United States' position regarding the SCA provisions that limit the right to seek costs.

These documents are irrelevant for the simple reason that they relate to a proceeding that—unlike Tembec's NAFTA Chapter 11 claim—is specifically referenced in the SCA and, therefore, is subject to the cost limitations contained in Paragraph 8 of the SCA. *See* SCA ¶ 5

(*West Fraser*).[1] As the Court is aware, while the instant district court litigation, the *West Fraser* action, and the Canfor Chapter 11 claim in the Consolidated NAFTA arbitration are all listed in the SCA, Tembec's NAFTA Chapter 11 claim is not. *See id.* ¶¶ 1, 5. Thus, the United States' suggestion of including a provision in the stipulation of dismissal of *West Fraser* regarding costs and fees shows only the consistency of the United States' interpretation of the SCA. The *West Fraser* documents imply nothing about the ability of the United States to pursue costs from Tembec in an action not listed in the SCA. At bottom, nothing in the SCA limits the United States' ability to seek costs in non-listed cases, such as Tembec's NAFTA Chapter 11 claim. Because Tembec's NAFTA Chapter 11 claim is unlike *West Fraser*, this latest submission provides no support for Tembec's argument that seeking costs for Tembec's NAFTA Chapter 11 claim provides grounds to reopen the instant district court judgment.

Finally, we note that while Tembec submitted the *West Fraser* documents referenced at the March 23, 2007 Hearing, it had not (and still has not) submitted the emails it referenced and relied on in its rebuttal argument at that hearing. *See* Transcript of March 23, 2007 Hearing in *Tembec v. United States*, 05-2345, at 40:1-41:9 & 42:1-25 (discussing contents of email with counsel for Canada). *See also id.* at 45:21-46:5 (discussing whether certain emails had been submitted). Those emails, however, were submitted in late January 2007 to the Consolidation Tribunal as an exhibit to Tembec's filing in advance of that tribunal's hearing to consider costs. A copy of that exhibit, without the cover page, is attached hereto as Exhibit B. We note that several of the emails illustrate that: (i) Tembec received a copy of the SCA from counsel to Canada the day before the stipulation of dismissal in this case was filed; (ii) Tembec had the

---

[1] For the Court's convenience, we attach the SCA as Exhibit A. *See also* Exh. E to United States' Opposition to Rule 60 Motion at 7-11.

means, ability, and opportunity to obtain clarification of the SCA; and (iii) Tembec understood the SCA and its relationship to other documents. *See* 6:09 p.m. Email of October 11, 2006 from Elliot Feldman (Exh. B at 1) (discussing the SCA and noting "statements from the Government [of Canada] beginning last Friday that termination of litigation agreements no longer would be applicable to entry into force, recognizing that many had not been submitted and now may not be required pursuant to new but undisclosed amendments"). *See also* 6:18 p.m. Email of October 11, 2006 from Canada's counsel (Exh. B at 15) (stating that Tembec "should feel free to call [] with any questions"); 6:46 p.m. Email of October 11, 2006 from Elliot Feldman (Exh. B at 16) (recognizing the SCA's lack of "consisten[cy] with the Termination of Litigation provisions of the Softwood Lumber Agreement"). Tembec's free and deliberate choice to sign the SCA, and obtain the benefits under the SLA, provides no basis to reopen this judgment. Tembec's motion should be denied.

Dated: April 9, 2007

Of Counsel:

MARK A. CLODFELTER
*Assistant Legal Adviser*

ANDREA J. MENAKER
*Chief, NAFTA Arbitration Division
Office of International Claims and
 Investment Disputes*

United States Department of State
Washington, D.C. 20520
Office of the Legal Adviser
2201 C. Street, N.W.
Suite 5519

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

  /s/ Alexander K. Haas
ALEXANDER K. HAAS (CA 220932)
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Tel: (202) 307-3937—Fax: (202) 616-8470
*Attorneys for the United States*