**From:** Feldman, Elliot
**Sent:** Wednesday, October 11, 2006 6:09 PM
**To:** 'jean.anderson@weil.com'; 'john_landry@davis.ca'; 'kmitchell@harrisco.com'; 'Thomas.peele@bakernet.com'; 'seth.waxman@wilmerhale.com'
**Subject:** RE: Settlement of Claims Agreement for Signature Today

Jeanie --

We are a bit puzzled by what we take now to be a draft Agreement. We anticipated a concern about Chapter 11, but having already signed Termination agreements in all other matters, we don't understand why we are confronting a lengthy and complex document involving other matters. We especially don't understand, at least in light of press reports this week, why we would be acting "without prejudice to positions" regarding the countervailing duty investigation, inasmuch as a NAFTA panel's final decision has been blocked only by an extraordinary challenge we understood was to be withdrawn as a condition precedent to entry into force of the Softwood Lumber Agreement. Nor do we understand what meaning would be attached to Tembec's signature on such an undertaking, given the many other litigants in that and some of the other matters enumerated in your draft.

As you have indicated that time is of the essence, perhaps you could lead us through the reasoning behind the Agreement so that we could understand better what we are being asked to sign. Especially perplexing is our inability to advise clients why these steps are required in view of the statements from the Government beginning last Friday that termination of litigation agreements no longer would be applicable to entry into force, recognizing that many had not been submitted and now may not be required pursuant to new but undisclosed amendments. We understand the Governments to have declared that conditions precedent will have been met for entry into force on October 12 despite the absence of complete terminations of litigation.

As we are now past 6:00 P.M., and therefore certainly past your initial instruction to sign by COB today (generally regarding COB as 5:00 P.M.), we would appreciate also knowing when we should be expecting your corrected document.

-----Original Message-----
**From:** jean.anderson@weil.com [mailto:jean.anderson@weil.com]
**Sent:** Wednesday, October 11, 2006 3:42 PM
**To:** john_landry@davis.ca; kmitchell@harrisco.com; Thomas.peele@bakernet.com; Feldman, Elliot; seth.waxman@wilmerhale.com
**Subject:** Settlement of Claims Agreement for Signature Today


All -- please hold off on sending signatures as well will be circulating a corrected version of the Agreement shortly. Apologies. Jeanie

M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel  202-682-7217
Fax  202-682-7215
jean.anderson@weil.com

---

All -- Attached is the Settlement of Claims Agreement that must be signed by the designated signatories before the SLA 2006 enters into force. As you know, that is expected to occur tomorrow, October 12. Consequently, signatures to the Settlement of Claims Agreement are needed today. As you undoubtedly know from your clients, in conversations with International Trade Canada, your clients have indicated their willingness to have this document signed on their behalf.

Please sign the Agreement in duplicate, and fax a signature page to each of the following <u>by cob today</u>:

Mr. Hugh Cheetham
Senior Counsel, Trade Law Bureau (JLT)
Government of Canada

1/30/2007

Mr. Jeff Weiss
Associate General Counsel
Office of the U.S. Trade Representative (USTR)
FAX: 202-395-3640

Please also send a signed original of your signature page by regular mail to each of the following:

DFAIT/MAECI
Trade Law Bureau/
Direction générale du droit commercial international
125 Sussex Drive
Ottawa, ON K1A 0G2
CANADA
ATTN: Mr. Hugh Cheetham

Office of the United States Trade Representative
600 17th Street, N.W.
Washington, D.C. 20008
ATTN: Mr. Jeff Weiss

Please give me a call if you have any questions.
Many thanks, Jean



M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel 202-682-7217
Fax 202-682-7215
jean.anderson@weil.com

< END >

< END >

---

**The information contained in this
email message is intended only for use of the individual or entity
named above. If the reader of this message is not the intended
recipient, or the employee or agent responsible to deliver it to
the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in
error, please immediately notify us by email (postmaster@weil.com),
and destroy the original message. Thank you**

1/30/2007

**From:** jean.anderson@weil.com
**Sent:** Wednesday, October 11, 2006 6:16 PM
**To:** john_landry@davis.ca; kmitchell@harrisco.com; Thomas.peele@bakernet.com; Feldman, Elliot; seth.waxman@wilmerhale.com
**Subject:** Settlement of Claims Agreement for Signature Today

Attached is the final Settlement of Claims Agreement. A redline is attached so that you can see the changes. It is very important that signature pages be received by the Government of Canada and the U.S. Government today. Could you please confirm to me that this is possible? Many thanks, Jean

M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel 202-682-7217
Fax 202-682-7215
jean.anderson@weil.com

---

All -- please hold off on sending signatures as well will be circulating a corrected version of the Agreement shortly. Apologies. Jeanie

M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel 202-682-7217
Fax 202-682-7215
jean.anderson@weil.com

---

All -- Attached is the Settlement of Claims Agreement that must be signed by the designated signatories before the SLA 2006 enters into force. As you know, that is expected to occur tomorrow, October 12. Consequently, signatures to the Settlement of Claims Agreement are needed today. As you undoubtedly know from your clients, in conversations with International Trade Canada, your clients have indicated their willingness to have this document signed on their behalf.

Please sign the Agreement in duplicate, and fax a signature page to each of the following <u>by cob today</u>:

Mr. Hugh Cheetham
Senior Counsel, Trade Law Bureau (JLT)
Government of Canada
FAX: 613-944-3213

Mr. Jeff Weiss
Associate General Counsel
Office of the U.S. Trade Representative (USTR)
FAX: 202-395-3640

Please also send a signed original of your signature page by regular mail to each of the following:

1/30/2007

DFAIT/MAECI
Trade Law Bureau/
Direction générale du droit commercial international
125 Sussex Drive
Ottawa, ON K1A 0G2
CANADA
ATTN: Mr. Hugh Cheetham

Office of the United States Trade Representative
600 17th Street, N.W.
Washington, D.C. 20008
ATTN: Mr. Jeff Weiss

Please give me a call if you have any questions.
Many thanks, Jean



M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel  202-682-7217
Fax  202-682-7215
jean.anderson@weil.com

< END >

< END >

< END >

---

**The information contained in this**
**email message is intended only for use of the individual or entity**
**named above. If the reader of this message is not the intended**
**recipient, or the employee or agent responsible to deliver it to**
**the intended recipient, you are hereby notified that any**
**dissemination, distribution or copying of this communication is**
**strictly prohibited. If you have received this communication in**
**error, please immediately notify us by email (postmaster@weil.com),**
**and destroy the original message. Thank you**

1/30/2007

## SETTLEMENT OF CLAIMS AGREEMENT

1.  On the Effective Date of the Softwood Lumber Agreement 2006, this Settlement of Claims Agreement (Claims Settlement Agreement) will constitute a full and complete settlement of the claims asserted in the actions referenced in this paragraph. On the Effective Date, Canada and the United States shall file a joint stipulation of dismissal of Canada's complaint in *Canada v. United States* (Ct. No. 05-00033 (CIT)). Further, on the Effective Date:

> The United States and Tembec Inc. and its affiliates shall file a joint stipulation of dismissal in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia));

> the United States shall withdraw its request for an Extraordinary Challenge in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA; and

> Canfor Corporation shall withdraw its claim against the United States in *The Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America.*

2.  In addition, on the Effective Date, Canada and the United States shall seek to dismiss the following actions:

> *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02;

> *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein; and

> *Coalition for Fair Lumber Imports Executive Committee v. United States (Civil Action No. 05-1366 (D.C. Cir.)).*

3.  The United States shall ensure that the following actions are taken:

    (a)  On the Effective Date, the U.S. Department of Commerce ("USDOC") shall retroactively revoke the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

    (b)  On the Effective Date, USDOC shall terminate all USDOC proceedings related to the Orders; and

    (c)  No later than 3 days after the Effective Date, to the extent that USDOC is not enjoined against providing for liquidation, USDOC shall provide the instructions in Annex 3A of the SLA 2006 to U.S. Customs and Border Protection to cease collecting cash deposits and to liquidate entries covered by the Orders described in subparagraph 3(a) without regard to antidumping or countervailing duties and to pay interest in accordance with section 778 of the Tariff Act of 1930, as amended.

4.  Following the Effective Date, Canada and the United States shall continue to seek modification or clarification of the injunctions in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) such that the underlying entries may be liquidated without regard to antidumping and countervailing duties. To the extent that USDOC is not enjoined against providing for liquidation, USDOC shall provide the instructions in Annex 3B of the SLA 2006, as amended, to USCBP at such time as the U.S. Court of International Trade modifies or clarifies the injunctions against liquidation issued in *West*

*Fraser v. United States* to permit the United States to liquidate entries covered by the first AD administrative review, the liquidation of which had been enjoined.

5. As promptly as possible after the Effective Date, Canada and the United States shall file joint motions to dismiss the following actions, if they have not been dismissed already, on the grounds of mootness:

> *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01; and

> *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)).

6. For purposes of paragraphs 7 through 10, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as an "action referenced in this Claims Settlement Agreement".

7. Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as any action referenced in this Claims Settlement Agreement that are filed before the date of entry into force of the SLA 2006.

8. No party to this Claims Settlement Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to any action referenced in this Claims Settlement Agreement.

9. This Claims Settlement Agreement is without prejudice to the position of any party to this Claims Settlement Agreement on any issue in any action referenced in this Claims Settlement Agreement.

10. Each party to this Claims Settlement Agreement shall not re-file any of the actions that are referenced in paragraph 1 of this Claims Settlement Agreement.

11. This Claims Settlement Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

12. This Claims Settlement Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

13. As evidence of their consent to this Claims Settlement Agreement, the parties, through their duly authorized Representatives, have signed below.

14. This Claims Settlement Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Claims Settlement Agreement.


**By:** _____  **Dated:** _____, **2006**
M. Jean Anderson
Weil, Gotshal & Manges, LLP
1300 Eye Street, NW.
Suite 900
Washington, DC 20005

Counsel for the Government of Canada in all the referenced proceedings other than *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia)) and the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*

By: _____ Dated: _____, 2006  
**Seth P. Waxman**  
Wilmer, Cutler, Pickering, Hale & Dorr, LLP  
1875 Pennsylvania Avenue, NW.  
Washington, DC 20006-3642  

Counsel for the Government of Canada in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))  


By: _____ Dated: _____, 2006  
**Reginald T. Blades, Jr.**  
U.S. Department of Justice  
Commercial Litigation Branch - Civil Division  
1100 L Street, NW.  
8th Floor  
Washington, DC 20530  

Counsel for the United States in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) and the cases consolidated therein  


By: _____ Dated: _____, 2006  
**Stephen C. Tosini**  
U.S. Department of Justice  
Commercial Litigation Branch - Civil Division  
1100 L Street, NW.  
Room 12020  
Washington, DC 20530  

Counsel for the United States in *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein

By: _____ Dated: _____, 2006
**Alexander Kenneth Haas**
U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))


By: _____ Dated: _____, 2006
**Douglas N. Letter**
Litigation Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue N.W.
Room 7513
Washington, D.C. 20530-0001

Counsel for the United States in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))


By: _____ Dated: _____, 2006
**John D. McInerney**
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

Counsel for United States Department of Commerce in *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02; *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03; *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01


By: _____ Dated: _____, 2006
**Andrea J. Menaker**
Chief, NAFTA Arbitration Division
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

Counsel for the United States with respect to the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
**William Busis**
Office of the United States Trade Representative
600 – 17th Street, N.W.
Washington, D.C. 20508

Counsel for the United States in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA

4

By: _____ Dated: _____, 2006
**Elliot J. Feldman**
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

Counsel for Tembec Inc. and its affiliates


By: _____ Dated: _____, 2006
**P. John Landry**
DAVIS & COMPANY
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
**Keith E.W. Mitchell**
Harris and Company
14 Floor Bentall 5, 550 Burrard
Vancouver, British Columbia
V6C 2B5

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
**B. Thomas Peele, III**
Baker & McKenzie, LLP
815 Connecticut Avenue, NW.
Suite 900
Washington, DC 20006-4078

Counsel for Canadian Forest Products Ltd., Canfor Corporation and its affiliates, Canfor Wood Products Marketing Ltd.

## SETTLEMENT OF CLAIMS AGREEMENT

1.  ~~This~~<ins>On the Effective Date of the Softwood Lumber Agreement 2006, this</ins> Settlement of Claims Agreement (Claims Settlement Agreement) ~~is~~<ins>will constitute</ins> a full and complete settlement of the claims asserted in the actions referenced in this paragraph. On the Effective Date, Canada and the United States shall file a joint stipulation of dismissal of Canada's complaint in *Canada v. United States* (Ct. No. 05-00033 (CIT)). Further, on the Effective Date:

> The United States and Tembec Inc. and its affiliates shall file a joint stipulation of dismissal in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia));

> the United States shall withdraw its request for an Extraordinary Challenge in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA; and

> Canfor Corporation shall withdraw its claim against the United States in *The Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America.*

2.  In addition, on the Effective Date, Canada and the United States shall seek to dismiss the following actions:

> *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02;

> *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein; and

> *Coalition for Fair Lumber Imports Executive Committee v. United States (Civil Action No. 05-1366 (D.C. Cir.)).*

3.  The United States shall ensure that the following actions are taken:

    (a) On the Effective Date, the U.S. Department of Commerce ("USDOC") shall retroactively revoke the Countervailing Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,070 (May 22, 2002), as amended, and the Antidumping Duty Order regarding Certain Softwood Lumber from Canada, 67 Fed. Reg. 36,068 (May 22, 2002), as amended (the "Orders"), in their entirety as of May 22, 2002 without the possibility that they could be reinstated;

    (b) On the Effective Date, USDOC shall terminate all USDOC proceedings related to the Orders; and

    (c) No later than 3 days after the Effective Date, to the extent that USDOC is not enjoined against providing for liquidation, USDOC shall provide the instructions in Annex 3A of the SLA 2006 to U.S. Customs and Border Protection to cease collecting cash deposits and to liquidate entries covered by the Orders described in subparagraph 3(a) without regard to antidumping or countervailing duties and to pay interest in accordance with section 778 of the Tariff Act of 1930, as amended.

4. Following the Effective Date, Canada and the United States shall continue to seek modification or clarification of the injunctions in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) such that the underlying entries may be liquidated without regard to antidumping and countervailing duties. To the extent that USDOC is not enjoined against providing for liquidation, USDOC shall provide the instructions in Annex 3B of the SLA 2006, as amended, to USCBP at such time as the U.S. Court of International Trade modifies or clarifies the injunctions against liquidation issued in *West Fraser v. United States* to permit the United States to liquidate entries covered by the first AD administrative review, the liquidation of which had been enjoined.

5. As promptly as possible after the Effective Date, Canada and the United States shall file joint motions to dismiss the following actions, if they have not been dismissed ~~for mootness~~ already, on the grounds of mootness:

    *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01; and

    *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)).

6. For purposes of paragraphs ~~8~~7 through ~~11~~10, *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03 shall be treated in the same manner as an "action referenced in ~~...~~ this Claims Settlement Agreement".

7. Canada and the United States shall request dismissal of any new lawsuits concerning the same subject matter as any action referenced in this Claims Settlement Agreement that are filed before the date of entry into force of the SLA 2006.

8. No party to this Claims Settlement Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to any action referenced in this Claims Settlement Agreement.

9. This Claims Settlement Agreement is without prejudice to the position of any party to this Claims Settlement Agreement on any issue in any action referenced in this Claims Settlement Agreement.

10. Each party to this Claims Settlement Agreement shall not re-file any of the actions that are referenced in paragraph 1 of this Claims Settlement Agreement.

11. This Claims Settlement Agreement may not be altered, amended, modified, or otherwise changed other than through the written agreement of all parties hereto.

12. This Claims Settlement Agreement shall bind the parties, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, successors, and assigns.

13. As evidence of their consent to this Claims Settlement Agreement, the parties, through their duly authorized Representatives, have signed below.

14. This Claims Settlement Agreement may be executed in counterparts, each one of which shall be deemed an original and all of which together shall constitute one and the same Claims Settlement Agreement.

By: _____ Dated: _____, 2006
**M. Jean Anderson**
Weil, Gotshal & Manges, LLP
1300 Eye Street, NW.
Suite 900
Washington, DC 20005

Counsel for the Government of Canada in all the referenced proceedings other than *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia)) and the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
**Seth P. Waxman**
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW.
Washington, DC 20006-3642

Counsel for the Government of Canada in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))


By: _____ Dated: _____, 2006
**Reginald T. Blades, Jr.**
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
8th Floor
Washington, DC 20530

Counsel for the United States in *West Fraser v. United States* (Consol. Ct. No. 05-00079 (CIT)) and the cases consolidated therein


By: _____ Dated: _____, 2006
**Stephen C. Tosini**
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
Room 12020
Washington, DC 20530

Counsel for the United States in *Tembec v. United States* (Consol. Ct. No. 05-00028 (CIT)) and the cases consolidated therein

By: _____ Dated: _____, 2006
**Alexander Kenneth Haas**
U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.

Counsel for the United States in *Tembec et al. v. United States* (Civil Action No. 05-2345 (U.S. District Ct. for the District of Columbia))


By: _____ Dated: _____, 2006
**Douglas N. Letter**
Litigation Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue N.W.
Room 7513
Washington, D.C. 20530-0001

Counsel for the United States in *Coalition for Fair Lumber Imports Executive Committee v. United States* (Civil Action No. 05-1366 (D.C. Cir.))


By: _____ Dated: _____, 2006
**John D. McInerney**
U.S. Department of Commerce
14th & Constitution Avenue, N.W.
Room 3622
Washington, D.C. 20230

Counsel for United States Department of Commerce in *Certain Softwood Lumber Products from Canada (Original AD Investigation)*, Secretariat File No. USA-CDA-2002-1904-02; *Certain Softwood Lumber Products from Canada (Original CVD Investigation)*, Secretariat File No. USA-CDA-2002-1904-03; *Certain Softwood Lumber Products from Canada (CVD 1st Administrative Review)*, Secretariat File No. USA-CDA-2005-1904-01


By: _____ Dated: _____, 2006
**Andrea J. Menaker**
Chief, NAFTA Arbitration Division
Office of the Legal Adviser
U.S. Department of State
Washington, D.C.

Counsel for the United States with respect to the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*


By: _____ Dated: _____, 2006
**William Busis**
Office of the United States Trade Representative
600 – 17th Street, N.W.
Washington, D.C. 20508

Counsel for the United States in *Certain Softwood Lumber Products from Canada*, Secretariat File No. ECC-2006-1904-01USA

By: _____ Dated: _____, 2006
**Elliot J. Feldman**
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW.
Washington, DC 20036-5304

Counsel for Tembec Inc. and its affiliates

By: _____ Dated: _____, 2006
**P. John Landry**
DAVIS & COMPANY
2800-666 Burrard Street
Vancouver, British Columbia
V6C 2Z7

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*

By: _____ Dated: _____, 2006
**Keith E.W. Mitchell**
Harris and Company
14 Floor Bentall 5, 550 Burrard
Vancouver, British Columbia
V6C 2B5

Counsel for Canfor Corporation in the *Consolidated Arbitration Pursuant to Article 1126 of the North American Free Trade Agreement (NAFTA) and the UNCITRAL Arbitration Rules between Canfor Corporation v. United States of America and Terminal Forest Products Ltd. v. United States of America*

By: _____ Dated: _____, 2006
**B. Thomas Peele, III**
Baker & McKenzie, LLP
815 Connecticut Avenue, NW.
Suite 900
Washington, DC 20006-4078

Counsel for Canadian Forest Products Ltd., Canfor Corporation and its affiliates, Canfor Wood Products Marketing Ltd.

| | |
|---|---|
| From: | Feldman, Elliot |
| Sent: | Wednesday, October 11, 2006 6:20 PM |
| To: | 'jean.anderson@weil.com' |
| Cc: | 'john_landry@davis.ca'; 'kmitchell@harrisco.com'; 'seth.waxman@wilmerhale.com'; 'Thomas.peele@bakernet.com' |
| Subject: | RE: Settlement of Claims Agreement for Signature Today |

We will look at the document now, but perhaps you could send us an e-mail with a more detailed response to our queries.

-----Original Message-----
From: jean.anderson@weil.com [mailto:jean.anderson@weil.com]
Sent: Wednesday, October 11, 2006 6:18 PM
To: Feldman, Elliot
Cc: john_landry@davis.ca; kmitchell@harrisco.com; seth.waxman@wilmerhale.com; Thomas.peele@bakernet.com
Subject: RE: Settlement of Claims Agreement for Signature Today


Elliot -- the final document, with a redline, have been sent to you. We do need signatures today. You (and everyone else) should feel free to call me with any questions. Jeanie

M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel 202-682-7217
Fax 202-682-7215
jean.anderson@weil.com

< END >

**The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you**

1/30/2007

**From:** Feldman, Elliot
**Sent:** Wednesday, October 11, 2006 6:46 PM
**To:** 'jean.anderson@weil.com'; 'john_landry@davis.ca'; 'kmitchell@harrisco.com'; 'Thomas.peele@bakernet.com'; 'seth.waxman@wilmerhale.com'
**Subject:** RE: Settlement of Claims Agreement for Signature Today

It appears to us that the "without pejudice" clause does not apply to the CVD case in the termination agreements. Signature here, therefore, would make Tembec and Canfor uniquely responsible for asserting the right of the United States to claim subsidies against Canada. It is less than apparent to us why Canfor and Tembec should be obliged to make that statement. Do you not think you should adjust the draft? Paragraph 6 might read, "For purposes of paragraphs 7, 8, and 10," instead of, "7-10." The cross-reference would then be consistent with the Termination of Litigation provisions of the Softwood Lumber Agreement, which in your draft, it is not.

-----Original Message-----
**From:** jean.anderson@weil.com [mailto:jean.anderson@weil.com]
**Sent:** Wednesday, October 11, 2006 6:16 PM
**To:** john_landry@davis.ca; kmitchell@harrisco.com; Thomas.peele@bakernet.com; Feldman, Elliot; seth.waxman@wilmerhale.com
**Subject:** Settlement of Claims Agreement for Signature Today

Attached is the final Settlement of Claims Agreement. A redline is attached so that you can see the changes. It is very important that signature pages be received by the Government of Canada and the U.S. Government today. Could you please confirm to me that this is possible? Many thanks, Jean

M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel 202-682-7217
Fax 202-682-7215
jean.anderson@weil.com

---

All -- please hold off on sending signatures as well will be circulating a corrected version of the Agreement shortly. Apologies. Jeanie

M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel 202-682-7217
Fax 202-682-7215
jean.anderson@weil.com

---

All -- Attached is the Settlement of Claims Agreement that must be signed by the designated signatories before the SLA 2006 enters into force. As you know, that is expected to occur tomorrow, October 12. Consequently, signatures to the Settlement of Claims Agreement are needed today. As you undoubtedly know from your clients, in conversations with International Trade Canada, your clients have indicated their willingness to have this document signed on their behalf.

Please sign the Agreement in duplicate, and fax a signature page to each of the following by cob today:

1/30/2007

Mr. Hugh Cheetham
Senior Counsel, Trade Law Bureau (JLT)
Government of Canada
FAX: 613-944-3213

Mr. Jeff Weiss
Associate General Counsel
Office of the U.S. Trade Representative (USTR)
FAX: 202-395-3640

Please also send a signed original of your signature page by regular mail to each of the following:

DFAIT/MAECI
Trade Law Bureau/
Direction générale du droit commercial international
125 Sussex Drive
Ottawa, ON K1A 0G2
CANADA
ATTN: Mr. Hugh Cheetham

Office of the United States Trade Representative
600 17th Street, N.W.
Washington, D.C. 20008
ATTN: Mr. Jeff Weiss

Please give me a call if you have any questions.
Many thanks, Jean


M. Jean Anderson
Weil Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Tel  202-682-7217
Fax  202-682-7215
jean.anderson@weil.com

< END >

< END >

< END >

---

**The information contained in this
email message is intended only for use of the individual or entity
named above. If the reader of this message is not the intended
recipient, or the employee or agent responsible to deliver it to
the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in
error, please immediately notify us by email (postmaster@weil.com),
and destroy the original message. Thank you**

1/30/2007