In the Consolidated Arbitration Pursuant to Article 1126
of the North American Free Trade Agreement (NAFTA)
and the UNCITRAL Arbitration Rules
between

CANFOR CORPORATION
v.
UNITED STATES OF AMERICA

TEMBEC *ET AL.*
v.
UNITED STATES OF AMERICA

AND

TERMINAL FOREST PRODUCTS LTD.
v.
UNITED STATES OF AMERICA

JOINT ORDER
ON THE
COSTS OF ARBITRATION
AND FOR THE
TERMINATION OF CERTAIN ARBITRAL PROCEEDINGS

Before the Arbitral Tribunal established under Article 1126 of the NAFTA and
comprised of:

Professor Armand L.C. de Mestral, Arbitrator
Davis R. Robinson, Esq., Arbitrator
Professor Albert Jan van den Berg, Presiding Arbitrator

Secretary of the Tribunal:
Mr. Gonzalo Flores, ICSID

Washington, D.C., 19 July 2007

I.  **INTRODUCTION**

1. To consider and decide on costs in international arbitration is a relatively simple exercise. Not so in this case. The controversy between Claimant Tembec, Inc., Tembec Investments, Inc., and Tembec Industries, Inc. (together, "Tembec") and Respondent United States of America (the "United States") over the allocation of costs has consumed unusual amounts of time and energy, not only by the two parties but by the Tribunal as well.

2. The allocation of costs as between Claimants Canfor Corporation ("Canfor") and Terminal Forest Products Ltd. ("Terminal") and Respondent United States, on the other hand, is a more mundane affair not only because of the express terms of the 12 October 2006 Softwood Lumber Agreement between the Governments of Canada and the United States and an annex thereto but also because of the actions subsequently taken by Canfor, Terminal and the United States, all as more fully explained in this Joint Order.

3. The costs debate between Tembec and the United States has required not less than four rounds of written submissions, a questionnaire of the Tribunal with more than twenty-five questions, answers by these two parties to those questions, and a separate hearing on the subject. That extensive pleading between the two may seem surprising in light of the amount of legal costs claimed by the United States: to wit, some US$ 150,000 (not including reimbursement of its advances on costs). This amount may be contrasted with the US$ 242 million that was paid to Tembec within less than three weeks after the Softwood Lumber Agreement entered into force on 12 October 2006. However, the United States submits that this contentious issue between Tembec and the United States constitutes a matter of principle: the United States argues that it is entitled to costs "because Tembec abandoned its claim on the eve of the jurisdictional hearing . . . ," and that the failure to award costs in favour of the United States under the circumstances

4

    "would open the door to abusive tactics by future Chapter Eleven claimants."[1] The issue also involves grave accusations by these two parties against each other. The United States contends that Tembec has misled the Tribunal, while Tembec asserts misrepresentation, undue influence, duress, coercion, and bad faith by the United States. Those circumstances and accusations have thereby necessitated an order on costs of an extraordinary length.

4.  As an introductory matter, the Tribunal notes that, by its Order of 10 January 2006, the Tribunal terminated these NAFTA Article 1126 consolidated proceedings with respect to Claimant Tembec, save for the costs of arbitration, as further described herein. Thus, this final Joint Order of the Tribunal constitutes both (i) an order for the termination of the arbitral proceedings with respect to the other two Claimants, Canfor and Terminal, as well as with respect to the Respondent, the United States, and (ii) an order on the allocation of the costs of the consolidated arbitration with respect to the three Claimants and the Respondent.

II.  **RELEVANT COSTS PROVISIONS OF THE UNCITRAL ARBITRATION RULES**

5.  Before addressing the facts and procedure, it is useful to quote at the outset the relevant provisions contained in Articles 38 to 40 ("Costs") of the UNCITRAL Arbitration Rules:

> **Article 38**
>
> The arbitral tribunal shall fix the costs of arbitration in its award. The term "costs" includes only:
>
> (a) The fees of the arbitral tribunal to be stated separately as to each arbitrator and to be fixed by the tribunal itself in accordance with article 39;

---

[1] United States submission of 4 December 2006 at p. 10.

20. Paragraph 5 of the TLA provided:

> No party to this Termination Agreement shall seek to hold any other party liable to pay its costs and expenses of litigation relating to the Covered Actions.

21. In the letter of 8 September 2006, the recipients were asked to do, *inter alia*, the following:

> You are either counsel for, or an authorized representative of, one or more parties or participants to one or more Covered Actions. The TLA, two copies of which are enclosed, therefore provides a designated line for your signature. We ask that you indicate you client's (or clients') agreement to the termination of the actions to which they are a party by signing and dating, on the line above your name, each copy of the TLA and returning your signature pages to the Government of Canada and the Government of the United States. (In accordance with paragraph 12 of the TLA, it is being signed in counterpart.)

22. On 12 September 2006, Canada and the United States executed the SLA 2006.[13] As mentioned above, Article II ("Entry into force") provided in relevant part:

> 1. The SLA 2006 shall enter into force on a date designated by the Parties in an exchange of letters (the "Effective Date"). The exchange of letters shall confirm that:
>
> (a) the Termination of Litigation Agreement in Annex 2A has been signed:
>
> (i) by counsel on behalf of all represented parties and participants to the actions set out in the Termination Agreement, and
>
> (ii) by authorized representatives of any unrepresented parties or participants to the actions set out in the Termination Agreement;

---

[13] Annex (i) to the Unites States' letter to the Tribunal of 16 November 2006; *see* ¶ 60 *infra*. Available online at: http://www.international.gc.ca/eicb/softwood/pdfs/SLA-en.pdf.

## XII. DECISIONS

For the foregoing reasons, the Tribunal renders the following decisions:

(1) TERMINATES (i) the present proceedings with respect to Canfor, Terminal and the United States, and (ii) the proceedings with respect to Tembec insofar as costs are concerned, the latter proceedings having already been terminated in all other respects by the Tribunal's Termination Order of 10 January 2006;

(2) DETERMINES that Canfor, Terminal and the United States bear their own costs pursuant to their respective agreements;

(3) DETERMINES that Tembec shall have to bear the costs of arbitration referred to in Articles 38 and 39 of the UNCITRAL Arbitration Rules insofar as it concerns the NAFTA Article 1120 and Article 1126 proceedings between it and the United States;

(4) NOTES that the fees and expenses of the Article 1120 Tribunal in *Canfor*, which amount to US$ 372,623.25, and the fees and expenses of the Article 1120 Tribunal in *Tembec* and ICSID's administrative charges in the latter proceedings, which amount to US$ 34,329.15, have been paid out of the advances made by Canfor, Tembec and the United States, the surplus having been refunded to Canfor, Tembec and the United States;

(5) NOTES that the fees and expenses of the Article 1126 Tribunal and the administrative charges of ICSID, which amount to US$ 995,509.59, have been paid out of the advances made by Canfor, Tembec, Terminal and the United States, the surplus of which (US$ 4,490.41) shall be refunded by ICSID to Canfor (20%), Tembec (10%), Terminal (20%) and the United States (50%);

(6) NOTES that Canfor, Terminal and the United States have advanced more than their respective share of such costs as determined in this Joint Order with respect to all parties, to the effect that Tembec owes Canfor and Terminal US$ 32,628.15 each and the United States US$ 164,807.25;

(7) ORDERS Tembec to pay Canfor and Terminal US$ 32,628.15 each for the costs referred to in Decision (6) above, within 15 (fifteen) days after the date of notification of this Joint Order; and

(8) ORDERS Tembec to pay the United States US$ 271,844.24, which amount comprises US$ 12,316.31 for the NAFTA Article 1120 proceedings, US$ 94,720.68 for legal costs in both the Article 1120 and the Article 1126 proceedings and US$ 164,807.25 for the costs referred to in Decision (6) above, within 15 (fifteen) days after the date of notification of this Joint Order.

Made in Washington, D.C., this 19th of July 2007,

THE TRIBUNAL:

_____[s]_____  
Professor Armand L.C. de Mestral  
Arbitrator

_____[s]_____  
Davis R. Robinson, Esq.  
Arbitrator

_____[s]_____  
Professor Albert Jan van den Berg  
Presiding Arbitrator